**Westbrook Murphy**
06/25/2001 02:50 PM

To: Ethics Office@Americas-US
cc:
Subject: Report of alleged ethics violation

Attached for investgation and appropriate resolution is a report of an apparent nonconformance by PwC to its own ethics code.

If you have any questions, you may reach me by Lotus Notes or at 202-414-4301.

Ethics Memo 01.doc

PRICEWATERHOUSECOOPERS

# Memo

To: Ethics & Business Conduct Office

From: Westbrook Murphy

Date: 25 June 2001

Subject: Report of Alleged Ethics Violation

This memo is to call to your attention an apparent nonconformance by PricewaterhouseCoopers LLP ("PwC") with PwC's own ethical standards.

The first "broad principle of behavior" noted in PwC's own "Code of Conduct" is to "be law abiding. . . members of all our communities—local and global." The PwC "Code of Conduct" also exhorts each of us at PwC to "***Conduct all work and business affairs*** lawfully. . . ."

More specially, the PwC "Code of Conduct" states:

> PricewaterhouseCoopers is committed to the principle of equality in employment. It is our policy to protect the employment opportunities of individuals who are members of particular groups protected under applicable federal, state, or local laws and to base personnel decisions upon individual merit and capabilities. In pursuit of this policy, staff members are engaged without regard to. . . age. . . or any other status protected by law. This policy applies to. . . promotions, . . . compensation, and all other terms, conditions, and privileges of employment.

I understand that the PwC partnership agreement requires a PwC partner or principal to retire on the June 30th following his or her 60th birthday. This provision means that no employee aged 60 or older is considered for admission to partnership.

Failure to consider an older employee for partnership violates the Age Discrimination in Employment Act. That Act makes it unlawful for PwC to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. 623.

It long has been settled that consideration for admission to partnership is a "term, condition, or privilege of employment" within the meaning of the U.S. civil rights laws. A unanimous United States Supreme Court expressly decided this issue seventeen years ago. *Hishon v. King & Spalding*, 467 U.S. 69 (1984). Moreover, the Supreme Court in 1989 specifically applied this ruling to Price Waterhouse, noting that: "Decisions

PRICEWATERHOUSECOOPERS

pertaining to advancement to partnership are, of course, subject to challenge under Title VII [of the Civil Rights Act]. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 233 n. 1 (1989).

When, as here, an apparent violation of law and of PwC's own "Code of Conduct" cannot be resolved locally[1], the Code instructs us to "report suspected violations to the PwC Ethics & Business Conduct Office." The Code further directs PwC employees:

> *If you know or suspect any illegal, unethical or fraudulent act anywhere within PricewaterhouseCoopers, you should . . notify. . . the Ethics & Business Conduct Office.*

I note that the "Code of Conduct" also provides that:

> The Code is a very democratic document. It applies equally to PricewaterhouseCoopers people at every level. And actions inconsistent with its requirements will be dealt with accordingly.
>
> * * * *
>
> Those who violate the Code or other firm policies and procedures may be subject to disciplinary action, up to and including termination. In addition, disciplinary measures will apply to anyone who directs or approves infractions or has knowledge of them and does not move promptly to correct them in accordance with firm policies.
>
> * * * *
>
> The firm is committed to proper resolution of all issues raised, and will escalate serious or complex matters to the appropriate management levels, including the Office of the Chairman.

I understand that PwC's Ethics & Business Conduct Office "will coordinate the investigation and resolution of [this] alleged violation" of the "Code of Conduct." Please keep me advised of the status of your investigation.

---

[1] In March, 2001, I filed charge of age discrimination with the District of Columbia Office of Human Rights, and gave a copy of this charge both to my managing partner and to the managing partner of my office. They apparently have been unable to effect the change needed to conform PwC's partnership agreement to the requirements of the Age Discrimination in Employment Act.

PRICEWATERHOUSECOOPERS

Memo

To: File

From: Westbrook Murphy

Date: February 20, 2002

Subject: Ethics Report

On June 25, 2001, I sent to PwC's Office of Ethics and Business Conduct ("Ethics Office") a report alleging that the mandatory retirement age of 60 found in PwC's partnership agreement violated both the Age Discrimination in Employment Act and PwC's own Code of Conduct. A copy of that report is attached for convenient reference.

In mid-September, 2001, Lisa Codega of PwC's Office called to inform me of the disposition of this alleged violation. We had a polite, even pleasant, conversation.

Ms. Codega told me that the Ethics Office had completed its investigation, and would take no action. She said that PwC had valid business reasons for its mandatory retirement policy, and that neither she nor anyone else in the Ethics Office had legal training. Thus, the Ethics Office must rely on PwC's Office of General Counsel for determinations about the lawfulness of the mandatory retirement age.

She asked what, if anything, the Ethics Office could do for me. I responded that I already had filed a compliant with the D.C. Office of Human Rights, and was able to look after myself. The more important question appeared to be what the Ethics Office could do for PwC. The firm had a real problem to address of non-compliance with the age discrimination laws. PwC's Office of General Counsel was representing the firm in opposing my discrimination complaint, and thus might not be objective in advising the Ethics Office. The Ethics Office might be well sserved to seek independent counsel to advise both the Ethics Office and PwC about the lawfulness of its mandatory retirement age.