

 **Westbrook Murphy**  
04/05/2002 08:51 PM

To: Toni L. Riccardi/US/INF/PwC@Americas-US  
cc:  
Subject: Age discrimination

As PwC's Chief Diversity Officer you know that Sam DiPiazza's article in last Fall's Diversity Journal stated in part—

"At PricewaterhouseCoopers we believe that promoting diversity is absolutely essential to the continued success of our firm. . . . Much more than a required program or superficial values statement, diversity is a real strategic advantage—one that must be fully embraced by companies preparing for a successful future."

PwC fails in an important area of diversity—except in the rarest of circumstances, PwC has no partners older than 60. In fact, PwC almost never considers for promotion to partnership any employee older than 40.

This policy openly discriminates against older employees, and deprives the partnership from being able to take full advantage of their wisdom, experience, and reputation among clients and others in the marketplace.

This openly acknowleged age discrimination not only is an unwise employement policy for the very reasons cited in Sam's article, it also is illegal—as explained more fully the attached note to Bob Daugherty. Indeed, PwC's manadatory retirement age may be illegal on its face not only for PwC employees, but also for the majority of PwC partners who have so little say in the firm's management that even as nominal "partners" they enjoy the protections of the state and federal civil rights laws that prohibit employment discrimination. In *Simpson v. Ernst & Young*, 100 F.3rd 436 (6th Cir. 1996), one of the judges explained:

> "In an era of small, closely-operated partnerships, it may have been logical to conclude that an employer/partner could not and would not discriminate in employment decisions against himself or herself or against a close friend and business associate. In a world-wide organization. . . that employs almost 2200 'partners,' however, the nominal co-owners of the company are, by necessity, so far removed from the seat of actual power as to be subject to the reach of the invidious acts that employment discrimination statutes seek to remedy."

As Chief Diversity Officer you must be as disturbed as I and many of my older colleagues at PwC's discriminatory empoyment and partnership admission practices. I urge you to join us in trying change PwC's superficial values statement about nondiscrimination in employment (as found in the PwC Code of Conduct) into a reality—as urged in Sam DiPiazza's article.

---------- Forwarded by Westbrook Murphy/US/ABAS/PwC on 04/05/2002 08:20 PM ----------

 **Westbrook Murphy**  
04/05/2002 08:19 PM

To: Bob J. Daugherty  
cc:  
Subject: Re: Thanks . . . and what's coming in April

Thank you for your note expressing your hope for PricewaterhouseCoopers to become "a truly great workplace," and promising share with us "information. . . about what a 'great workplace' means, why it's important and what our next steps will be."

PwC is not "a truly great workplace" for me or for other older PwC employees. We are discriminated against solely because of our age. This age-based discrimination is just as invidious--and just as illegal--as would be employment discrimination against African-Americans, or women, or followers of a particular religious faith. In addressing issues of workplace discrimination, "There is no reason to differentiate between age discrimination claimants and members of other protected groups. . . ." *Daka, Inc. v. Breiner*, 711 A. 2nd 86 (D.C. 1998).

Thus, I hope that your promised "next steps" will address and alter the employment practices--including those found in the PwC partnership agreement--that create this age-based discrimination.

What practices am I talking about?

The PwC partnership agreement requires a PwC partner or principal to retire on the June 30th following his or her 60th birthday. This provision means that no employee aged 60 or older is considered for admission to partnership.

Additionally, the partner's retirement plan requires 5 years of service to vest, so that no one admitted to partnership after his or her 55 birthday could have a vested partnership retirement benefit. Because of these impediments, PwC rarely (if ever) considers any employee aged 50 or older for admission to partnership.

These discriminatory practices mean that PwC cannot be a "great workplace" for an older employee. Moreover, they are illegal and contrary to PwC's own written Code of Conduct.

Failure to consider an older employee for partnership violates the federal Age Discrimination in Employment Act ("ADEA"). That Act makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623. The District of Columbia (where I work), like most states, has an analogous law (the D.C. Human Rights Act) prohibiting age discrimination. D.C. Code §2-1402.11.

