

**Westbrook Murphy**
04/05/2002 08:19 PM

To: Bob J. Daugherty@Americas-US
cc:
Subject: Re: Thanks . . . and what's coming in April

Thank you for your note expressing your hope for PricewaterhouseCoopers to become "a truly great workplace," and promising share with us "information. . . about what a 'great workplace' means, why it's important and what our next steps will be."

PwC is not "a truly great workplace" for me or for other older PwC employees. We are discriminated against solely because of our age. This age-based discrimination is just as invidious--and just as illegal--as would be employment discrimination against African-Americans, or women, or followers of a particular religious faith. In addressing issues of workplace discrimination, "There is no reason to differentiate between age discrimination claimants and members of other protected groups. . . ." *Daka, Inc. v. Breiner*, 711 A. 2nd 86 (D.C. 1998).

Thus, I hope that your promised "next steps" will address and alter the employment practices--including those found in the PwC partnership agreement--that create this age-based discrimination.

What practices am I talking about?

The PwC partnership agreement requires a PwC partner or principal to retire on the June 30th following his or her 60th birthday. This provision means that no employee aged 60 or older is considered for admission to partnership.

Additionally, the partner's retirement plan requires 5 years of service to vest, so that no one admitted to partnership after his or her 55 birthday could have a vested partnership retirement benefit. Because of these impediments, PwC rarely (if ever) considers any employee aged 50 or older for admission to partnership.

These discriminatory practices mean that PwC cannot be a "great workplace" for an older employee. Moreover, they are illegal and contrary to PwC's own written Code of Conduct.

Failure to consider an older employee for partnership violates the federal Age Discrimination in Employment Act ("ADEA"). That Act makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623. The District of Columbia (where I work), like most states, has an analogous law (the D.C. Human Rights Act) prohibiting age discrimination. D.C. Code §2-1402.11.

It long has been settled that consideration for admission to partnership is a "term, condition, or privilege of employment" within the meaning of the civil rights laws. A unanimous United States Supreme Court expressly decided this issue eighteen years

ago. *Hishon v. King & Spalding*, 467 U.S. 69 (1984). Moreover, the Supreme Court in 1989 specifically applied this ruling to Price Waterhouse, noting that: "Decisions pertaining to advancement to partnership are, of course, subject to challenge" under the civil rights laws. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 233 n. 1 (1989).

PwC, therefore, may not refuse to consider an older employee for admission to partnership solely on the basis of age. Moreover, the D.C. Human Rights Act states that PwC's apparent preference for younger partners "cannot be justified by the facts of increased costs to the business, business efficiency, . . . [or] the stereotyped characterization of one group as opposed to another." D.C. Code §2-1401.3.

Age-based employment discrimination also contravenes PwC's own code of ethical conduct. PwC's Code of Conduct states:

> "PricewaterhouseCoopers is committed to the principle of equality in employment. It is our policy to protect the employment opportunities of individuals who are members of particular groups protected under applicable federal, state, or local laws and to base personnel decisions upon individual merit and capabilities. In pursuit of this policy, staff members are engaged without regard to. . . age. . . or any other status protected by law. This policy applies to. . . promotions, . . . compensation, and all other terms, conditions, and privileges of employment."

Bob Moritz and Tim Ryan (the leaders of the ABAS Financial Services and Banking practices) appear unable to settle my claims of employment discrimination without the need for litigation. But--however my individual issues are resolved--you and PwC need to address the employment discrimination that prevents PwC from becoming "a truly great place workplace."

Bob J. Daugherty

Bob J. Daugherty
04/03/2002 10:36 AM

To: PwC US Partners & Staff
cc:
Subject: Thanks . . . and what's coming in April

**THIS MESSAGE IS FROM BOB DAUGHERTY, US HR LEADER**

This is a busy, extraordinary time for PwC people. So as we start April, I want to reach out to everyone with some words of appreciation, and also to share news about some firmwide activities that are planned in the weeks ahead.

First, thanks to all. Staying focused and on course right now is not an easy task. Yet you are doing just that. Headlines about the profession and its major firms may continue, but with every new day, you are helping build a stronger PricewaterhouseCoopers. The depth and breadth of our people is our most compelling marketplace advantage. The way you continue to rise to new challenges is sometimes amazing, and always makes us proud.