UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. WESTBROOK MURPHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01054 (RJL) |
| | ) | |
| | ) | |
| | ) | |
| PRICEWATERHOUSECOOPERS, LLP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ANSWER**

Defendant PricewaterhouseCoopers LLP ("PwC"), by its attorneys, Winston & Strawn

LLP, answers the Complaint herein as follows:

1.    Denies the allegations contained in paragraph 1, except admits that plaintiff

purports to bring this action under the Age Discrimination in Employment Act ("ADEA") and

the District of Columbia Human Rights Act ("DCHRA"); admits that the Court has jurisdiction

over the claims asserted under the ADEA, and avers that the Court may decline to exercise

supplemental jurisdiction over the claims asserted under the DCHRA; and, admits that Civil

Action No. 02-00982 (RJL) (DAR) is currently pending in this Court.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2, except admits that plaintiff is employed by PwC with the

title of Managing Director.

3.    Denies the allegations contained in the first and second sentences of paragraph 3,

except admits that PwC was formed by the merger of Price Waterhouse LLP and Coopers &

Lybrand L.L.P. on July 1, 1998. Defendant further states that the allegations contained in the third sentence of paragraph 3 constitute conclusions of law as to which no response is required.

4.  Admits the allegations contained in paragraph 4.

5.  Denies the allegations contained in paragraph 5, except admits that PwC is a partnership formed by its Partners and Principals Agreement ("P&PA") and registered under the Delaware Revised Uniform Partnership Act, DEL. CODE ANN. tit. 6, § 15-101 *et seq.*, and has a Board of Partners and Principals as set forth in the P&PA.

6.  Denies the allegations contained in paragraph 6.

7.  Denies the allegations contained in paragraph 7, except admits that the P&PA sets forth certain rights and obligations of its partners and principals, as provided therein, and has no application to employees, including plaintiff herein; and avers that the provisions of Section 10.1 of the P&PA were adopted based on reasonable factors other than age.

8.  Denies the allegations contained in paragraph 8, except admits that PwC's fiscal year begins July 1, and that new partners and principals are admitted to the firm as of that date each year.

9.  Denies  the allegations contained in paragraph 9.

10.  Denies the allegations contained in paragraph 10.

11.  Denies the allegations contained in paragraph 11.

12.  Denies the allegations contained in paragraph 12, except admits that, since July 1, 1998, when PwC was formed by the merger of Price Waterhouse LLP and Coopers & Lybrand L.L.P., plaintiff has been employed in PwC's Regulatory Advisory Services practice group in Washington, D.C.

13.    Denies the allegations contained in paragraph 13.

14.    Denies the allegations contained in paragraph 14, except admits that plaintiff is currently employed with the title of Managing Director at PwC, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's educational and prior employment history.

15.    Denies the allegations contained in paragraph 15.

16.    Denies the allegations contained in paragraph 16, except admits that plaintiff has been employed with the title of Managing Director since the fall of 2004.

17.    Denies the allegations contained in paragraph 17.

18.    Denies the allegations contained in paragraph 18, except admits that PwC does not consider age as a factor in any employment decisions.

19.    Denies the allegations contained in paragraph 19.

20.    Denies the allegations contained in paragraph 20.

21.    Denies the allegations contained in paragraph 21, except admits that Jeff Lavine was admitted to the PwC partnership effective July 1, 2004.

22.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.    Denies the allegations contained in paragraph 23, except admits that the sole impact of Murphy's admission to the PwC partnership would be his immediate retirement.

24.    Denies the allegations contained in paragraph 24, except admits that no PwC employee age 60 or older has been admitted to the PwC partnership since July 1, 1998.

25.    Denies the allegations contained in paragraph 25.

26.    Denies the allegations contained in paragraph 26.

27.    Denies the allegations contained in paragraph 27.

28.    Denies the allegations contained in paragraph 28.

29.    Denies the allegations contained in paragraph 29.

30.    Denies the allegations contained in paragraph 30.

31.    Denies the allegations contained in paragraph 31.

32.    Denies the allegations contained in paragraph 32.

33.    States that the allegations of the first and second sentences of paragraph 33 constitute conclusions of law as to which no response is required, and denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 33.

34.    In response to paragraph 34, repeats and realleges paragraphs 1 through 33 hereof.

35.    Denies the allegations contained in paragraph 35.

36.    In response to paragraph 36, repeats and realleges paragraphs 1 through 33 hereof.

37.    Denies the allegations contained in paragraph 37.

## FIRST AFFIRMATIVE DEFENSE

38.    Substantially the same claims alleged in the Complaint herein are asserted by plaintiff in a pending action in this Court, entitled *C. Westbrook Murphy v. PricewaterhouseCoopers, LLP*, Civil Action No. 02-0982 (RJL/DAR).

## SECOND AFFIRMATIVE DEFENSE

39.    Plaintiff's non-admission as a principal is not an actionable adverse employment action.

4

## THIRD AFFIRMATIVE DEFENSE

40.    Plaintiff lacks standing to complain of the acts of discrimination alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

41.    The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations or filing periods.

## FIFTH AFFIRMATIVE DEFENSE

42.    The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

43.    The Complaint fails to allege claims or facts warranting an award of punitive damages.

WHEREFORE, defendant demands judgment dismissing the Complaint, with prejudice and on the merits, together with its costs and attorneys' fees incurred in this action, along with such other and further relief as the Court may deem just and proper.

Dated: July 15, 2005

WINSTON & STRAWN LLP

/s/ Thomas M. Buchanan
Thomas M. Buchanan, Esq. # 337907
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817
(202) 282-5000
Facsimile (202) 282-5100

Counsel for the Defendant
PricewaterhouseCoopers LLP

6