UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. WESTBROOK MURPHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01054 (RJL) |
| | ) | |
| | ) | |
| | ) | |
| PRICEWATERHOUSECOOPERS, LLP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

WINSTON & STRAWN LLP
1400 L Street, N.W.
Washington, D.C. 20005
(202) 371-5700

Attorneys for Defendant
PricewaterhouseCoopers LLP

## Preliminary Statement

This memorandum is submitted in support of the motion of defendant PricewaterhouseCoopers LLP ("PwC") for an Order staying all proceedings in this recently filed action, pending disposition of the remaining claims of the plaintiff, C. Westbrook Murphy ("Murphy"), in a previously filed action in this Court, entitled *C. Westbrook Murphy v. PricewaterhouseCoopers, LLP*, Civil Action No. 02-0982 (RJL/DAR) (the "Pending Action"). A classic situation warranting a stay on grounds of judicial economy is presented here: the claims asserted in this action are substantially the same as those remaining in the Pending Action, and are premised on an identical theory of liability, the viability of which is presently at issue on a fully submitted dispositive motion.

In both actions, Murphy purports to complain of his not being admitted as a partner of PwC because of his age (now 65). Murphy commenced the Pending Action against PwC and some twenty other defendants in or about May 2002. Following discovery and extensive motion practice, and a 38-page Memorandum Order and Opinion of this Court, Murphy's remaining claims against PwC for nonpromotion to partner in 2000 and 2001 are presently the subject of a fully submitted motion for summary judgment in the Pending Action. Rather than seeking leave to amend his complaint in the Pending Action, Murphy commenced this action to assert an essentially identical claim for nonpromotion to partner in 2004.

By Order dated November 22, 2004 (Exh. D, Docket No. 115), all further discovery was stayed in the Pending Action pending resolution of PwC's motion for summary judgment.[1] Shortly after the filing of PwC's dispositive motion in the Pending Action on February 4, 2005

---

[1] "Docket No." refers to entries on the Civil Docket in the Pending Action. "Exh." refers to exhibits annexed to the Declaration of Eric M. Nelson, Esq., dated July 15, 2005, submitted in support of this motion.

2

(Docket No. 119), Murphy filed another charge of discrimination with the EEOC and then withdrew that administrative charge to commence this action on or about May 26, 2005. The granting of PwC's pending motion for summary judgment -- on the ground that the denial of partnership status to Murphy is not an actionable "adverse employment action" -- would preclude Murphy from pursuing his claims in this action.

The filing of this action amounts to nothing more than a further ploy in Murphy's protracted campaign for leverage to achieve ulterior ends (*see* Exh. E, Docket No. 119, at 15-22). By commencing this separate action, Murphy seeks to revive the *in terrorem* impact of his previously dismissed class or collective claims, and to proceed with a redundant challenge to PwC's partner retirement provision, which, by its terms, has no application to employees. The viability of the latter claim, and Murphy's standing to assert it, are at issue on the motion for summary judgment in the Pending Action.

As demonstrated below, courts routinely exercise discretion to grant stays under the circumstances presented here, where a resolution of the pending motion in the Pending Action may be completely dispositive of the claims asserted in this action.

## Statement Of Facts

### A. The Pending Action

Murphy (along with co-plaintiff Harold Schuler) commenced the Pending Action in May 2002. The thrust of the complaint in that action is that Murphy (and Schuler) were denied admission as partners of PwC in the July 1999, 2000 and 2001 partner admission cycles because of their ages. The complaint asserted age discrimination claims, not only against PwC, but against its Board of Partners and Principals, and some twenty alleged members of that Board.

3

Murphy (and Schuler) also purported to assert their claims collectively, on behalf of a class of allegedly similarly situated PwC employees, on a pattern or practice theory of recovery.

On defendants' motions to dismiss and for partial summary judgment, this Court (Leon, J.), by Memorandum Order and Opinion dated September 27, 2004 (Exh. C, Docket No. 104), dismissed all claims against all defendants, except Murphy's individual claims of nonpromotion against PwC for July 2000 and July 2001 (and Schuler's claim for July 2001 only). The Court further ruled that the action could not be pursued collectively or on a pattern or practice theory.

