UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>PRICEWATERHOUSECOOPERS, LLP )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:05CV01054 (RJL) |

**DEFENDANT'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
<u>MOTION TO STAY PROCEEDINGS</u>**

WINSTON & STRAWN LLP
1400 L Street, N.W.
Washington, D.C. 20005
(202) 282-5000

Attorneys for Defendant
PricewaterhouseCoopers LLP

**Preliminary Statement**

Plaintiff Murphy's opposition ("Murphy Opp.") to defendant PwC's motion to stay proceedings in this action materially misstates the pertinent facts and the law, and fundamentally distorts the basis for the motion. On behalf of PwC, we submit this memorandum in reply.

**THIS ACTION SHOULD BE STAYED PENDING DISPOSITION OF PwC'S MOTION FOR SUMMARY JUDGMENT IN THE PENDING ACTION**

**A.    The Grounds for the Stay**

As detailed in PwC's memorandum of points and authorities in support of this motion ("PwC Mem."), the claims asserted in both this and the Pending Action "are premised on an identical theory of liability, the viability of which is presently at issue on a fully submitted dispositive motion" (PwC Mem. at 1); and, "[t]he granting of PwC's pending motion for summary judgment -- on the ground that the denial of partnership status to Murphy is not an actionable 'adverse employment action' -- would preclude Murphy from pursuing his claims in this action" (id. at 3). PwC further noted that "Murphy's complaint in this action is substantially the same as his complaint in the Pending Action, except that it purports to complain of Murphy's nonpromotion to partner in July 2004, while his remaining claims in the Pending Action challenge his nonpromotion to partner in July 2000 and July 2001" (id. at 4-5).

Murphy seizes on the latter point, and asserts that the "test" for resolving this stay motion is whether the claims in the two actions are "substantially the same" (Murphy Opp. at 1). That is not the "test." The critical point is not that the claims are "substantially the same," which they are, but that the dispositive issue in the two actions is identical, and is sub judice in the Pending Action.

1

As a matter of law, courts routinely exercise their inherent power and discretion, on grounds of judicial economy, to stay a later-filed action where the resolution of an earlier-filed pending action may determine the outcome of the later action (see PwC Mem. at 6-8). Murphy seeks to simply brush aside the cases on this fundamental point with a conclusory assertion that none of them involved "an even remotely comparable situation," as purportedly exemplified by his misplaced effort to distinguish one of those cases, again misstating PwC's ground for seeking a stay (Murphy Opp. at 4).

This is not a complicated motion. The circumstances present a classic situation warranting the exercise of this Court's unquestionable power and discretion to issue a stay, on grounds of judicial economy, given that a resolution of the pending summary judgment motion in the Pending Action may well determine the outcome of this action and that, in the absence of a stay, PwC would simply resubmit the identical motion in this action.

### B.     The Dispositive Issue on the Pending Motion

Murphy implicitly recognizes the fundamental point in arguing that PwC's pending motion for summary judgment is "flawed." He first contends, erroneously, that the "only" grounds for summary judgment presented in the Pending Action are specific to his claims for nonpromotion in July 2000 and July 2001, and proceeds to improperly reargue his opposition to dismissal of those claims on those grounds (Murphy Opp. at 4).

Notably, Murphy makes no attempt to similarly address the merits of the ground for summary judgment in the Pending Action that would preclude his claims in this action. Instead, he mischaracterizes it as an issue of constitutional standing. The dispositive point is that the denial of partnership status to Murphy in July 2000 or July 2001, or at any time thereafter, was

not an actionable "adverse employment action" since the sole impact of Murphy's admission as a partner would be his immediate retirement (see PwC Mem. at 5).

This is not an issue of constitutional standing (see Murphy Opp. at 6, citing York Apartments Tenants Association v. D. C. Zoning Commission, 856 A.2d 1079, 1085 (D.C. 2004)). Rather, it is an issue of standing to complain under the statutes on which Murphy purports to predicate his claims (see Docket No. 125 at 19, citing Forkkio v. Powell, 306 F.3d 1127, 1130 (D.C. Cir. 2002); Brown v. Brody, 199 F.3d 446, 455 (D.C. Cir. 1999) (the ADEA authorizes a civil action only by employees who have suffered an "adverse employment action")). Murphy again misses the point in arguing that "[p]artnership is perhaps the most lucrative benefit that an employer can offer" (Murphy Opp. at 6). As stated by PwC on the pending summary judgment motion, "[w]hile a failure to promote generally constitutes an adverse employment action, not so in this case, where plaintiff Murphy's 'promotion' to partner would result in an immediate termination of his employment that would otherwise continue indefinitely in the absence of such 'promotion'" (Docket No. 125 at 19, footnote omitted).

Murphy concedes that partners are employers, not employees, and, as such, "are not protected by Federal employment laws" (Murphy Opp. at 6 n.5). Hence, mandatory retirement provisions for partners are not unlawful, and the application of PwC's partner retirement provision in this case would result in the lawful termination of Murphy's relationship with PwC if he were to be granted that status. In an effort to avoid dismissal on this ground, Murphy cites Clackamas Gastroenterology Associates v. Wells, 538 U.S. 440 (2003), for the proposition that certain partners may qualify as "employees" in certain circumstances (Murphy Opp. at 6 n.5), as he did in opposition to the pending summary judgment motion and on the prior cross-motions for partial summary judgment in the Pending Action.

