UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1054<br>)  (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PARTIES' JOINT STATEMENT PURSUANT TO LOCAL RULE 16.3(d)

The parties held a teleconference on August 17, 2005 and have subsequently conferred by telephone and e-mail to discuss the issues set forth in LCvR 16.3(c). The brief statement of the case, and the parties' positions on Rule 16.3 matters, are as follows:

**Statement of the Case:**

This is an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and the District of Columbia Human Rights Act (DCHRA), D.C. Code §§ 2-1401.01 et seq. Plaintiff alleges that he was denied promotion to partnership in July 2004 by Defendant PricewaterhouseCoopers LLP (PwC), because of his age. He contends that he was well-qualified for promotion, but that PwC refuses to consider any employee who is age 60 or older for admission into the partnership. Plaintiff is currently 65 years old. He alleges that, among others, PwC promoted a substantially younger employee whom Plaintiff had supervised, and who was generally less-qualified for promotion. Plaintiff also contends that PwC has a pattern and practice of discriminating against older employees in consideration for partnership,

30507591v2

and has reserved the right to pursue this claim as a "collective action" under 29 U.S.C. § 216, as incorporated by 29 U.S.C. § 626(b).

Defendant denies that Plaintiff's nonpromotion to partner was an actionable adverse employment action under the ADEA or DCHRA, that Plaintiff was qualified to be partner, or that Plaintiff can otherwise establish a *prima facie* case of discrimination. Defendant further denies that it discriminated against the Plaintiff, that it has engaged in a pattern or practice of discriminating against older employees, or that Plaintiff's claim can properly be pursued as a "collective action." Defendant also contends that this case raises the same issues as a related pending case, Civil Action No. 02-0982 (RJL/DAR) (the "Pending Action"), which challenges Plaintiff's nonpromotion to partner in July 2000 and July 2001, and asserts that this and the Pending Action should be consolidated for purposes of pre-trial proceedings and trial.

**Rule 16.3 Issues**

1. **Dispositive Motion**

a. **Plaintiff's Position:** Plaintiff believes that there are no procedural barriers and that there will be material factual issues in dispute that must be resolved by a jury, and therefore that the case is not likely to be resolved by dispositive motion.

b. **Defendant's Position:** Defendant believes that this case should be disposed of by dispositive motion, and that a threshold issue -- namely, whether Plaintiff's nonpromotion to partner is an actionable "adverse employment action" -- should be decided on a motion for summary judgment before extensive, and potentially unnecessary, discovery proceedings are undertaken.

2. **Joinder of Parties**   The parties do not anticipate the joinder of any additional parties to this action.

**3.    Magistrate Judge**    By Order filed December 10, 2002 in the Pending Action, all nondispositive motions and scheduling matters in that action were referred to Magistrate Judge Robinson for resolution. The parties agree that the same assignment and reference should be made by the Court in this related action.

**4. & 5. Settlement & ADR**

**a. Plaintiff's Position:**    The prospects of settlement at this stage are not clear. Plaintiff is amenable to having the Court refer the case to mediation, either private or court appointed, but believes that it would be more fruitful to allow the parties to engage in some discovery prior to referral.

**b. Defendant's Position:**    At a Status Hearing in the Pending Action, held on October 24, 2003, counsel for Plaintiff suggested that there was no realistic possibility of settlement in light of the mediation that preceded the commencement of that action. Counsel for Defendant concurred in that suggestion, and remains of that view.

**6.    Dispositive Motions**

The parties agree that opposition papers should be filed 30 days after the filing of any dispositive motion, and that reply papers be filed 30 days from the filing of any opposition papers.

**a. Plaintiff's Position:**    As noted above, Plaintiff does not believe that the case can be resolved by dispositive motion.

**b. Defendant's Position:**    As noted above, Defendant believes that the case should be resolved on a dispositive motion. The dispositive issue of whether Plaintiff's nonpromotion to partner is an actionable "adverse employment action," in light of Defendant's lawful age-60 retirement provision for partners, should be resolved by summary judgment before extensive,

and potentially unnecessary, discovery is undertaken. Further, in the event this action is not resolved on that ground, Defendant believes it can be resolved by summary judgment on a motion to be made following completion of discovery on the ground that Plaintiff cannot establish a prima facie case of discrimination, and that Defendant is otherwise entitled to judgment as a matter of law on the undisputed facts.

7. **Initial Disclosures** The parties hereby stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ. P.

8. **Factual Discovery**

The parties agree that all discovery taken, and all discovery and protective orders entered, in the Pending Action should be deemed applicable to this action, as if taken and entered herein. As to other discovery matters, the parties have divergent positions:

**a. Plaintiff's position:** Plaintiff's position is that discovery should begin promptly following the Court's issuance of a Rule 16.3 Order, and that the discovery period for fact discovery should be 180 days.

**b. Defendant's Position:** To preclude duplicative discovery, and unfair advantage arising from Plaintiff's decision to assert his claim in this separate action rather than by amending his complaint in the Pending Action, discovery in this action should be precluded to the extent it was or could have been taken in the Pending Action. Fact discovery in this action should be bifurcated and managed in phases (see paragraph 11, infra), and completed within 240 days following its commencement.

9. **Expert Discovery** The parties agree that, if the case is not resolved on a dispositive motion, expert discovery should proceed upon the completion of fact discovery, as follows:

    Plaintiff's Expert Reports:    60 days following completion of fact discovery

    Defendant's Expert Reports:    60 days following service of plaintiff's expert reports

    Expert Depositions:    Completed 30 days after service of all expert reports

**10.** **Rule 23 Matters**  N/A.  While Plaintiff reserves the right to pursue a "collective action" under 29 U.S.C. § 216, as incorporated by 29 U.S.C. § 626(b), such actions do not proceed under Fed. R. Civ. Proc. 23.  Defendant does not believe it would be appropriate for this action to proceed as a "collective action," and reserves the right to oppose any attempt by Plaintiff to pursue such an action.

**11.** **Bifurcation**

**a. Plaintiff's Position:**  Plaintiff opposes any bifurcation of the case, and believes the case will most efficiently be prosecuted if all relevant areas are subject to discovery within a single discovery period.

**b. Defendant's Position:** Discovery should be bifurcated and managed in phases, as it has been in the Pending Action.  Damages discovery should continue to be deferred pending resolution of dispositive motions on liability.  Liability discovery should be completed within 180 days, damages discovery should be taken and completed within 60 days thereafter, and expert discovery should then proceed as set forth in paragraph 9, supra.

**12.** **Pretrial Conference:**  To be scheduled at the earliest date consistent with the schedule described above.

**13.** **Trial Date:**  To be scheduled at the earliest date consistent with the schedule described above.

5

|  |  |
|---|---|
|  | Respectfully Submitted, |
| _____/s/_____ | _____/s/_____ |
| Richard A. Salzman (#422497) | Thomas M. Buchanan (#337907) |
| Douglas B. Huron (#89326) |  |
| HELLER, HURON, CHERTKOF, | WINSTON & STRAWN LLP |
| LERNER, SIMON & SALZMAN | 1700 K St., NW |
| 1730 M Street, NW, Suite 412 | Washington, D.C. 20006-3817 |
| Washington, DC 20036 | Phone: (202) 282-5000 |
| Phone: (202) 293-8090 |  |
|  | Eric M. Nelson |
|  | Stephen L. Sheinfeld |
|  | WINSTON 7 STRAWN LLP |
|  | 200 Park Ave |
|  | New York, NY 10166 |
|  | (212) 294-6700 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

NY:975647.1

6

30507591v2