UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1054<br>)   (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL JOINT STATEMENT
## PURSUANT TO LOCAL RULE 16.3(d)

This joint statement of the parties supplements the Parties' Joint Statement Pursuant to Local Rule 16.3(d), filed September 12, 2005 (Docket No. 13) (the "Joint Statement"). Pursuant to the direction of the Court at the Status Conference held on October 18, 2005, counsel for the respective parties have conferred by telephone and email in an effort to resolve by agreement certain issues raised in the Joint Statement. Specifically, the parties conferred with respect to their divergent positions on the proposed schedule for fact discovery (see Joint Statement, ¶8), bifurcation of discovery (id., ¶9), and consolidation for trial with the pending related action entitled Murphy, et ano. v. PricewaterhouseCoopers, LLP, Civil Action No. 02-0982 (RJL/DAR) (the "Related Action"), and jointly report to the Court as follows:

**Factual Discovery and Bifurcation**

The parties have agreed that the period for the conduct of fact discovery should be 210 days. Defendant agrees not to seek bifurcation of discovery as to liability and damages, but urges that Plaintiff promptly pursue whatever additional discovery Plaintiff reasonably deems necessary to a resolution of the issue raised by the allegations of paragraph 5 of the Complaint (and paragraph 15 of the Complaint in the Related Action) that certain PwC partners are "employees" within the meaning of the age discrimination in employment statutes.

**Consolidation**

The parties previously agreed that all discovery taken, and all discovery and protective orders entered, in the Related Action should be deemed applicable to this action, as if taken and entered in this action, and that all discovery taken in this action should be deemed applicable to the Related Action. However, the parties continue to disagree as to whether this action should be consolidated for trial with the Related Action.

**Plaintiff's Position:** Plaintiff believes that discovery is necessary on the collective action issue in this case. The two cases should currently proceed upon parallel tracks and the issue of consolidation for trial should be deferred until after discovery on the collective action issue is completed, and the parties have a more realistic assessment of whether or not this case should proceed as a collective action. If this case becomes a collective action, Plaintiff believes consolidation with the Related Action would be inappropriate because the prosecution of this action would then become more complicated and protracted. All of the intervening Plaintiffs would have the right to discovery, and defendant would undoubtedly engage in full discovery (document production and depositions) on each of their claims. Moreover, there would likely be significant motions practice with respect to the intervening parties. All of this would

substantially delay the resolution of the Related Action, which the Court on September 27, 2004, determined should not proceed as a collective action. The Court so determined because it was of the opinion that the charge filed administratively with the D.C. Office of Human Rights failed adequately to notify defendant of the collective nature of the charge underlying Related Case. By contrast, the charge filed in this case with the Equal Opportunity Employment Commission asserted that it was filed "on behalf of Murphy and on behalf of similarly situated PwC professional employees." See Complaint, Ex 1."

**Defendant's Position:** Given the substantial identity of parties, claims, allegations and issues, defendant believes that this action and the Related Action should be consolidated for trial in the interests of economy, convenience, fairness and judicial efficiency (see Rule 42(a), Fed.R.Civ.P.; Horn v. Raines, 227 F.R.D. 1, 2-3 (D.D.C. 2005) (consolidation appropriate where each case "arises out of the same operative facts and raises similar legal issues"); Mylan Pharmaceuticals, Inc. v. Henney, 94 F.Supp.2d 36, 43-44 (D.D.C. 2000); Hyman v. First Union Corp., 982 F.Supp. 14, 18 (D.D.C. 1997)). By agreeing that all discovery shall be applicable to both actions, Plaintiff has recognized the commonality of the claims and legal and factual issues in the two actions, and in essence agreed to consolidation for discovery purposes. Moreover, by filing this action as a "related case," Plaintiff recognized that consolidation is appropriate (see LCvR 40.5(d)). Further, Plaintiff joined in the Related Action each of his separate claims for nonpromotion in 1999, 2000 and 2001, and his claim in this action for nonpromotion in 2004 should similarly be consolidated with the Related Action claims.

In the event any additional "similarly situated" plaintiffs opt-in to this action, the grounds for consolidation with the Related Action would be even more compelling. A collective action presupposes that the claims of all plaintiffs should be heard together. Plaintiff does not

reasonably or legitimately require any additional discovery to make an informed decision as to whether or not to seek to pursue this action as a collective action. In this regard, Plaintiff filed a motion in the Related Action (Docket Nos. 77-78) for Notice to Potential Members of Opt-In Class on December 12, 2003, without suggesting any need for additional discovery. The actions should be consolidated for all purposes at this time and, in the event circumstances later change, Plaintiff may then move for separate trials pursuant to Fed.R.Civ.P. 42(d).

Dated:  December 6, 2005

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Richard A. Salzman (#422497) | Eric M. Nelson (*pro hac vice*) |
| Douglas B. Huron (#89326) | Stephen L. Sheinfeld (*pro hac vice*) |
| Tammany M. Kramer (#483146) | WINSTON & STRAWN LLP |
| HELLER, HURON, CHERTKOF, LERNER, SIMON & SALZMAN | 200 Park Avenue |
| 1730 M Street, NW, Suite 412 | New York, NY 10166 |
| Phone: (202) 293-8090 | Phone: (212) 294-6700 |
| Fax: (202) 293-7110 | Fax: (212) 294-4700 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |