# Tab 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. WESTBROOK MURPHY and HAROLD SCHULER, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 1:02CV00982 (RJL/DAR) |
| | ) ) ) | |
| PRICEWATERHOUSECOOPERS,  LLP, et al., | ) ) | |
| Defendants. | ) | |

**OBJECTIONS AND RESPONSES TO
PLAINTIFF MURPHY'S DISCOVERY REQUESTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 26.2 and 30.4 of the Local Civil Rules of the United States District Court for the District of Columbia (the "Local Rules"), and the stipulations between counsel for the respective parties, defendants PricewaterhouseCoopers LLP ("PwC") and Robert C. Morris, by their attorneys, Winston & Strawn LLP, hereby specifies its objections to Plaintiff Murphy's Discovery Requests, dated December 8, 2005 (the "Requests"), and states that it will provide discovery as to Requests to which no objection is made.

**<u>GENERAL OBJECTIONS</u>**

1.     Defendants object to the Requests to the extent they purport to impose obligations on Defendants broader than those required by the Federal Rules, the Local Rules or applicable case law.

2.     Defendants object to the Requests insofar as they purport to require the disclosure of any privileged communication, material prepared in anticipation of litigation, trial preparation

material or attorney work product, or attorney-client communication.  The inadvertent disclosure of any privileged information should not be construed to constitute a waiver of any privilege or immunity.  Defendants expressly reserve the right to demand from plaintiff the return of any document or information that may be inadvertently produced or disclosed if defendants determine that such document or information may contain or constitute privileged information.

3.      Defendants object to the Requests insofar as they purport to require the disclosure of private, proprietary or confidential information, or any information that defendants keep confidential to protect their current employees and/or former employees against annoyance, embarrassment, oppression, and/or undue burden or expense.

4.      Defendants object to the Requests to the extent they purport to require the production or disclosure of information concerning predecessors of PwC.

5.      Defendants object to the Requests the extent that they purport to require the production or disclosure of information concerning any geographic area or organizational framework broader than those relevant to the allegations made in the Complaint.

6.      Defendants' failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any other ground at any time.

7.      Any response made by defendants to a particular request shall not be deemed an acknowledgement of the appropriateness of the particular request.

8.      Defendants reserves the right to supplement or amend these responses if further information becomes available to them.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### INTERROGATORIES

**Interrogatory No. 1**

For each Financial Services employee admitted to the partnership between January 1, 1998 and December 31, 2001, state separately for each year up to the present his/her total annual compensation.

### Response to Interrogatory No. 1

The discovery requested is barred by the Order of Magistrate Judge Deborah A. Robinson filed November 22, 2004 (the "November 22, 2004 Order"), and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 2**

For the period from January 1, 1998 to December 31, 2001, describe in detail the process by which PwC evaluated the performance of each partner or principal.

### Response to Interrogatory No. 2

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide business records from which information responsive to this interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 3**

For the period from January 1, 1998 to December 31, 2001, describe in detail the process by which PwC determined the compensation annually for each of its partners.

**Response to Interrogatory No. 3**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide business records from which information responsive to this interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 4**
Describe in detail the benefits that would be afforded to any partner who retired in the period from January 1, 1998 to December 31, 2001, including but not limited to the types of benefits -- such as medical coverage, guaranteed pension, etc. -- and the method of calculating each such benefit (e.g., whether based on percentage of salary or firm revenue, etc.).

**Response to Interrogatory No. 4**

Defendants object to this interrogatory as overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide information sufficient to describe the retirement benefits, if any, to which plaintiff would have been entitled had he been admitted as a partner and immediately retired, and/or business records from which such information may be derived or ascertained.

**Interrogatory No. 5**
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies, procedures, and practices for a PwC partner or principal to

      (a)     Accept a new client for services that are not attest services,
      (b)     Accept a new engagement for an existing non-attest client,
      (c)     Document in PwC's files the work performed for a non-attest client,
      (d)     Establish the fees to be charged on a client engagement, or
      (e)     Collect or write off fees or expenses charged to clients.

### Response to Interrogatory No. 5

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will provide business records from which information responsive to this

interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

### Interrogatory No. 6
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies,
procedures, and practices for, and limitations on, a partner or principal incurring expenses to be
charged to a client or a PwC practice group (regional, line of service, or business unit) for

      (a)      Travel,
      (b)      Practice development, or
      (c)      Other purposes.

### Response to Interrogatory No. 6

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will provide business records from which information responsive to this

interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

### Interrogatory No. 7
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies,
procedures, and practices by which a partner or principal accounted for his/her time.

### Response to Interrogatory No. 7

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will provide business records from which information responsive to this interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 8**
For the period from January 1, 1998 to December 31, 2001, describe in detail the processes by which PwC ensured that a partner or principal adhered to the policies, procedures, and practices identified in your responses to Interrogatories 5-7.

**Response to Interrogatory No. 8**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide business records from which information responsive to this interrogatory, if any, may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 9**
For the period from January 1, 1998 to December 31, 2001, describe in detail PwC's policies, procedures, and practices for a partner or principal to take vacation and leave for sickness or other purposes, including any limitations on the amount of such absences.

**Response to Interrogatory No. 9**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide business records from which information responsive to this interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 10**
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies, procedures, and practices used for determining what individual partner liability would be for any debts of the firm.

### Response to Interrogatory No. 10

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome, vague and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendants will provide business records from which information

responsive to this interrogatory, if any, may be derived or ascertained for fiscal years 2000 and

2001.

### Interrogatory No. 11
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies,
procedures, and practices by which partners or principals were assigned to specific geographic
PwC offices, and to individual work spaces within those offices.

### Response to Interrogatory No. 11

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will provide business records from which information responsive to this

interrogatory, if any, may be derived or ascertained for fiscal years 2000 and 2001.

