# Tab 8

| | |
|---|---|
| From: | "Nelson, Eric" <ENelson@winston.com> |
| To: | "Richard Salzman" <ras@hellerhuron.com> |
| Date: | 1/20/2006 6:32:00 PM |
| Subject: | RE: Discovery |

Rick, as I'm sure you know, the task of responding to a combined total of 87 document requests and 35 interrogatories in the two actions is enormously burdensome. To the extent the requests are not reasonably calculated to lead to the discovery of admissible evidence, the burden and expense of responding is undue.<?xml:namespace prefix = o ns = "urn:schemas-microsoft-com:office:office" />

We have endeavored to review all of the requests with a view towards identifying those we find objectionable, and have attempted to afford plaintiff the benefit of the doubt in making those determinations. We think it would be useful for us to meet and confer in person in your office or our D.C. office with respect to the issues raised.

In the '02 action, we believe document requests 3, 21, 26, 27, 29, 30 and 31, and interrogatory 1, are objectionable, principally on grounds of relevance and/or undue burden. In the '05 action, we believe document requests 4, 8, 9, 19, 24, 27, 32, 49, 50, 51, 52, 53 and 55, and interrogatories 18 and 20, are objectionable, principally on grounds of relevance and/or undue burden.

In addition, we are concerned that many other requests are overbroad, and expect that our responses will be limited. The limitations fall generally into two categories. First, in many instances where information regarding other employees or partners is requested, relevance may be appropriately limited to RAS (or, perhaps, in a few instances, to the D.C. office). Second, many requests are temporally overbroad. In most instances, the relevant time frame would be the fiscal years in which plaintiff claims he was discriminatorily denied admission as a partner. Information concerning predecessor firms would rarely, if ever, be relevant. We have also found certain requests to be vague and incomprehensible.

This represents our best attempt to meet your deadline for informing you of our intended objections, and we must reserve the right at this point to waive or assert additional objections after further consideration. Most importantly, we strongly believe that a face-to-face meeting to discuss the issues would serve to minimize our differences and facilitate our formal responses. Please let me know when you would be available to meet.

-----Original Message-----
From: Richard Salzman [mailto:ras@hellerhuron.com]
Sent: Thursday, January 12, 2006 2:19 PM
To: Nelson, Eric
Subject: Discovery

Eric, this is to confirm our agreement yesterday regarding the extension of time to answer the discovery requests Plaintiff Murphy served on PwC at the December 8, 2005 status conference. Plaintiff has agreed to extend the time for PwC to produce requested documents and provide interrogatory answers to February 1, 2006. PwC will, however, inform us by January 20, 2006 of any document request or interrogatory answer for which it does not intend to provide complete responses, and the basis for the

objection to the request.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.