Tab 7

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | | |
|---|---|---|
| C. WESTBROOK MURPHY, et al., | : | Docket No. CV02-982 (RJL) |
| | : | December 8, 2005 |
| Plaintiffs, | : | |
| | : | 3:15 p.m. |
| v. | : | |
| PRICEWATERHOUSECOOPERS, LLP, et al., | : | |
| Defendants. | : | |

. . . . . . . . . . . . . . . :

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff            RICHARD A. SALZMAN, ESQ.
C. Westbrook Murphy:         TAMMANY MORGAN KRAMER, ESQ.
                             Heller, Huron, Chertkof, Lerner,
                               Simon & Salzman, PLLC
                             1730 M Street, N.W.
                             Suite 412
                             Washington, D.C.  20036

For the Plaintiff            DAVID L. ROSE, ESQ.
Harold Schuler:              TERRI MARCUS, ESQ.
                             Rose & Rose, P.C.
                             1320 19th Street, N.W.
                             Suite 601
                             Washington, D.C.  20036

APPEARANCES (continued):

For the Defendant:        ERIC M. NELSON, ESQ.

                          STEPHEN L. SHEINFELD, ESQ.

                          Winston & Strawn, LLP

                          200 Park Avenue

                          New York, New York  10166


Court Reporter:           PATTY ARTRIP GELS, RMR

                          Official Court Reporter

                          Room 4800-C, U.S. Courthouse

                          Washington, D.C. 20001

                          (202) 962-0200


Proceedings reported by machine shorthand, transcript produced by computer-aided transcription

```
 1                      P R O C E E D I N G S
 2           COURTROOM DEPUTY:  This is the matter of C. Westbrook
 3   Murphy, et al., versus PricewaterhouseCoopers, et al., civil
 4   action 02-982, also civil action 05-1054.
 5           Counsel, come forth and state your appearances for the
 6   record, please.
 7           MR. SALZMAN:  Good afternoon, your Honor.  Richard
 8   Salzman and Tammany Kramer for Mr. Murphy.
 9           THE COURT:  Welcome.
10           MR. ROSE:  Your Honor, David Rose and Terri Marcus for
11   Plaintiff Schuler.
12           THE COURT:  All right.  Welcome back.
13           MR. ROSE:  And, your Honor, we have filed a second case
14   similar to the second case Murphy has filed.  It is being filed
15   today, and we have advised opposing counsel --
16           THE COURT:  Come to the podium.
17           MR. ROSE:  I'm sorry.  I didn't realize.
18           We filed for Plaintiff Schuler a second case that's
19   similar to the 05 case in Murphy, and we have talked about a
20   schedule with opposing counsel in that case as well, because it
21   would save everybody time and energy if the Discovery on the
22   Plaintiffs for depositions, for example, were taken in all the
23   cases.
24           THE COURT:  All right.
25           MR. NELSON:  Good afternoon, your Honor.  Eric Nelson
```