It long has been settled that consideration for admission to partnership is a "term, condition, or privilege of employment" within the meaning of the civil rights laws. A unanimous United States Supreme Court expressly decided this issue eighteen years ago. *Hishon v. King & Spalding*, 467 U.S. 69 (1984). Moreover, the Supreme Court in 1989 specifically applied this ruling to Price Waterhouse, noting that: "Decisions pertaining to advancement to partnership are, of course, subject to challenge" under the civil rights laws. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 233 n. 1 (1989).

PwC, therefore, may not refuse to consider an older employee for admission to partnership solely on the basis of age. Moreover, the D.C. Human Rights Act states that PwC's apparent preference for younger partners "cannot be justified by the facts of increased costs to the business, business efficiency, . . . [or] the stereotyped characterization of one group as opposed to another." D.C. Code §2-1401.3.

Age-based employment discrimination also contravenes PwC's own code of ethical conduct. PwC's Code of Conduct states:

> "PricewaterhouseCoopers is committed to the principle of equality in employment. It is our policy to protect the employment opportunities of individuals who are members of particular groups protected under applicable federal, state, or local laws and to base personnel decisions upon individual merit and capabilities. In pursuit of this policy, staff members are engaged without regard to. . . age. . . or any other status protected by law. This policy applies to. . . promotions, . . . compensation, and all other terms, conditions, and privileges of employment."

Bob Moritz and Tim Ryan (the leaders of the ABAS Financial Services and Banking practices) appear unable to settle my claims of employment discrimination without the need for litigation. But--however my individual issues are resolved--you and PwC need to address the employment discrimination that prevents PwC from becoming "a truly great place workplace."

Bob J. Daugherty

> Bob J. Daugherty
> 04/03/2002 10:36 AM

To: PwC US Partners & Staff
cc:
Subject: Thanks . . . and what's coming in April

**THIS MESSAGE IS FROM BOB DAUGHERTY, US HR LEADER**

This is a busy, extraordinary time for PwC people. So as we start April, I want to reach out to everyone with some words of appreciation, and also to share news about some firmwide activities that are planned in the weeks ahead.

First, thanks to all. Staying focused and on course right now is not an easy task. Yet you are doing just that. Headlines about the profession and its major firms may continue, but with every new day, you are helping build a stronger PricewaterhouseCoopers. The depth and breadth of our people is our most compelling marketplace advantage. The way you continue to rise to new challenges is sometimes amazing, and always makes us proud.

I also want to give you advance notice about some key initiatives planned soon. *You will receive more specific communications about each*, but knowing about them in a general way now should help you plan ahead. It's one of the ways we are trying to improve how we deliver anything that affects you as a member of the PwC family.

> **PwC Feedback Program deadline.** This x-LoS program was introduced in December. It's designed to give all of our people the opportunity to provide constructive feedback about management and leadership styles. It's also an important step toward our goal of building a meaningful developmental culture. Feedback forms for both upward and partner peer feedback, as well as self assessments, can be completed at any time through April 19. The program depends on your input, and your participation is appreciated.

**New Independence course.** Along with partners, client service directors and managers will be asked to complete a new course called "Independence: Scope of Services." It will be available through Lotus Notes and will take about two hours. This is part of our commitment to quality client service and is an especially critical activity for us to do well at this time.

**Becoming a Great Place to Work.** We want PricewaterhouseCoopers to be a truly great workplace, and to be recognized as such by being on the *Fortune* list of "100 Best Companies to Work for in America." This month, we'll be sharing information with you about what a "great workplace" means, why it's important and what our next steps will be.

**Reminder: Total Rewards program.** In December, we told you about changes to the compensation process. In the weeks ahead, you'll receive an update on our Total Rewards philosophy, with more detail about what you can expect in the coming months and how the timing and process changes will affect you.

**Staff surveys.** This month, all US partners and staff in ABAS, FAS, Tax and IFS will be asked to participate in one of two confidential surveys. Half of you (randomly chosen) will receive a Trust Index survey. This will give us benchmark information useful in our "great workplace" efforts. All those not randomly selected to participate in the Trust Index will receive a Pulse Survey. This will help us measure how we're doing against our HR strategy and goals. Thanks in advance for participating in whichever survey you receive.

Your time is valuable, and knowing what's coming might be of help to you. More complete information, with full detail about who to contact for your specific questions, will be a part of the fuller information for each activity.

Best regards,

Bob