The Court (Robinson, M.J.) thereafter ordered that all further discovery, except the completion of plaintiffs' depositions, be stayed pending resolution of PwC's then contemplated motion for summary judgment dismissing plaintiffs' remaining claims (Exh. D, Docket No. 115). Following the completion of those depositions, PwC filed its motion for summary judgment on February 4, 2005 (*see* Docket No. 119). The motion was fully submitted on April 15, 2005, and is presently *sub judice*.

### B.    The Instant Action

After reviewing PwC's dispositive motion in the Pending Action, and before filing his opposition to that motion, Murphy filed another charge of discrimination with the EEOC on March 4, 2005, purporting to complain of his non-admission as a partner in the July 1, 2004 partner admissions cycle. Murphy then withdrew that administrative charge, and filed this action on or about May 26, 2005. The action has been assigned to this Court (Leon, J.) as related to the Pending Action.

Murphy's complaint in this action is substantially the same as his complaint in the Pending Action, except that it purports to complain of Murphy's nonpromotion to partner in July

4

2004, while his remaining claims in the Pending Action challenge his nonpromotion to partner in July 2000 and July 2001. Both pleadings predicate Murphy's claims on PwC's retirement provision for partners, and both seek identical declaratory and injunctive relief and an order directing Murphy's promotion to partner.

PwC's pending motion for summary judgment squarely addresses the viability of Murphy's challenge to the partner retirement provision, and Murphy's standing to assert claims of nonpromotion to partner (Exh. F, Docket No. 125 at 17-21). As more fully set forth in that dispositive motion in the Pending Action, in light of the legality of PwC's retirement provision among partners, and in the absence of any evidence that it was adopted as a pretext for retaliation or a subterfuge for discrimination against Murphy or PwC employees generally, the sole impact of Murphy's admission as a partner would be his immediate retirement (*id.* at 18-19). Accordingly, Murphy's non-admission as a partner is not an actionable "adverse employment action" (*id.* at 17-21). Under such circumstances, Murphy is not "aggrieved" by an unlawful employment action, and lacks standing to complain of his nonpromotion to partner (*id.*).

The granting of PwC's motion for summary judgment on this ground would thus be dispositive of the claims asserted in Murphy's complaint in this action. In the interests of judicial economy, rather than re-asserting the identical grounds on a motion to dismiss the complaint in this action, PwC moves to stay the prosecution of this action pending resolution of PwC's motion for summary judgment in the Pending Action. As noted, the Court previously stayed further discovery in the Pending Action pending disposition of that motion (Exh. D, Docket No. 115).

5

Murphy chose to commence this new action in lieu of seeking leave to amend his complaint in the Pending Action. The complaint in this action alleges that it "preserves" Murphy's purported "right" to pursue his claims collectively on behalf of a class of allegedly "similarly situated" PwC employees, and makes only passing reference to the Pending Action (*see* Exh. A, ¶ 1). Hence, by the simple expedient of commencing a separate action, Murphy seeks not only to circumvent the discovery stay in the Pending Action, but to resurrect class and collective claims previously precluded in the Pending Action.[2]

## Argument

### THIS ACTION SHOULD BE STAYED PENDING DISPOSITION OF PwC'S MOTION FOR SUMMARY JUDGMENT IN THE PENDING ACTION

It is fundamental that a trial court has inherent power and broad discretion to stay proceedings in an action before it, pending the resolution of related independent proceedings (*Naegele v. Albers*, 355 F. Supp. 2d 129, 140 (D.D.C. 2005), citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (*id.*, quoting *Air Line Pilots Association v. Miller*, 523 U.S. 866, 879 n.6, 118 S. Ct. 1761 n.6, 140 L. Ed. 2d 1070 n.6 (1998)). Thus, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case" (*id.*, citation omitted). A stay of one lawsuit pending the outcome of another is especially appropriate where the parties and