Murphy incorrectly asserts that: "PwC did not seek summary judgment on that basis, in the original case, and there is no factual record on which to decide it now (indeed, had PwC moved on that issue, Murphy would have sought additional discovery under Fed. R. Civ. Proc. 56(f) so that the Court would have a sufficient factual record to resolve it)" (id.). In fact, Murphy himself moved for partial summary judgment in the Pending Action on this precise issue in August 2003 (see Docket No. 59 at 9-11, 18-22), and PwC cross-moved for summary judgment on the same ground in October 2003 (see Docket No. 68). This Court did not reach this dispositive point, as it dismissed the claims then at issue on other grounds (see Docket No. 104). The issue of whether PwC partners should be deemed "employees" under the Clackamas standard was extensively and fully briefed by the parties on those motions (see Docket No. 59 at 18-22; Docket No. 68 at 50-63).

Moreover, Murphy himself resurrected the point in his opposition to PwC's pending motion for summary judgment by expressly anticipating that "PwC will surely answer, as it has in the past, that Murphy has no standing to complain about the mandatory retirement provision because it applies only to partners . . ." (Docket No. 121 at 25) (further quoting from PwC's memorandum on the prior cross-motions that, "the sole impact of Murphy's admission as a partner would be his immediate retirement"). Accordingly, Murphy is flatly wrong in now asserting disingenuously that the point was "raised for the first time in [PwC's] reply memorandum" on the pending motion for summary judgment (Murphy Opp. at 5).[1] That memorandum -- under the point heading: "Murphy Is Not Aggrieved by His Non-Admission as Partner, and Lacks Standing to Complain of an 'Adverse Employment Action'" (Docket No. 125

---

[1] Even if the issue had not been fully briefed on the prior cross-motions, it is proper to consider an issue briefed by a party for the first time in reply where the opposing party raised it in its answering brief (see Jackson v. Galaza, 36 Fed. Appx. 887, 889 n.1 (9th Cir. 2002); Bennett v. Tucker, 827 F.2d 63, 69 n.2 (7th Cir. 1987)).

4

17)[2] -- included specific references and citations to the briefing of the point (and the <u>Clackamas</u> issue) by each of the parties on the prior motions (<u>id.</u> at 20-21).[3]

Murphy's claim that there is "no factual record," and that "additional discovery" on the issue is warranted, is similarly lacking in merit. When Murphy moved for partial summary judgment on the issue in August 2003, following discovery, he necessarily believed there was a sufficient factual record to resolve it. And, when he raised the issue again in opposition to the pending summary judgment motion, he did not suggest any need for additional discovery. There is simply no basis for any assertion by Murphy of entitlement to further discovery under Rule 56(f).

Further, we view as nonsensical Murphy's contention that, notwithstanding a finding that the partner retirement provision is lawful and beyond the scope of ADEA, he would nonetheless be entitled to seek compensatory (as opposed to equitable) relief "for the indignity, frustration, pain and suffering he has experienced from PwC's [lawful] discriminatory conduct" (Murphy Opp. at 6 n.5). Moreover, his speculation that PwC may in the future change its retirement provision for partners (<u>id.</u>) cannot possibly legitimize his claims for denial of partnership status in the past. Indeed, Murphy's acknowledgment "that each time an employer rejects an employee for promotion, the employer has taken a discrete employment action, giving rise to a discrete claim of discrimination" (<u>id.</u> at 1-2) is directly at odds with that suggestion.

---

[2] Murphy inexplicably misidentifies the pertinent point heading (<u>see</u> Murphy Opp. at 5 n.4).

[3] Presumably, this is why Murphy did not move to strike or for leave to file a sur-reply or otherwise object to PwC's briefing of this point on the pending motion. <u>See</u> <u>Hamilton v. O'Connor Chevrolet, Inc.</u>, 2005 WL 1189589, at *3 (N.D. Ill. Mar. 23, 2005) (plaintiff waived objection that points were improperly argued by defendant in reply where "Plaintiffs neither moved to strike the portions of Defendant's reply brief that purportedly raised the issues for the first time, nor . . . move[d] to file a sur-reply to address the arguments").

5

C.  **The Claim of Prejudice**

Murphy's claim that he would be unduly prejudiced by a stay of this action is not well taken. He says that, as an "older citizen" (now age 65), "unnecessary delay" is "inherently" prejudicial to him, and that he will be "further prejudiced by being prevented from engaging in timely discovery, while memories are fresh and before evidence goes stale" (Murphy Opp. at 7). Murphy omits to note that he engaged in extensive discovery on the identical underlying issues in the Pending Action, and that the conduct of any further discovery in that action has been stayed pending disposition of the summary judgment motion.