### Interrogatory No. 12
For the period from January 1, 1998 to December 31, 2001, describe in detail the policies,
procedures, and practices by which a PwC client service partner or principal supervised
employees, including but not limited to

    (a)    Hiring,
    (b)    Performance evaluations,
    (c)    Promotions, and
    (d)    Discipline, including employment termination

**Response to Interrogatory No. 12**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendants will provide business records from which information responsive to this interrogatory may be derived or ascertained for fiscal years 2000 and 2001.

**Interrogatory No. 13**
For the period from January 1, 1998 to December 31, 2001, describe in detail each reason why Westbrook Murphy was not sponsored for partner. If it is your contention that Murphy lacked any qualification for partnership, or that his conduct or performance in any way demonstrated that he was not suited for partnership, state each fact and identify each document which supports your contention.

**Response to Interrogatory No. 13**

The discovery requested is barred by the November 22, 2004 Order.

**Interrogatory No. 14**
If PwC contends that, for the period from January 1, 1998 to the present, a defined number of partnership slots was allocated based on office or units -- i.e., each unit or office was limited in the number of partnership slots it could fill or limited in the number of employees who could be proposed for partner in a given time period -- state each fact and identify each document which supports your contention.

**Response to Interrogatory No. 14**

The discovery requested is barred by the November 22, 2004 Order.

## REQUESTS FOR DOCUMENTS

**Request No. 1**
For each Financial Services employee admitted to the partnership between January 1, 1998 and December 31, 2001, produce his/her complete personnel file, including but not limited to all performance evaluations, position descriptions, and pay records.

**Response to Request No. 1**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 2**
For each Financial Services employee admitted to partnership between January 1, 1998 and December 31, 2001, produce all documents that evidence, refer to, or reflect each person's candidacy for partnership, including but not limited to soundings, recommendations, and votes.

**Response to Request No. 2**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 3**
For each Financial Services employee promoted into the partnership between January 1, 1998 and December 31, 2001, produce separately for each year up to the present documents evidencing his/her total annual compensation.

**Response to Request No. 3**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 4**
For the period from January 1, 1998 to December 31, 2001, produce all documents that evidence, refer to, or reflect the soundings, recommendations, consideration for partnership, and votes relating to any Financial Service employee sponsored for partnership.

    **Response to Request No. 4**

    The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 5**
Produce the prospectus attached to Robert Bench's April 9, 1999 e-mail recommending Murphy's promotion to Managing Director.

    **Response to Request No. 5**

    The discovery requested is barred by the November 22, 2004 Order.

**Request No. 6**
Produce all documents showing that any PwC partner or principal at any time since January 1, 1989 considered and/or talked with Murphy for partnership at PwC or its predecessor firm.

    **Response to Request No. 6**

    The discovery requested is barred by the November 22, 2004 Order.

**Request No. 7**
Produce all documents concerning Murphy's performance at PwC since January 1, 1998.

    **Response to Request No. 7**

    The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 8**
Produce all documents that were or would be pertinent to consideration of Murphy's being admitted to the PwC partnership.

### Response to Request No. 8

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.


**Request No. 9**
For the period from January 1, 1998 to December 31, 2001, if defendants contend that any PwC employee was proposed for partnership at age 50 or older, produce a copy of all documents which evidence, refer to, or reflect that proposal and the disposition of that proposal.

### Response to Request No. 9

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.


**Request No. 10**
Produce all documents relating to the consideration of Gale Blackburn for admission to partnership and/or for appointment as Managing Director.

### Response to Request No. 10

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.


**Request No. 11**
For the period from January 1, 1998 to December 31, 2001, produce all records and charts that Bob Bench kept comparing the assignments, hours, revenues, or performance of the RAS professional staff.

**<u>Response to Request No. 11</u>**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**<u>Request No. 12</u>**
For the period from January 1, 1998 to December 31, 2001, produce all documents kept by Bob
Moritz, Tim Ryan, John Fletcher, or Rick Richardson comparing the assignments, hours,
revenues, or performance of the PAS professional staff.

**<u>Response to Request No. 12</u>**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**<u>Request No. 13</u>**
For the period from January 1, 1998 to December 31, 2001, produce any minutes, notices, and
related documents for PwC's U.S. Board of Partners and Principals, for the Board's Committees
on Admissions and on Partner Affairs, and for any similar boards or committees at PwC's
predecessor firms.

**<u>Response to Request No. 13</u>**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**<u>Request No. 14</u>**
Produce records of any involuntary withdrawals from partnership occurring during PwC's fiscal
years 1998 to 2001.

**Response to Request No. 14**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 15**
For the period from January 1, 1998 to December 31, 2001, produce copies of any formal or
informal complaints against PwC asserting that PwC discriminated on the basis of age in its
employment practices.

**Response to Request No. 15**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 16**
Produce any communication between January 1, 1998 and December 31, 2001 to PwC
management concerning or questioning the mandatory retirement age of partners or any other
age-based employment practice of PwC or its predecessor firms.

**Response to Request No. 16**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 17**
For the period from January 1, 1998 to December 31, 2001, produce copies of all documents
relating to studies about or consideration by the U.S. Board of Partners and Principals -- or any
of its committees, including similar boards or committees of PwC's predecessor firms -- of the
policies and procedures regarding selection of employees of PwC or its predecessor firm for
partnership.

**Response to Request No. 17**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 18**
Produce all documents that evidence, refer to, or reflect the benefits that would be afforded to
any partner who retired in the period from January 1, 1998 to December 31, 2001, including but
not limited to the types of benefits -- such as medical coverage, guaranteed pension, etc. -- and
the method of calculating each such benefit (e.g., whether based on percentage of salary or firm
revenue, etc.).  This request includes but is not limited to policies, guidelines, and memoranda.