1    and my partner Stephen Sheinfeld for Defendant
2    PricewaterhouseCoopers.
3             THE COURT:  Welcome back.
4             MR. NELSON:  Just briefly, Mr. Rose, just a few minutes
5    ago, handed us a courtesy copy of a complaint, and I gather an
6    action --
7             THE COURT:  That's the way it goes.
8             MR. NELSON:  -- that's about to be filed.  And I am not
9    sure what conversations he is referring to, but I guess we will
10   hear some more about it.
11            THE COURT:  All right.  Well, obviously Court hasn't
12   seen whatever it is that's about to be or just has been -- I
13   don't know which category it falls in, just has been or about to
14   be filed.  Obviously, I will have to look at it when it comes in
15   and make a determination whether it's something that can be --
16   I'm assuming you are moving to consolidate it.  Is that what you
17   are going to do?
18            MR. ROSE:  The parties agreed to consolidate the --
19            COURTROOM DEPUTY:  Counsel, you have to come to the
20   podium.
21            THE COURT:  Yes.  Our reporter -- it helps her a lot.
22            MR. ROSE:  In the joint statement that the parties
23   filed in the second Murphy case, there is a schedule for -- that
24   basically says the Discovery will be for both then-existing
25   cases.  And that's what I was referring to.

```
 1            THE COURT:  All right.  Let's start off by talking
 2   about your supplemental joint statement, Mr. Salzman or
 3   Mr. Rose, whoever wants to speak for the Plaintiffs about where
 4   you are on this process.  Obviously, there has been some accord
 5   between the parties as to how much time is needed to conduct
 6   Discovery.  Seven months looks like the agreed-upon time,
 7   roughly.
 8            MR. SALZMAN:  Yes, your Honor.  Your Honor, I think we
 9   have agreed on virtually everything except for the issue of
10   consolidation for trial which, in our view, just doesn't need to
11   be decided now and can be deferred until after we have a better
12   idea of whether we are really going to have a collective action
13   or not.
14            But with respect to Discovery, we have agreed with
15   Defendant on a 210-day period of time without any bifurcation of
16   issues.  They have urged us, and we certainly will comply, to
17   get started very quickly with that.  And particularly -- you
18   know, both sides, I think, expect Discovery early on on the
19   issue of the owner versus employee question, and so we are going
20   to be filing some interrogatories and document requests with
21   them, or sending them to them.
22            THE COURT:  Once Discovery is complete, I assume there
23   is at least a chance that there will be dispositive Motions from
24   either or both sides.
25            MR. SALZMAN:  Yes.
```

1      THE COURT:  I don't know, but I am kind of just
2 guessing.  It looks like, with the nods of the heads, that
3 that's a likely outcome.
4      So not knowing where that's going, not knowing how it
5 will come out, it seems to me that the issue of what will be
6 tried when and how it will be tried seems pretty far down the
7 road.  I mean, Discovery has got to get completed.
8      MR. SALZMAN:  Right.
9      THE COURT:  We can't get to the next stage, the Motions
10 for Summary Judgment, until we get the Discovery completed.  It
11 seems to me we ought to get that completed and then come up with
12 a timetable for dispositive Motions and responses that can work,
13 realistically, for the parties.
14      And I gave up a long time ago trying to guess what my
15 schedule will be like two months from now, let alone a year and
16 a half from now, but hopefully within the not too distant future
17 after your file your Motions, I will be able to pay attention to
18 them and focus just on them.  It's just schedule-determinative.
19      MR. SALZMAN:  Understood, your Honor.  And I think that
20 that framework makes sense to us.  We see the need to do
21 Discovery on these issues, and I think we can get at that very
22 quickly.  And then, obviously, it is our understanding that they
23 are going to be moving on the issue, and we will be ready to
24 respond to it after we have had the Discovery.
25      THE COURT:  Well, why don't you all come up with a

1    joint proposed Scheduling Order that covers Discovery and
2    dispositive Motions.  My guess is you can agree to all of -- you
3    have already agreed to how much time for Discovery, anyway.  I
4    think dispositive Motions -- I am sure you have a mutually
5    realistic timetable after the close of Discovery.
6         The one thing you shouldn't include in the proposed
7    schedule is a time certain as to when the Motion will be ruled
8    on because I just can't -- I just don't know at any given point
9    in time -- I have a three-month trial this summer.  I have a
10   three-month trial starting in February.  And who knows if I will
11   have a three-month trial in some other case coming up in late
12   '06/early '07.  I just don't know today.
13        So I think we just have to, you know, hope that I can
14   rule on it relatively quickly.
15        MR. SALZMAN:  Understood, your Honor.
16        THE COURT:  So I would suggest you come up with some
17   kind of a mutually agreeable proposed schedule to take us
18   through Discovery and through dispositive Motions, briefings on
19   that.  And then I will sign it if you both can agree to it, and
20   then -- Mr. Nelson --
21        MR. SALZMAN:  Thank you, your Honor.
22        THE COURT:  -- does that make sense to you?
23        MR. NELSON:  If I may, your Honor.  We don't
24   necessarily think that dispositive Motions need to await the
25   conclusion of all Discovery.