---

[2] The impropriety of seeking to bring a class or collective action on claims initially asserted three years ago, which claims have been the subject of extensive discovery and substantive motion practice, is apparent, but beyond the scope of the instant motion for a stay of proceedings. The resolution of the dispositive motion in the Pending Action would likely moot the issues raised by Murphy's renewed attempt to proceed collectively.

issues in the two actions are the same (*NL Chemicals, Inc. v. Southern Clay Products, Inc.*, 704 F. Supp. 299, 300 (D.D.C. 1989), citing *American Life Insurance Co. v. Stewart*, 300 U.S. 203, 215, 57 S. Ct. 377, 380, 81 L. Ed. 605 (1937); *see Inverworld, Ltd. v. United States*, Civ. A. No. 93-1704-LFO, 1994 WL 90339, *1 (D.D.C. Mar. 11, 1994) (granting stay of action pending final disposition of earlier filed action between same parties, "in the interest of sound judicial administration" where both actions required "findings on the same, critical issue of fact"); *Inverworld, Ltd. v. United States*, Civ. A. No. 93-0544-LFO, 1993 WL 439831, *1 (D.D.C. Oct. 21, 1993) (granting stay of action to recover certain tax penalties pending disposition of petitions previously filed by plaintiff in the Tax Court that involved the same legal issue, "in the interest of the economy of judicial and lawyer time and resources and to prevent inconsistent results")).

Courts have thus recognized that, where the complaint in an action "presents issues nearly identical to those" in an earlier filed action between the same parties, a stay of the second action pending the resolution of dispositive motions filed in the first action "is in the interests of judicial economy" (*Panamuebles, S.A. v. United States*, Civ. No. 90-2266 SSH, 1991 WL 43252, *1 (D.D.C. Mar. 14, 1991); *see Phillips USA Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1994 WL 171709, *3 (D. Kan. Apr. 15, 1994) (staying second action between same parties involving similar claims, pending resolution of defendant's summary judgment motion in first action, where determination of such motion could bear on outcome of second action); *Town of East Hampton v. Cooper*, 888 F. Supp. 374 (E.D.N.Y. 1994) (staying second action between same parties pending outcome of first action, where both actions were before the same court, involved

7

identical legal issues and arose out of the same transaction, such that outcome of first action would determine outcome of second action)).

A stay is similarly warranted here. In both actions, Murphy purports to complain of his nonpromotion to partner because of his age. The claims in both actions are predicated on PwC's retirement provision for partners, and its allegedly unlawful effect on the promotional opportunities of employees age 60 and over. The viability of those claims is at issue on the fully submitted dispositive motion in the Pending Action.

In the absence of a stay, PwC would move to dismiss the complaint in this action on the identical ground asserted in its pending motion in the Pending Action (*see* Exh. F, Docket No. 125, at 17-21), and, consistent with the stay of discovery in the Pending Action, would also seek a discovery stay pending determination of that dispositive motion. PwC would further move, on various grounds, to strike the class or collective action allegations in the event Murphy's individual claim were not to be dismissed.

A stay of proceedings in this action would allow for resolution of the dispositive issue on the previously submitted motion for summary judgment in the Pending Action, and obviate the necessity of redundant and additional motion practice in this action, without any prejudice to the legitimate interests of Murphy. Such a stay would plainly be in the interests of judicial economy and sound judicial administration.

## Conclusion

For the reasons stated, it is respectfully submitted that PwC's motion for an Order staying this action pending disposition of PwC's motion for summary judgment in the Pending Action should be granted, together with such other and further relief as this Court may deem just and proper.

Dated: July 15, 2005

                Respectfully submitted,

                WINSTON & STRAWN LLP

                /s/ Thomas M. Buchanan
                Thomas M. Buchanan, Esq. # 337907
                WINSTON & STRAWN LLP
                1700 K Street, N.W.
                Washington, D.C.  20006-3817
                (202) 282-5000
                Facsimile (202) 282-5100

                Eric M. Nelson, Esq.
                Stephen L. Sheinfeld, Esq.
                WINSTON & STRAWN LLP
                200 Park Avenue
                New York, New York 10166
                (212) 294-6700
                Facsimile (212) 294-4700

                Counsel for the Defendant
                PricewaterhouseCoopers LLP