Murphy's contention that "[h]e should not be required to suspend the prosecution of this lawsuit indefinitely, until the resolution of a pending motion in a different case" (id.), overlooks the fact that he is the one prosecuting the "different" case against the same defendant on substantially the same claims. Further, he fails to explain why he chose to assert his new claim by commencing this separate action rather than by seeking leave to amend his complaint in that "different" case.[4]

Murphy asserts that this case is "different" because he "could choose" to prosecute it as a class or collective action, while this Court previously ruled that he can prosecute the claims in the Pending Action only on behalf of himself (id. at 3). Murphy thus seeks to simultaneously pursue an identical challenge to PwC's partner retirement provision, and its purported impact on

---

[4] We note this tactical decision -- not because we believe it to be an "impropriety" (see Murphy Opp. at 7) -- but because in the normal course and for reasons of economy, one would have expected Murphy to assert his "new" claim by way of an amendment to his existing pleading in the Pending Action, which would have obviated the necessity of this motion to stay this action pending resolution of a purportedly "different" case. We fully understand that, in completing the required forms in filing this action, Murphy's counsel properly identified this action as "related" to the Pending Action (see id.) (responding to a non-existent charge of "deception"). Only Murphy, and not PwC, is suggesting any "impropriety."

him, in two separate actions: one on behalf of himself, and the other on behalf of himself and "similarly situated" employees. But the point here is that, if the Court determines on the pending summary judgment motion that Murphy is not personally "aggrieved" by an "adverse employment action," he cannot prosecute either action.[5]

Murphy's assertion of "indefinite" delay is in any event without substance since, in the absence of a stay, PwC would make the identical dispositive motion to dismiss the claims in this action. That would surely not be in the interests of judicial economy, and would not expedite matters since the Court would presumably decide the pending motion in the Pending Action before reaching a later-filed motion in this later-filed action.

Finally, Murphy's purported concern over delay is belied by the fact that he waited some nine months after his claim accrued (when new partners were announced in June 2004) before filing his charge of discrimination in March 2005. If he was truly concerned about an expeditious resolution of his new claim, he would have filed his charge immediately following the June 2004 announcement of any partners. Instead, Murphy did not file his new charge until after PwC had filed its motion for summary judgment in the Pending Action, and he presumably

---

[5] As noted in PwC's opening memorandum, "[t]he resolution of the dispositive motion in the Pending Action would likely moot the issues raised by Murphy's renewed attempt to proceed collectively" (PwC Mem. at 6 n.2). We nonetheless further note here that, even though Murphy's most recent administrative charge might suffice to provide notice of his intention to assert class claims, he cannot, by the simple expedient of commencing a separate action, properly proceed at this juncture on behalf of others "similarly situated" (see id.) ("The impropriety of seeking to bring a class or collective action on claims initially asserted three years ago, which claims have been the subject of extensive discovery and motion practice, is apparent, but beyond the scope of the instant motion for a stay of proceedings.") In any event, as Murphy testified at great length in the Pending Action, he has personally solicited, without success, the intervention of virtually every arguably "similarly situated" fellow employee, and there is no reason to believe that the sending of a written "opt-in" notice would yield a different result.

recognized that his existing complaint was not providing him the leverage he anticipated when he commenced that action in May 2002.[6]

## Conclusion

It is respectfully submitted that the Court, in the exercise of its discretion, should grant PwC's motion to stay proceedings in this action pending disposition of PwC's motion for summary judgment in the Pending Action.[7]

Dated: August 2, 2005

>Respectfully submitted,
>
>WINSTON & STRAWN LLP
>
>/s/ Thomas M. Buchanan
>Thomas M. Buchanan, Esq. # 337907
>WINSTON & STRAWN LLP
>1700 K Street, N.W.
>Washington, D.C. 20006-3817
>(202) 282-5000
>Facsimile (202) 282-5100
>
>Eric M. Nelson, Esq.
>Stephen L. Sheinfeld, Esq.
>WINSTON & STRAWN LLP
>200 Park Avenue
>New York, New York 10166
>(212) 294-6700
>Facsimile (212) 294-4700
>Counsel for the Defendant
>PricewaterhouseCoopers LLP

---

[6] The facts in this regard are detailed in the record, speak for themselves, and are based on Murphy's own admissions. We set forth the facts on the pending motion for summary judgment -- not as "unseemly personal attacks" or as part of a "constant drumbeat of personal attacks," as Murphy characterizes them (see Murphy Opp. at 7-8) -- but because they demonstrate that Murphy had no genuine interest in becoming a partner, and never communicated any such interest, an essential element of a *prima facie* case of nonpromotion (see Docket No. 119 at 15-22, 35, 38). We refer to those admitted facts on this motion to provide pertinent context regarding Murphy's tactical decision to commence this separate action. Notably, while purportedly taking umbrage, Murphy does not deny his own admissions or the inferences to be drawn from them.

[7] To obviate the necessity of further procedural motion practice, we intend to seek Murphy's consent to stay proceedings pursuant to Federal Rule of Civil Practice 26(f) and Local Civil Rule 16.3 pending decision on this motion for a stay.