**Response to Request No. 18**

Defendants object to this request as overbroad, unduly burdensome, vague and not

reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

objections, defendants will produce documents reflecting the retirement benefits, if any, to which

plaintiff would have been entitled had had been admitted as a partner on July 1, 2000 or July 1,

2001, and immediately retired.

**Request No. 19**
For the period from January 1, 1998 to December 31, 2001, produce all documents establishing
or describing the process for reviewing the performance of a PwC partner or principal.

**Response to Request No. 19**

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will provide business records from which information responsive to this

request may be derived or ascertained for fiscal years 2000 and 2001.

14

**Request No. 20**

From January 1, 1998 to December 31, 2001, produce all documents establishing or describing the process by which PwC determines the compensation annually for each of its partners and principals, including but not limited to

   (a)    Studies conducted of partner compensation, and
   (b)    Consideration by PwC management (including the U.S. Board of Partners and Principals and any committee of that Board) of partner compensation policies and programs.

   **Response to Request No. 20**

   The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendants will produce documents describing the process relating to the

determination of annual partner compensation for fiscal years 2000 and 2001.


**Request No. 21**

For the period from January 1, 1998 to December 31, 2001, produce all documents establishing or describing the process by which PwC or its predecessor firms determined the retirement benefits for each of its former partners and principals and employees, including but not limited to

   (a)    Studies conducted of retirement policies and programs for partners or employees, and
   (b)    Consideration by PwC management (including the U.S. Board of Partners and Principals and any committee of that Board) of retirement policies and programs for partners and employees.

   **Response to Request No. 21**

   The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.


**Request No. 22**

For the period from January 1, 1998 to December 31, 2001, produce all documents establishing or describing the process for a PwC partner or principal to accept a new client for services that

15

are not attest services, accept a new engagement for an existing non-attest client, and establish the fees to be charged on a client engagement.

**Response to Request No. 22**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendants will provide business records from which information responsive to this request may be derived or ascertained for fiscal years 2000 and 2001.

**Request No. 23**
Produce all documents relating to Murphy's June 25, 2001 referral to PwC's Office of Ethics and Business Conduct.

**Response to Request No. 23**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24**
Produce all documents relating to Murphy's April 5, 2002 inquiry to PwC's Chief Diversity Officer.

**Response to Request No. 24**

The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 25**
Produce all documents relating to Murphy's April 5, 2002 inquiry to PwC's Director of Human Resources.

16

### Response to Request No. 25

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

### Request No. 26

Produce all documents relating to Murphy's July 26, 2001 e-mail to Mike Gagnon and Korbel
suggesting that their conduct violated PwC's Ethics Code.

### Response to Request No. 26

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

### Request No. 27

Produce all documents relating to the investigation and disposition of the report Murphy sent on
December 12, 2001 to Barbara Kipp at the PwC Ethics Office alleging that Gagnon and Korbel
had violated the PwC Code of Ethics and Business Conduct.

### Response to Request No. 27

The discovery requested is barred by the November 22, 2004 Order, and defendants

otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.

### Request No. 28

Produce all documents relating to your answers to Interrogatories 1-14.

### Response to Request No. 28

Defendants object to this request as overbroad and unduly burdensome.  Without waiving

any objection to interrogatories 1-14, and subject to the objections stated in response to those

interrogatories, defendants will produce documents as stated in the interrogatory responses.

17

**Request No. 29**
For the period from January 1, 1998 to the present, all documents PwC received from and/or sent to the Equal Employment Opportunity Commission (EEOC) or any other government agency related to claims of age discrimination or retaliation.

      **Response to Request No. 29**

      The discovery requested is barred by the November 22, 2004 Order, and defendants otherwise object to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 30**
Produce PwC's partnership tax returns for 2003-2005.

      **Response to Request No. 30**

      Defendants object to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and harassing.

**Request No. 31**
Produce copies of PwC's financial statements from 2003-2005.

      **Response to Request No. 31**

      Defendants object to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and harassing.

Dated:  February 3, 2006

          WINSTON & STRAWN LLP

          By:  _/s/ Eric M. Nelson_____
               Eric M. Nelson, Esq.
               Stephen L. Sheinfeld, Esq.

               200 Park Avenue
               New York, New York 10166
               (212) 294-6700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Objections and Responses to Plaintiff Murphy's Discovery Requests was served the 3rd day of February, 2006, via electronic mail, to:

Counsel for Plaintiff:

Douglas B. Huron
Richard A. Salzman
Tammany M. Kramer
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW, Suite 412
Washington, D.C.  20036


___/s/_____
Mark A. Konkel, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. WESTBROOK MURPHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01054 (RJL/DAR) |
| | ) | |
| | ) | |
| | ) | |
| PRICEWATERHOUSECOOPERS, LLP | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**OBJECTIONS AND RESPONSES TO
PLAINTIFF'S DISCOVERY REQUESTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal

Rules"), Rules 26.2 and 30.4 of the Local Civil Rules of the United States District Court for the

District of Columbia (the "Local Rules"), and the stipulations between counsel for the respective

parties, defendant PricewaterhouseCoopers LLP ("Defendant"), by its attorneys, Winston &

Strawn LLP, hereby specifies its objections to Plaintiff's Discovery Requests, dated December 8,

2005 (the "Requests"), and states that it will provide discovery as to Requests to which no

objection is made.

**GENERAL OBJECTIONS**

1.      Defendant objects to the Requests to the extent they purport to impose obligations

on Defendant broader than those required by the Federal Rules, the Local Rules and applicable

case law.

2.      Defendant objects to the Requests insofar as they purport to require the disclosure

of any privileged communication, material prepared in anticipation of litigation, trial preparation

material, attorney work product or attorney-client communication.  The inadvertent disclosure of

any privileged information should not be construed to constitute a waiver of any privilege or

immunity.  Defendant expressly reserves the right to demand from Plaintiff the return of any

document or information that may be inadvertently produced or disclosed if Defendant

determines that such document or information may contain or constitute privileged information.