1          THE COURT: No.

2          MR. NELSON: The reason that we urged the Plaintiff to
3  seek whatever additional Discovery they need on the question of
4  the partner/employee issue is that we think that that issue is
5  definitely dispositive of these claims and that it's an issue
6  that's invariably resolved by all the courts that have addressed
7  it on the merits on dispositive Motions.

8          So I thought the implication that your Honor was saying
9  is that we have to complete all Discovery and then schedule the
10 dispositive Motion as opposed to having, you know, an ultimate
11 deadline for filing Motions --

12         THE COURT: I might have misread your joint submission,
13 but as I read it, I read it to mean that the parties agree that
14 fact Discovery can be completed in 210 days.

15         MR. NELSON: That is correct, your Honor, to be
16 followed by 150 days of expert Discovery. But what we are also
17 saying and urging the Plaintiff to promptly seek whatever
18 additional Discovery they believe they need on that one issue,
19 namely, you know, the issue of whether a partner should be
20 deemed an employee. It is alleged in the complaints in both
21 actions.

22         That's just one dispositive issue. It is an issue on
23 which the parties previously cross-moved for Summary Judgment,
24 and your Honor didn't reach it at that time because the claim
25 then at issue was dismissed on other grounds.

1          But it's an issue that we think should be resolved
2     sooner rather than later because it is dispositive.  And all I
3     am saying now, your Honor, is that we can agree on a deadline
4     for dispositive Motions, and that deadline presumably would be
5     sometime after the conclusion of all fact Discovery.  But if
6     it's understood that that's a deadline and if a Motion sometime
7     earlier than that is permissible, that's what we -- that's how
8     we would like to -- we would prefer to proceed that way, at
9     least to have the option if we believe that Discovery is
10    complete on an issue.
11             THE COURT:  Well, fact Discovery will be done by, say,
12    July, right?
13             MR. NELSON:  Well, I understand it's seven months for
14    fact Discovery.  And we were going to formally ask for
15    bifurcation with respect to this issue, but we didn't want to
16    get into any more disputes over delaying other Discovery.  But
17    nonetheless, that's why we urged promptness on this issue.
18             THE COURT:  Well, I will tell you what.  Why don't
19    you -- the practical reality is if you filed a Summary Judgment
20    Motion prior to July, I won't be looking at it.  I can tell you
21    that right now because in late February I am starting a
22    three-month trial that could become four months, easily.
23    Multi-Defendant drug case.  I won't be looking at any Motions
24    for Summary Judgment from any parties, even those that have been
25    filed already a month ago.

```
 1          MR. NELSON:  Well, that practical consideration is
 2   important, your Honor.
 3          THE COURT:  It's just a practical reality under the
 4   circumstances.
 5          MR. NELSON:  We appreciate being so advised, and --
 6          THE COURT:  I wouldn't want you to get false hope.
 7          MR. NELSON:  No, I am not getting hopes, and I'm not
 8   trying to submit Motions early to get your Honor's attention.
 9          THE COURT:  I know.
10          MR. NELSON:  I just generally understand a dispositive
11   Motion date to be a deadline, and if the circumstances are such
12   that we think it makes sense to make it earlier, I just want to
13   understand that we have that option.  Obviously, I am not going
14   to make a Motion if your Honor is not even going to have a
15   chance to read it.  So --
16          THE COURT:  It's just not going to happen.
17          MR. NELSON:  Yes.
18          THE COURT:  I would suggest that you come up with a
19   schedule that completes fact Discovery.  Then, if you want to
20   file dispositive Motions after fact Discovery but before
21   completion of expert Discovery, well, that's fine too.  But, you
22   know, again, I think probably what makes sense is I will set a
23   status conference at the end of fact Discovery and just come in
24   and we will have, like, an update on where things stand, you
25   know, maybe like next -- sometime next July.  I have a month
```