3.      Defendant objects to the Requests insofar as they purport to require the disclosure

of private, proprietary or confidential information, or any information that Defendant keeps

confidential to protect their current employees and/or former employees against annoyance,

embarrassment, oppression, and/or undue burden or expense.

4.      Defendant objects to the Requests to the extent the discovery sought is barred by

the Order entered November 22, 2004 (the "November 22, 2004 Order") in *Murphy v.

PricewaterhouseCoopers LLP*, 1:02CV00982 (the "Related Action"), which Order is applicable

to this action pursuant to the Minute Order entered January 9, 2006, and the written stipulation of

counsel.

5.      Defendant objects to the Requests to the extent they purport to require the

production or disclosure of information concerning predecessors of Defendant.

6.      Defendant objects to the Requests the extent that they purport to require the

production or disclosure of information concerning any geographic area or organizational

framework broader than those relevant to the allegations made in the Complaint.

7.      Defendant's failure to object to the Requests on a particular ground shall not be

construed as a waiver of its right to object on that ground or any other ground at any time.

8.      Any response made by Defendant to a particular request shall not be deemed an

acknowledgement of the appropriateness of the particular request.

9.      Defendant reserves the right to supplement or amend these responses if further

information becomes available to them.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**INTERROGATORIES**

**Interrogatory No. 1**

For the period from January 1, 2003 to the present, state in detail each and every reason why Westbrook Murphy was not sponsored for partner. If it is your contention that Murphy lacked any qualification for partnership, or that his conduct or performance in any way demonstrated that he was not suited for partnership, state each fact and identify each document which supports your contention.

**Response to Interrogatory No. 1**

Without waiving any objection, defendant states that it will respond to this interrogatory.

**Interrogatory No. 2**

Identify all persons who contributed to or participated in the decision not to sponsor plaintiff for partner and describe each individual's participation in the decision, including but not limited to dates of participation, conversations participated in, factors assessed by the individual, and a detailed description of the substance of the contribution. Your answer should include, but is not limited to, identification of the ultimate decision maker(s) regarding plaintiff's nonpromotion or any client who provided input about plaintiff that was considered.

**Response to Interrogatory No. 2**

Without waiving any objection, defendant states that no partner ever sponsored plaintiff

for partner, and that no collective decision not to sponsor Murphy for partnership was made.

**Interrogatory No. 3**

For the period from January 1, 2003 to the present, describe in detail the process by which PwC evaluated the performance of each partner.

**Response to Interrogatory No. 3**

Defendant objects to this interrogatory as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving these objections, defendant will provide business records from which information

responsive to this interrogatory may be derived or ascertained.

**Interrogatory No. 4**

For the period from January 1, 2003 to the present, identify each person who has been proposed for admission into the partnership and who, at the date on which the proposed admission would become effective, was age 50 or older.  For each such person, state

  (a)  His/her date of hire at PwC or its predecessor firms,
  (b)  The name of his/her sponsor,
  (c)  The date of the proposal, and
  (d)  The final disposition of the proposal, including (if rejected) the stage in the partnership admission process at which the proposal was rejected, and all reasons for that rejection.

**Response to Interrogatory No. 4**

Defendant objects to this interrogatory as overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will limit its response to persons employed in the Regulatory

Advisory Services ("RAS") practice in fiscal year 2004.

**Interrogatory No. 5**

For the period from January 1, 2004 to the present, identify each person holding the position of Managing Director and state

  a)  His/her total yearly compensation for each year, and
  b)  Whether s/he has ever been proposed for admission to partnership, and if so, the date of the proposal, the name of the person's sponsor, the stage in the partnership admission process at which the proposal was rejected, and all reasons for that rejection.

**Response to Interrogatory No. 5**

Defendant objects to this interrogatory as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 6**

For the period from January 1, 2003 to the present, identify each person who has been admitted to the partnership. For each person identified, state

a)    his/her age at the date of admission,
b)    his/her title just prior to admission to the partnership,
c)    his/her date of hire at PwC or its predecessor firms, and
d)    his/her total yearly compensation for each year since admission to the partnership.

**Response to Interrogatory No. 6**

Defendant objects to this interrogatory as overbroad, and will provide the requested

information, excluding subpart (d), which is not reasonably calculated to lead to the discovery of

admissible evidence.


**Interrogatory No. 7**
For the period from January 1, 1998 to the present, describe in detail the process by which PwC
determined the compensation annually for each of its partners.

**Response to Interrogatory No. 7**

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which the requested information may be derived or

ascertained with respect to fiscal year 2004.


**Interrogatory No. 8**
For the period from January 1, 1998 to the present, describe in detail the policies, procedures,
and practices for a PwC partner to

a)    Accept a new client for services that are not attest services,
b)    Accept a new engagement for an existing non-attest client,
c)    Document in PwC's files the work performed for a non-attest client,
d)    Establish the fees to be charged on a client engagement, or
e)    Collect or write off fees or expenses charged to clients

**Response to Interrogatory No. 8**

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.


**Interrogatory No. 9**
For the period from January 1, 1998 to the present, describe in detail the policies, procedures, and practices for, and limitations on, a partner or principal incurring expenses to be charged to a client or a PwC practice group (regional, line of service, or business unit) for

      a)      Travel,
      b)      Practice development, or
      c)      Other purposes.

      **Response to Interrogatory No. 9**

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.


**Interrogatory No. 10**
For the period from January 1, 1998 to the present, describe in detail the processes by which a partner or principal accounted for his/her time.

      **Response to Interrogatory No. 10**

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 11**

For the period from January 1, 1998 to the present, describe in detail PwC's policies and procedures for a partner or principal to take vacation and leave for sickness or other purposes, including any limitations on the amount of such absences.