1  long civil trial starting next June. So it's basically,
2  essentially, back-to-back lengthy trials.
3           So maybe at the end of next July we could have a Status
4  Hearing. Fact Discovery will be done by then. Status Hearing.
5  See how it's looking. You may change your mind. You may
6  decide, well, we are not going to wait. We will wait until we
7  do the Discovery on experts, and then we'll do our -- but you
8  may not.
9           MR. NELSON: Not for this one issue, your Honor.
10          THE COURT: Okay.
11          MR. NELSON: We would not. It doesn't turn on experts
12 at all.
13          THE COURT: Okay. All right. Well, that's fine. I
14 mean, under the rules you are entitled to file it whenever you
15 wish. So -- I mean, I am not -- I don't want to, you know, put
16 you in a position that's contrary to the rules.
17          But I think the practical reality is we should probably
18 take the temperature after the fact Discovery is done. You will
19 have a better sense of where your case stands. The Plaintiffs
20 will have a better sense where their case stands. Who knows,
21 maybe you will settle the case between now and then. I don't
22 know what you are going to find out in the Discovery, so -- and
23 you may not know yourself, exactly. You may be --
24          MR. NELSON: Well, we have already had fairly extensive
25 Discovery. And in fact, as you said, the Plaintiffs have

1  already moved for Summary Judgment on this dispositive issue.
2  But we obviously will take your Honor's schedule into very
3  serious consideration in anything we do.
4           THE COURT: Good. I appreciate it. So that month-long
5  trial is going to end around the third week of July. So maybe
6  the end of the next week before we get to the August vacation
7  time frame, we will have a get-together here and see where
8  things stand. And by then, you will know if you are filing,
9  and, you know, I will have some sense of when to expect it, if
10 that's what's going to happen. And then you all will know where
11 you stand on the expert -- and things will be moving in that
12 direction.
13          So if you all could just get me something in the next,
14 say, ten days or something, I will sign it and get you going.
15 And, you know, I think you should make the most efficient and
16 productive use of the next seven months as you can, get it done.
17          MR. SALZMAN: We will absolutely do that, your Honor.
18          THE COURT: And then on the consolidation, I think we
19 will just deal with that at a later -- on the trial, for trial
20 purposes, we will deal with that down the road, I think.
21          MR. SALZMAN: Good.
22          MR. NELSON: Just one other thing, your Honor. As I
23 mentioned, we have had quite extensive Discovery in action 1,
24 which is applicable for action 2 and presumably to action 3,
25 based on what Mr. Rose just said.

1    I very much hope that I am wrong, but I anticipate the
2    parties may have some Discovery disputes; may not, but it may,
3    and I just wondered whether those would -- if those
4    materialize -- I understand how busy your Honor is -- how
5    those --
6              THE COURT:  Well, what I will try to do is if it starts
7    snowballing, then, especially with a three-month trial in the
8    wings coming up, then there will probably be a high chance that
9    I will just refer it to a Magistrate because the practical
10   reality is that once I get embroiled in something of that
11   magnitude, especially it's got all kinds of translation issues
12   and all kinds of issues -- it's just hard to get diverted off of
13   it.  It is totally consuming.
14             So I would say right now, you know, if it's a small
15   issue here or a small issue there, then I can just deal with it.
16   But if it starts coming down to I need to have hearings and
17   teleconference calls or whatever, then I will probably have no
18   choice.  I mean, basically -- I try to do that to only a very
19   limited extent, but there are times when you just have to do
20   that.
21             So I would say for the moment, let's wait and see how
22   it goes.  Let's hope it's not a problem.  But if it turns out
23   it's necessary, yes, I will undoubtedly have to refer it at that
24   point.
25             MR. NELSON:  Understood, your Honor.

1          THE COURT: Very good. Thanks.
2          Mr. Rose, does that all makes sense to you. Too?
3          MR. ROSE: Yes, sir. Yes, it does. And my
4 understanding is that we will participate in the scheduling and
5 try to do it so that everything can be done --
6          THE COURT: Yes, let's try to do this with maximum
7 efficiency. Where you've got common witnesses, you've got to do
8 this with -- you know, frankly, to share the expenses -- to keep
9 the expenses down for everyone here. This is costly litigation.
10         So certainly I would appreciate any effort that the
11 three of you, three groups could make to keep this streamlined
12 and keep it efficient because this can get real expensive.
13         MR. ROSE: Thank you.
14         THE COURT: All right. Very good.
15         MR. SALZMAN: Your Honor, just two quick points. I am
16 sorry.
17         THE COURT: Yes.
18         MR. SALZMAN: I think the party had agreed in the
19 original 16.3 report that we would continue to use Magistrate
20 Judge Robinson for nondispositive issues. We are certainly
21 happy to do that, or if the Court prefers, for us to first come
22 to you. Whichever.
23         THE COURT: No, that's fine, I mean, for the moment
24 anyway.
25         MR. SALZMAN: I think that she does have -- she was the