> **Response to Interrogatory No. 11**

Defendant objects to this interrogatory to the extent it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendant will provide business records from which information responsive to this interrogatory may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 12**

For the period from January 1, 1998 to the present, describe in detail the processes by which PwC ensured that a partner or principal adhered to the policies, procedures, and practices identified in your responses to Interrogatories 8-11.

> **Response to Interrogatory No. 12**

Defendant objects to this interrogatory to the extent it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, defendant will provide business records from which information responsive to this interrogatory may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 13**

For the period from January 1, 1998 to the present, describe in detail the policies, procedures, and practices used for determining what individual partner liability would be for any debts of the firm.

> **Response to Interrogatory No. 13**

Defendant objects to this interrogatory to the extent it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 14**
For the period from. January 1, 1998 to the present, describe in detail the processes by which
partners or principals were assigned to specific geographic PwC Offices, and to individual
work spaces within those offices.

### Response to Interrogatory No. 14

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 15**
For the period from January 1, 1998 to the present, describe in detail the processes by which a
PwC client service partner supervised employees, including but not limited to

  a)    Hiring,
  b)    Performance evaluations,
  c)    Promotions, and
  d)    Discipline, including employment termination.

### Response to Interrogatory No. 15

Defendant objects to this interrogatory to the extent it is barred by the November 22,

2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide business records from which information responsive to this interrogatory

may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 16**

For the period from January 1, 1998 to the present, identify each member of PwC's U.S. Board of Partners and Principals, and state his/her

a)      assigned PwC office,
b)      date of election or appointment and remaining term as a member of the Board,
c)      position(s) held in PwC management,
d)      duties and responsibilities, and
e)      membership on Board committees, including the identification of each committee chair

**Response to Interrogatory No. 16**

Defendant objects to this interrogatory to the extent it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendant will provide business records from which information responsive to this interrogatory may be derived or ascertained with respect to fiscal year 2004.

**Interrogatory No. 17**

For individuals employed by defendant who were age 55 or older any time after January 1, 2002 to the present, identify each person holding the position of manager or higher, exclusive of partners, and if he/she retired from PwC, state the date of retirement.

**Response to Interrogatory No. 17**

Defendant objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 18**

For the period from January 1, 2003 to the present, identify all partners who retired upon reaching age 60.

**Response to Interrogatory No. 18**

Defendant objects to this interrogatory as unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 19**
Describe in detail the benefits that would be afforded to any partner who retired in the period
from January 1, 2003 to the present, including but not limited to the types of benefits -- such as
medical coverage, guaranteed pension, etc. -- and the method of calculating each such benefit
(e.g., whether based on percentage of salary or firm revenue, etc.).

**Response to Interrogatory No. 19**

Defendant objects to this interrogatory as overbroad, unduly burdensome, vague and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will provide information sufficient to describe the retirement

benefits, if any, to which plaintiff would have been entitled had he been admitted as a partner

and immediately retired, and/or business records from which such information may be derived or

ascertained.

**Interrogatory No. 20**
For the period from January 1, 2003 to the present, fully describe all age-related EEO complaints
against defendant -- formal and informal -- including but not limited to the age of the parties, the
substance of the complaint, the forum in which the complaint was made, and the resolution of
any such complaint.

**Response to Interrogatory No. 20**

Defendant objects to this interrogatory as vague, overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will limit its response to age discrimination complaints, if

any, that include allegations similar to those made by plaintiff.

**Interrogatory No. 21**
Identify (as with all discovery requests, as that term is defined above) each person whom
defendant knows or believes to have knowledge relating to or supporting the claims, denials,
defenses, assertions or other facts set forth in defendant's Answer, and for each such person,
fully describe his/her knowledge of facts relating to this case.

**Response to Interrogatory No. 21**

Defendant objects to this interrogatory as improper and unduly burdensome in light of

10

plaintiff's counsel's stipulation to dispense with the initial disclosures required by Rule

26(a)(1)(A), F.R.Civ.P.


**REQUESTS FOR DOCUMENTS**

**Request No. 1**
Produce plaintiff's entire personnel file, including but not limited to all documents relating to bonuses, raises/pay increases, performance plans, performance evaluations, other performance-related documents, conduct-related documents, and position descriptions for each position held by plaintiff.

**Response to Request No. 1**

Without waiving any objection, defendant will update and supplement its previous

production of plaintiff's personnel file in the Related Action.


**Request No. 2**
For each employee admitted to partnership from January 1, 2003 to the present, produce his/her complete personnel file, including but not limited to all performance evaluations, position descriptions, and pay records.

**Response to Request No. 2**

Defendant objects to this request as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendant will produce portions of the personnel files of similarly situated employees

who were admitted as partners in the July 1, 2004 admissions cycle.


**Request No. 3**
For each employee admitted to partnership from January 1, 2003 to the present, produce all documents that evidence, refer to, or reflect each person's candidacy for partnership, including but not limited to soundings, recommendations, and votes.

**Response to Request No. 3**

Defendant objects to this request as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

11

objections, defendant will produce responsive documents for similarly situated employees who

were admitted as partners in the July 1, 2004 admissions cycle.

**Request No. 4**
For each employee admitted into the partnership from January 1, 2003 to the present, produce
separately for each year up to the present documents evidencing his/her total annual
compensation.

    **Response to Request No. 4**

    Defendant objects to this request as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 5**
For each instance where an employee whose possible admission to partnership to be effective
after January 1, 2003 was considered by any committee or similar group, produce documents
showing the candidate's:

    (a)    name,
    (b)    date of birth,
    (c)    date of hire at PwC or its predecessor firms,
    (d)    date of admission to partnership,
    (e)    the dates on which the committee considered his or her candidacy for partnership,
            all soundings or other recommendations concerning the candidate; and the
            committee's recommendation or disposition concerning the employee's candidacy
            for partnership.

    **Response to Request No. 5**

    Defendant objects to this request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, defendant will produce responsive documents for similarly situated employees who

were proposed as candidates for partner in the July 1, 2004 admissions cycle.