1  Magistrate Judge in the first case, so I think she has some
2  history with us.
3       THE COURT:  That's fine.  The learning curve is a lot
4  less, so she has a familiarity with the issues and the
5  parties -- that's fine with me.
6       MR. SALZMAN:  Your Honor, I know this doesn't affect
7  any of the scheduling.  I did just want to -- from our
8  perspective, Mr. Nelson has referred to the owner/employee issue
9  as a dispositive one in the case.  We have a differing view on
10 that.  We think, while it is certainly important --
11      THE COURT:  I assumed that.
12      MR. SALZMAN:  Yes, your Honor.  While it is an
13 important issue, we think it's not dispositive.
14      THE COURT:  I understand.  I realize there is a
15 difference of opinion on that subject.
16      MR. NELSON:  Your Honor, just one point of
17 clarification.  Is your Honor saying that if there are Discovery
18 disputes, they should be first brought to your attention and
19 then you will make a reference, if need be, or are you saying
20 that we would go back to --
21      THE COURT:  Well, to be honest with you, I had
22 forgotten the fact that Magistrate Judge Robinson had worked on
23 some earlier issues in this case.  It just wasn't at the
24 foremost of my mind.  You know, when you're juggling 240 civil
25 cases, it's hard to keep some of those things straight.

1                But certainly, it seems to me that she does have the
2       advantage of familiarity with the case. And I will go back and
3       revisit my order to make sure it's not so narrowly drawn that it
4       would in any way preclude her. And then, if it is, I will
5       expand it to include these cases -- all of these cases, so it is
6       not --
7                MR. NELSON: We are going to, within the next week or
8       so, submit a Scheduling Order. Would that be appropriate, to
9       put a provision in that order for referring --
10               THE COURT: No. It would be a separate order, but it
11      certainly would be a good time to sort of -- like a
12      housekeeping -- from a housekeeping perspective, just to get it
13      all wrapped up at once. So why don't you submit a proposed
14      order referring all nondispositive issues, Discovery issues, to
15      Magistrate Judge Robinson for her --
16               MR. NELSON: The Discovery issues --
17               THE COURT: Yes.
18               MR. NELSON: -- yes, your Honor.
19               THE COURT: Nondispositive Discovery issues, yes.
20               MR. NELSON: Thank you.
21               THE COURT: That would be fine.
22               MR. ROSE: Thank you, your Honor. Just a
23      clarification, your Honor. You indicated that the conference
24      would be the last full week in July? Did I understand you
25      correctly?

```
 1            THE COURT:  Did I give you a specific date?  How about
 2   the 27th there?  Thanks for nailing that down, Mr. Rose.  How is
 3   11:00 a.m. on the 27th?
 4            MR. ROSE:  That's fine for me, your Honor.
 5            MR. SALZMAN:  That's fine.
 6            MR. NELSON:  That's fine, your Honor.
 7            11:00 a.m.?
 8            THE COURT:  11:00.  Well, you're coming in from New
 9   York, right?  So you like the afternoons better?
10            MR. NELSON:  Yes.
11            THE COURT:  Sure.  All right.  We will make it 3:00,
12   and then that will make it a little easier on your travel
13   schedule there.
14            MR. ROSE:  Okay.
15            THE COURT:  Thanks, Counsel.  We will stand in recess.
16            (Whereupon, at 3:35 p.m., the proceedings were
17   concluded.)
18
19
20
21
22
23
24
25
```

1     CERTIFICATE OF REPORTER

2

3

4        I certify that the foregoing is a correct transcript

5   from the record of proceedings in the above-entitled matter.

6

7

8        _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25