**Request No. 6**
For the period from January 1, 2003 to the present, produce all documents reflecting the so-
called "pipeline" maintained by or for the leader of PwC's Banking Practice of employees for
whom the Banking Practice was considering a possible recommendation for partnership.

**Response to Request No. 6**

Defendant objects to this request as vague, overbroad, and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will produce responsive documents, if any, for fiscal year 2004.

**Request No. 7**
For the period from January 1, 2003 to the present, for each employee who was included in the
"pipeline" of potential Banking Practice partnership candidates, produce documents showing the
candidate's name, date of birth, date of hire at PwC or its predecessor firms, consideration of or
reflection on his/her suitability or eligibility for partnership, a copy of all recommendations made
by the Banking Practice to admit him/her to partnership, all documents (including soundings)
reflecting further consideration of that recommendation, and all documents showing or related to
any disposition by a committee or similar group of PwC's Assurance Practice of any
recommendation for that employee to be admitted to partnership.

**Response to Request No. 7**

Defendant objects to this request as vague, overbroad and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will produce responsive documents, if any, for fiscal year 2004.

**Request No. 8**
For the period from January 1, 2003 to the present, for each Financial Services employee,
produce all documents evidencing, pertaining to or relating to any coaching, counseling, or
advising regarding his/her potential for partnership or candidacy for partnership.

**Response to Request No. 8**

Defendant objects to this request as vague, overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will produce responsive documents, if any, for fiscal year

2004.

**Request No. 9**
For each employee whose possible admission to partnership during the year 2005 was considered
by any committee or similar group of PwC's FORCe practice, produce documents showing the

13

candidate's:

    (a)      name,
    (b)      date of birth,
    (c)      date of hire at PwC or its predecessor firms, and
    (d)      date of admission to partnership;
    (e)      the dates on which the committee considered his or her candidacy for partnership;
    (f)      all soundings or other recommendations the committee received concerning the candidate; and
    (g)      the committee's recommendation or disposition concerning the employee's candidacy for partnership.

**<u>Response to Request No. 9</u>**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendant will produce responsive documents for similarly situated employees who were proposed as candidates for partner in the July 1, 2004 admissions cycle.

**<u>Request No. 10</u>**
For each employee whose possible admission to partnership during the years 2003, 2004, or 2005 was considered by any committee or similar group of PwC's Audit and Business Advisory Services Group or Assurance lines of service, produce documents showing the candidate's:

    (a)      name,
    (b)      date of birth,
    (c)      date of hire at PwC or its predecessor fits, and
    (d)      date of admission to partnership;
    (e)      the dates on which the committee considered his/her candidacy for partnership;
    (f)      all soundings or other recommendations the committee received concerning the candidate; and
    (g)      the committee's recommendation or disposition concerning the employee's candidacy for partnership.

**<u>Response to Request No. 10</u>**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendant will produce responsive documents for similarly situated employees who were proposed as candidates for partner in the July 1, 2004 admissions cycle.

**Request No. 11**

For the period from January 1, 2003 to the present, if you contend that any PwC employee was proposed for partnership at age 50 or older, produce a copy of each document which evidences, refers to or reflects that proposal and the disposition of that proposal, including but not limited to soundings, recommendations and votes.

    **Response to Request No. 11**

    Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendant will produce responsive documents for similarly situated employees who were proposed as candidates for partner in the July 1, 2004 admissions cycle.

**Request No. 12**

Produce all documents showing that any PwC partner or principal discussed with plaintiff at any time since January 1, 1989 his prospects for partnership at PwC or its predecessor firm.

    **Response to Request No. 12**

    Defendant objects to this request  to the extent it is barred by the November 22, 2004 Order.  Subject to and without waiving this objection, defendant will update and supplement its production of plaintiff's personnel file in the Related Action.

**Request No. 13**

Produce all documents showing that any PwC partner or principal at any time since January 1, 1989 considered plaintiff for partnership at PwC or its predecessor firm.

    **Response to Request No. 13**

    Defendant objects to this request to the extent it is barred by the November 22, 2004 Order.  Subject to and without waiving this objection, defendant will update and supplement its production of documents in the Related Action.

**Request No. 14**

For the period from January 1, 2003 to the present, produce all documents concerning plaintiffs performance and conduct at PwC and all other documents that would be pertinent to his potential

candidacy for admission to partnership.

**Response to Request No. 14**

Defendant objects to this request as vague and unduly burdensome.  Subject to and

without waiving these objections, defendant will produce responsive documents, if any,

exclusive of documents previously produced by the parties in the Related Action.

**Request No. 15**
For the period from January 1, 2003 to the present, produce all documents reflecting any alleged
performance and/or conduct problems relating to plaintiff, including but not limited to e-mails
and handwritten notes.

**Response to Request No. 15**

Defendant objects to this request as vague.

**Request No. 16**
Produce the prospectus attached to Robert Bench's April 9, 1999 e-mail recommending
plaintiff's promotion to Managing Director.

**Response to Request No. 16**

Defendant objects to this request on the ground that it is barred by the November 22,

2004 Order.

**Request No. 17**
Produce all documents relating to the decision to appoint plaintiff, Harold Schuler, and Gary
Welsh to the position of Managing Director.

**Response to Request No. 17**

Defendant objects to this to the extent that it relates to Mr. Schuler's initial promotion to

Managing Director at a predecessor firm, as barred by the November 22, 2004 Order, and will

otherwise produce documents responsive to this request.

**Request No. 18**
Produce all documents relating to the proposal for, consideration for, and admission to

16

partnership of Jeffery Lavine and David Albright.

**Response to Request No. 18**

Defendant objects to this request it is barred by the November 22, 2004 Order to the

extent it relates to the admission of David Albright as a partner effective July 1, 2000, which was

subject to discovery in the Related Action on plaintiff's claim on nonpromotion on that date.

**Request No. 19**

Produce all documents relating to the proposal and consideration of Daniel Weiss for admission
to partnership.

**Response to Request No. 19**

Responsive documents, if any, will be produced with respect to the July 1, 2004 partner

admissions cycle.

**Request No. 20**

Produce all documents relating to the consideration of Gale Blackburn for admission to
partnership and for appointment as Managing Director.

**Response to Request No. 20**

Defendant objects to this request as not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 21**

For the period from January 1, 2003 to the present, produce all documents kept by Bob Bench
comparing the assignments, hours, revenues or performance of the RAS professional staff.

**Response to Request No. 21**

Without waiving any objection, defendant will produce documents, if any, responsive to

this request.

**Request No. 22**

For the period from January 1, 2003 to the present, produce all documents kept by Bob Moritz,
Tire Ryan, John Fletcher, or Howard "Rick" Richardson comparing the assignments, hours,

17

revenues, or performance of the RAS professional staff.

### Response to Request No. 22

Without waiving any objection, defendant will produce documents, if any, responsive to this request.

### Request No. 23
Produce the video interviews shown on August 17, 2005 at the start of the PwC program "The Managing Director's Experience."

### Response to Request No. 23

Without waiving any objection, defendant will produce documents, if any, responsive to this request.

### Request No. 24
Produce personnel files for
   (a)   Robert Bench
   (b)   Robert Moritz
   (c)   Tim Ryan

### Response to Request No. 24

Defendant objects to this request as barred by the November 22, 2004 Order, and otherwise as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 25
Produce records of any involuntary withdrawals from partnership occurring during PwC's fiscal years 1998 to the present.

### Response to Request No. 25

Defendant objects to this request to the extent barred by the November 22, 2004 Order, and as overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, defendant

will produce documents, if any, responsive to this request for the period subsequent to November

22, 2004.

**Request No. 26**
For the period from January 1, 1998 to the present, produce any minutes, notices, and related
documents for PwC's U.S. Board of Partners and Principals' Committees on Admissions and on
Partner Affairs, and for any similar boards or committees at PwC's predecessor firms.

   **Response to Request No. 26**

   Defendant objects to this request to the extent barred by the November 22, 2004 Order,

and as overbroad, unduly burdensome, vague and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving these objections, defendant

will produce relevant documents, if any, responsive to this request.

**Request No. 27**
Produce all documents PwC provided to or received from the United States Equal Employment
Opportunity Commission or any other governmental agency since January 1, 1998 relating to
any charge of age discrimination or retaliation.

   **Response to Request No. 27**

   Defendant objects to this request to the extent barred by the November 22, 2004 Order,

and as vague, overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving these objections, defendant

will limit its response to age discrimination complaints subsequent to November 22, 2004, if any,

that include allegations similar to those made by plaintiff.

**Request No. 28**
For the period from January 1, 2003 to the present, produce copies of any formal or informal
complaints against PwC asserting that PwC discriminated on the basis of age in its employment
practices.

   **Response to Request No. 28**

   Defendant objects to this interrogatory as vague, overbroad, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will limit its response to age discrimination complaints, if

any, that include allegations similar to those made by plaintiff.

**Request No. 29**
For the period from January 1, 1998 to the present, produce any communication to PwC's or its
predecessor firm's management concerning or questioning the mandatory retirement age of
partners or any other age-based employment practice of PwC or its predecessor firms.

> **Response to Request No. 29**

> Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as vague, overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 30**
For the period from January 1, 1998 to the present, produce copies of all documents relating to
studies or consideration by the U.S. Board of Partners and Principals -- or any of its committees,
including similar boards or committees of PwC's predecessor firms -- of the policies and
procedures regarding selection of employees of PwC or its predecessor firms for partnership.

> **Response to Request No. 30**

> Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as vague, overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.  Defendant will produce responsive documents, if

any, with respect to fiscal year 2004.

**Request No. 31**
Produce all documents that evidence, refer to, or reflect the benefits that would be afforded to
any partner who retired in the period from January 1, 2003 to the present, including but not
limited to the types of benefits -- such as medical coverage, guaranteed pension, etc. and the
method of calculating each such benefit (e.g., whether based on percentage of salary or firm
revenue, etc.). This request includes but is not limited to policies, guidelines, and memoranda.

**Response to Request No. 31**

Defendant objects to this request as overbroad, unduly burdensome, vague and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, defendant will provide documents relating to the retirement benefits, if

any, to which plaintiff would have been entitled had he been admitted as a partner and

immediately retired.

**Request No. 32**
For the period from January 1, 1998 to the present, produce all documents establishing or
describing the policies, procedures, and practices by which PwC or its predecessor firms
determined the retirement benefits for each of its present and former partners and employees,
including but not limited to

   (a)    Studies conducted of retirement policies and programs for partners or employees,
          and
   (b)    Consideration by PwC management (including the U.S. Board of Partners and
          Principals and any committee of that Board) of retirement policies and programs
          for partners and employees.

**Response to Request No. 32**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 33**
For the period from January 1, 1998 to the present, produce all documents establishing or
describing the policies, procedures, and practices for reviewing the performance of a PwC
partner.

**Response to Request No. 33**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.

**Request No. 34**
From January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices by which PwC determines the compensation annually for each of its partners, including but not limited to

(a)    Studies conducted of partner compensation, and
(b)    Consideration by PwC management (including the U.S. Board of Partners and Principals and any committee of that Board) of partner compensation policies and programs.

**Response to Request No. 34**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request, exclusive of subparts (a) and (b),

that describe any such policies, procedures and practices for fiscal year 2004.

**Request No. 35**
For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices for a PwC partner to

(a)    accept a new client for services that are not attest services,
(b)    accept a new engagement for an existing non-attest client,
(c)    document in PwC's files the work performed for a non-attest client,
(d)    establish the fees to be charged on a client engagement, and
(e)    collect or write off fees or expenses charged to clients.

**Response to Request No. 35**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.

**Request No. 36**
For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices relating to a PwC partner's incurring expenses to be charged to a client or PwC practice group (regional, line of service, or business unit) for travel, practice development, or other purposes.

**Response to Request No. 36**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence. Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.

**Request No. 37**
For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices for a PwC partner to account for his/her time.

**Response to Request No. 37**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence. Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.

**Request No. 38**
For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices for a PwC partner to take vacation and leave for sickness or other purposes.

**Response to Request No. 38**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence. Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.

**Request No. 39**

For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices for a PwC partner's supervision of employees, including but not limited to hiring, performance evaluations, promotions, and discipline, including termination.

      **Response to Request No. 39**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request for fiscal year 2004.


**Request No. 40**

For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices regarding assignment of partners to specific geographic PwC offices and to individual work spaces within those offices.

      **Response to Request No. 40**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request, if any, for fiscal year 2004.


**Request No. 41**

For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices to determine what individual partner liability would be for any debts of the firm.

      **Response to Request No. 41**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request, if any, for fiscal year 2004.

**Request No. 42**
For the period from January 1, 1998 to the present, produce all documents establishing or describing the policies, procedures, and practices for ensuring that partners adhere to the policies in Document Requests 37-41.

**Response to Request No. 42**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will provide documents responsive to this request, if any, for fiscal year 2004.

**Request No. 43**
For the period from January 1, 1998 to the present, produce all documents constituting PwC's personnel policies, including but not limited to employee handbooks, discrimination policies, and anti-retaliation policies.

**Response to Request No. 43**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

defendant will produce employee handbooks and discrimination policies in effect from fiscal

year 2004 to the present.

**Request No. 44**
For the period from January 1, 1998 to the present, produce all documents constituting, referring to or relating to PwC's customs, policies, rules, procedures, or practices regarding the handling of discrimination complaints.

**Response to Request No. 44**

Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

25

lead to the discovery of admissible evidence.

**Request No. 45**
Produce all documents constituting, referring to or relating to defendant's handling of plaintiff's allegations of age discrimination.

    **Response to Request No. 45**

    Defendant objects to this request to the extent that it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, and by agreement with plaintiff's counsel, defendant will produce documents concerning nonprivileged communications, subsequent to November 22, 2004, with Dennis Nally, Bob Bench, Tim Ryan, Robert Moritz, Bill Lewis, or any member of PwC's Board of Partners and Principals regarding plaintiff's claims of age discrimination.

**Request No. 46**
Produce all documents relating to plaintiffs June 25, 2001 referral to PwC's Office of Ethics and Business Conduct.

    **Response to Request No. 46**

    Defendant objects to this request to the extent that it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 47**
Produce all documents relating to plaintiff s April 5, 2002 inquiry to PwC's Chief Diversity Officer.

    **Response to Request No. 47**

    Defendant objects to this request to the extent that it is barred by the November 22, 2004 Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 48**
Produce all documents relating to plaintiff s April 5, 2002 inquiry to PwC's Director of Human Resources.

      **Response to Request No. 48**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 49**
Produce all documents relating to plaintiff s July 26, 2001 e-mail to Mike Gagnon and Korbel suggesting that their conduct violated PwC's Ethics Code.

      **Response to Request No. 49**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 50**
Produce all documents relating to the investigation and disposition of the report plaintiff sent on December 12, 2001 to Barbara Kipp at the PwC Ethics Office alleging that Gagnon and Korbel had violated the PwC Code of Ethics and Business Conduct.

      **Response to Request No. 50**

      Defendant objects to this request to the extent that it is barred by the November 22, 2004

Order, and otherwise as overbroad, unduly burdensome, vague and not reasonably calculated to

lead to the discovery of admissible evidence.

**Request No. 51**
Produce PwC's partnership tax returns for 2003-2005.

**Response to Request No. 51**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overbroad and harassing.

**Request No. 52**
Produce PwC's financial statements from 2003-2005.

**Response to Request No. 52**

Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overbroad and harassing.

**Request No. 53**
Produce all documents relating to any affirmative defense defendant may raise in this case.

**Response to Request No. 53**

Defendant objects to this request as overbroad, premature and hypothetical.

**Request No. 54**
Produce all documents that were consulted or identified in connection with defendant' responses to plaintiff's interrogatories.

**Response to Request No. 54**

Defendant objects to this request as vague, overbroad and unduly burdensome and, to the extent it requests documents "consulted," the request calls for the disclosure of communications protected by the attorney-client privilege, materials prepared in anticipation of litigation or attorney work product.  Subject to and without waiving these objections, defendant will produce all documents identified in its responses to plaintiff's interrogatories.

**Request No. 55**
Produce all documents not otherwise produced that may tend to support or refute any factual issue raised by the Complaint or the Answer in this case.

**Response to Request No. 55**

Defendant objects to this request as overbroad and unduly burdensome.


**Request No. 56**
Produce all documents not otherwise produced that defendant may use at the trial of this matter as an exhibit, for rebuttal or for impeachment.

**Response to Request No. 56**

Defendant objects to this request as overbroad, unduly burdensome, premature and

hypothetical.


Dated:  February 3, 2006

WINSTON & STRAWN LLP


By:  /s/ Eric M. Nelson
        Eric M. Nelson, Esq.
        Stephen L. Sheinfeld, Esq.

        200 Park Avenue
        New York, New York 10166
        (212) 294-6700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Objections and Responses to Plaintiff's Discovery Requests was served the 3rd day of February, 2006, via electronic mail, to:

Counsel for Plaintiff:

Douglas B. Huron
Richard A. Salzman
Tammany M. Kramer
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW, Suite 412
Washington, D.C.  20036

__/s/_____
          Mark A. Konkel, Esq.