# Tab 7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



C. WESTBROOK MURPHY, et al.,         :      Docket No. CV02-982 (RJL)

                                     :      December 8, 2005

            Plaintiffs,              :

                                     :      3:15 p.m.

                                     :

v.                                   :

                                     :

PRICEWATERHOUSECOOPERS, LLP,         :

et al.,                              :

                                     :

            Defendants.              :

. . . . . . . . . . . . . . . . . :


TRANSCRIPT OF STATUS CONFERENCE

BEFORE THE HONORABLE RICHARD J. LEON

UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff                 RICHARD A. SALZMAN, ESQ.
C. Westbrook Murphy:              TAMMANY MORGAN KRAMER, ESQ.
                                  Heller, Huron, Chertkof, Lerner,
                                    Simon & Salzman, PLLC
                                  1730 M Street, N.W.
                                  Suite 412
                                  Washington, D.C.  20036

For the Plaintiff                 DAVID L. ROSE, ESQ.
Harold Schuler:                   TERRI MARCUS, ESQ.
                                  Rose & Rose, P.C.
                                  1320 19th Street, N.W.
                                  Suite 601
                                  Washington, D.C.  20036

APPEARANCES (continued):


For the Defendant:          ERIC M. NELSON, ESQ.

                            STEPHEN L. SHEINFELD, ESQ.

                            Winston & Strawn, LLP

                            200 Park Avenue

                            New York, New York   10166



Court Reporter:             PATTY ARTRIP GELS, RMR

                            Official Court Reporter

                            Room 4800-C, U.S. Courthouse

                            Washington, D.C. 20001

                            (202) 962-0200



Proceedings reported by machine shorthand, transcript produced

by computer-aided transcription

1                    P R O C E E D I N G S

2          COURTROOM DEPUTY:  This is the matter of C. Westbrook

3    Murphy, et al., versus PricewaterhouseCoopers, et al., civil

4    action 02-982, also civil action 05-1054.

5          Counsel, come forth and state your appearances for the

6    record, please.

7          MR. SALZMAN:  Good afternoon, your Honor.  Richard

8    Salzman and Tammany Kramer for Mr. Murphy.

9          THE COURT:  Welcome.

10          MR. ROSE:  Your Honor, David Rose and Terri Marcus for

11   Plaintiff Schuler.

12          THE COURT:  All right.  Welcome back.

13          MR. ROSE:  And, your Honor, we have filed a second case

14   similar to the second case Murphy has filed.  It is being filed

15   today, and we have advised opposing counsel --

16          THE COURT:  Come to the podium.

17          MR. ROSE:  I'm sorry.  I didn't realize.

18          We filed for Plaintiff Schuler a second case that's

19   similar to the 05 case in Murphy, and we have talked about a

20   schedule with opposing counsel in that case as well, because it

21   would save everybody time and energy if the Discovery on the

22   Plaintiffs for depositions, for example, were taken in all the

23   cases.

24          THE COURT:  All right.

25          MR. NELSON:  Good afternoon, your Honor.  Eric Nelson

1    and my partner Stephen Sheinfeld for Defendant

2    PricewaterhouseCoopers.

3            THE COURT:  Welcome back.

4            MR. NELSON:  Just briefly, Mr. Rose, just a few minutes

5    ago, handed us a courtesy copy of a complaint, and I gather an

6    action --

7            THE COURT:  That's the way it goes.

8            MR. NELSON:  -- that's about to be filed.  And I am not

9    sure what conversations he is referring to, but I guess we will

10   hear some more about it.

11           THE COURT:  All right.  Well, obviously Court hasn't

12   seen whatever it is that's about to be or just has been -- I

13   don't know which category it falls in, just has been or about to

14   be filed.  Obviously, I will have to look at it when it comes in

15   and make a determination whether it's something that can be --

16   I'm assuming you are moving to consolidate it.  Is that what you

17   are going to do?

18           MR. ROSE:  The parties agreed to consolidate the --

19           COURTROOM DEPUTY:  Counsel, you have to come to the

20   podium.

21           THE COURT:  Yes.  Our reporter -- it helps her a lot.

22           MR. ROSE:  In the joint statement that the parties

23   filed in the second Murphy case, there is a schedule for -- that

24   basically says the Discovery will be for both then-existing

25   cases.  And that's what I was referring to.

1          THE COURT:  All right.  Let's start off by talking

2    about your supplemental joint statement, Mr. Salzman or

3    Mr. Rose, whoever wants to speak for the Plaintiffs about where

4    you are on this process.  Obviously, there has been some accord

5    between the parties as to how much time is needed to conduct

6    Discovery.  Seven months looks like the agreed-upon time,

7    roughly.

8          MR. SALZMAN:  Yes, your Honor.  Your Honor, I think we

9    have agreed on virtually everything except for the issue of

10   consolidation for trial which, in our view, just doesn't need to

11   be decided now and can be deferred until after we have a better

12   idea of whether we are really going to have a collective action

13   or not.

14          But with respect to Discovery, we have agreed with

15   Defendant on a 210-day period of time without any bifurcation of

16   issues.  They have urged us, and we certainly will comply, to

17   get started very quickly with that.  And particularly -- you

18   know, both sides, I think, expect Discovery early on on the

19   issue of the owner versus employee question, and so we are going

20   to be filing some interrogatories and document requests with

21   them, or sending them to them.

22          THE COURT:  Once Discovery is complete, I assume there

23   is at least a chance that there will be dispositive Motions from

24   either or both sides.

25          MR. SALZMAN:  Yes.

1    THE COURT:  I don't know, but I am kind of just

2    guessing.  It looks like, with the nods of the heads, that

3    that's a likely outcome.

4    So not knowing where that's going, not knowing how it

5    will come out, it seems to me that the issue of what will be

6    tried when and how it will be tried seems pretty far down the

7    road.  I mean, Discovery has got to get completed.

8    MR. SALZMAN:  Right.

9    THE COURT:  We can't get to the next stage, the Motions

10   for Summary Judgment, until we get the Discovery completed.  It

11   seems to me we ought to get that completed and then come up with

12   a timetable for dispositive Motions and responses that can work,

13   realistically, for the parties.

14   And I gave up a long time ago trying to guess what my

15   schedule will be like two months from now, let alone a year and

16   a half from now, but hopefully within the not too distant future

17   after your file your Motions, I will be able to pay attention to

18   them and focus just on them.  It's just schedule-determinative.

19   MR. SALZMAN:  Understood, your Honor.  And I think that

20   that framework makes sense to us.  We see the need to do

21   Discovery on these issues, and I think we can get at that very

22   quickly.  And then, obviously, it is our understanding that they

23   are going to be moving on the issue, and we will be ready to

24   respond to it after we have had the Discovery.

25   THE COURT:  Well, why don't you all come up with a

1    joint proposed Scheduling Order that covers Discovery and

2    dispositive Motions.  My guess is you can agree to all of -- you

3    have already agreed to how much time for Discovery, anyway.  I

4    think dispositive Motions -- I am sure you have a mutually

5    realistic timetable after the close of Discovery.

6        The one thing you shouldn't include in the proposed

7    schedule is a time certain as to when the Motion will be ruled

8    on because I just can't -- I just don't know at any given point

9    in time -- I have a three-month trial this summer.  I have a

10   three-month trial starting in February.  And who knows if I will

11   have a three-month trial in some other case coming up in late

12   '06/early '07.  I just don't know today.

13       So I think we just have to, you know, hope that I can

14   rule on it relatively quickly.

15       MR. SALZMAN:  Understood, your Honor.

16       THE COURT:  So I would suggest you come up with some

17   kind of a mutually agreeable proposed schedule to take us

18   through Discovery and through dispositive Motions, briefings on

19   that.  And then I will sign it if you both can agree to it, and

20   then -- Mr. Nelson --

21       MR. SALZMAN:  Thank you, your Honor.

22       THE COURT:  -- does that make sense to you?

23       MR. NELSON:  If I may, your Honor.  We don't

24   necessarily think that dispositive Motions need to await the

25   conclusion of all Discovery.

1          THE COURT:  No.

2          MR. NELSON:  The reason that we urged the Plaintiff to

3    seek whatever additional Discovery they need on the question of

4    the partner/employee issue is that we think that that issue is

5    definitely dispositive of these claims and that it's an issue

6    that's invariably resolved by all the courts that have addressed

7    it on the merits on dispositive Motions.

8          So I thought the implication that your Honor was saying

9    is that we have to complete all Discovery and then schedule the

10   dispositive Motion as opposed to having, you know, an ultimate

11   deadline for filing Motions --

12         THE COURT:  I might have misread your joint submission,

13   but as I read it, I read it to mean that the parties agree that

14   fact Discovery can be completed in 210 days.

15         MR. NELSON:  That is correct, your Honor, to be

16   followed by 150 days of expert Discovery.  But what we are also

17   saying and urging the Plaintiff to promptly seek whatever

18   additional Discovery they believe they need on that one issue,

19   namely, you know, the issue of whether a partner should be

20   deemed an employee.  It is alleged in the complaints in both

21   actions.

22         That's just one dispositive issue.  It is an issue on

23   which the parties previously cross-moved for Summary Judgment,

24   and your Honor didn't reach it at that time because the claim

25   then at issue was dismissed on other grounds.

1       But it's an issue that we think should be resolved

2   sooner rather than later because it is dispositive.  And all I

3   am saying now, your Honor, is that we can agree on a deadline

4   for dispositive Motions, and that deadline presumably would be

5   sometime after the conclusion of all fact Discovery.  But if

6   it's understood that that's a deadline and if a Motion sometime

7   earlier than that is permissible, that's what we -- that's how

8   we would like to -- we would prefer to proceed that way, at

9   least to have the option if we believe that Discovery is

10  complete on an issue.

11      THE COURT:  Well, fact Discovery will be done by, say,

12  July, right?

13      MR. NELSON:  Well, I understand it's seven months for

14  fact Discovery.  And we were going to formally ask for

15  bifurcation with respect to this issue, but we didn't want to

16  get into any more disputes over delaying other Discovery.  But

17  nonetheless, that's why we urged promptness on this issue.

18      THE COURT:  Well, I will tell you what.  Why don't

19  you -- the practical reality is if you filed a Summary Judgment

20  Motion prior to July, I won't be looking at it.  I can tell you

21  that right now because in late February I am starting a

22  three-month trial that could become four months, easily.

23  Multi-Defendant drug case.  I won't be looking at any Motions

24  for Summary Judgment from any parties, even those that have been

25  filed already a month ago.

1          MR. NELSON:  Well, that practical consideration is

2     important, your Honor.

3          THE COURT:  It's just a practical reality under the

4     circumstances.

5          MR. NELSON:  We appreciate being so advised, and --

6          THE COURT:  I wouldn't want you to get false hope.

7          MR. NELSON:  No, I am not getting hopes, and I'm not

8     trying to submit Motions early to get your Honor's attention.

9          THE COURT:  I know.

10          MR. NELSON:  I just generally understand a dispositive

11     Motion date to be a deadline, and if the circumstances are such

12     that we think it makes sense to make it earlier, I just want to

13     understand that we have that option.  Obviously, I am not going

14     to make a Motion if your Honor is not even going to have a

15     chance to read it.  So --

16          THE COURT:  It's just not going to happen.

17          MR. NELSON:  Yes.

18          THE COURT:  I would suggest that you come up with a

19     schedule that completes fact Discovery.  Then, if you want to

20     file dispositive Motions after fact Discovery but before

21     completion of expert Discovery, well, that's fine too.  But, you

22     know, again, I think probably what makes sense is I will set a

23     status conference at the end of fact Discovery and just come in

24     and we will have, like, an update on where things stand, you

25     know, maybe like next -- sometime next July.  I have a month

1    long civil trial starting next June.  So it's basically,

2    essentially, back-to-back lengthy trials.

3         So maybe at the end of next July we could have a Status

4    Hearing.  Fact Discovery will be done by then.  Status Hearing.

5    See how it's looking.  You may change your mind.  You may

6    decide, well, we are not going to wait.  We will wait until we

7    do the Discovery on experts, and then we'll do our -- but you

8    may not.

9         MR. NELSON:  Not for this one issue, your Honor.

10        THE COURT:  Okay.

11        MR. NELSON:  We would not.  It doesn't turn on experts

12   at all.

13        THE COURT:  Okay.  All right.  Well, that's fine.  I

14   mean, under the rules you are entitled to file it whenever you

15   wish.  So -- I mean, I am not -- I don't want to, you know, put

16   you in a position that's contrary to the rules.

17        But I think the practical reality is we should probably

18   take the temperature after the fact Discovery is done.  You will

19   have a better sense of where your case stands.  The Plaintiffs

20   will have a better sense where their case stands.  Who knows,

21   maybe you will settle the case between now and then.  I don't

22   know what you are going to find out in the Discovery, so -- and

23   you may not know yourself, exactly.  You may be --

24        MR. NELSON:  Well, we have already had fairly extensive

25   Discovery.  And in fact, as you said, the Plaintiffs have

1    already moved for Summary Judgment on this dispositive issue.

2    But we obviously will take your Honor's schedule into very

3    serious consideration in anything we do.

4              THE COURT:  Good.  I appreciate it.  So that month-long

5    trial is going to end around the third week of July.  So maybe

6    the end of the next week before we get to the August vacation

7    time frame, we will have a get-together here and see where

8    things stand.  And by then, you will know if you are filing,

9    and, you know, I will have some sense of when to expect it, if

10   that's what's going to happen.  And then you all will know where

11   you stand on the expert -- and things will be moving in that

12   direction.

13             So if you all could just get me something in the next,

14   say, ten days or something, I will sign it and get you going.

15   And, you know, I think you should make the most efficient and

16   productive use of the next seven months as you can, get it done.

17             MR. SALZMAN:  We will absolutely do that, your Honor.

18             THE COURT:  And then on the consolidation, I think we

19   will just deal with that at a later -- on the trial, for trial

20   purposes, we will deal with that down the road, I think.

21             MR. SALZMAN:  Good.

22             MR. NELSON:  Just one other thing, your Honor.  As I

23   mentioned, we have had quite extensive Discovery in action 1,

24   which is applicable for action 2 and presumably to action 3,

25   based on what Mr. Rose just said.

1    I very much hope that I am wrong, but I anticipate the

2    parties may have some Discovery disputes; may not, but it may,

3    and I just wondered whether those would -- if those

4    materialize -- I understand how busy your Honor is -- how

5    those --

6        THE COURT:  Well, what I will try to do is if it starts

7    snowballing, then, especially with a three-month trial in the

8    wings coming up, then there will probably be a high chance that

9    I will just refer it to a Magistrate because the practical

10   reality is that once I get embroiled in something of that

11   magnitude, especially it's got all kinds of translation issues

12   and all kinds of issues -- it's just hard to get diverted off of

13   it.  It is totally consuming.

14       So I would say right now, you know, if it's a small

15   issue here or a small issue there, then I can just deal with it.

16   But if it starts coming down to I need to have hearings and

17   teleconference calls or whatever, then I will probably have no

18   choice.  I mean, basically -- I try to do that to only a very

19   limited extent, but there are times when you just have to do

20   that.

21       So I would say for the moment, let's wait and see how

22   it goes.  Let's hope it's not a problem.  But if it turns out

23   it's necessary, yes, I will undoubtedly have to refer it at that

24   point.

25       MR. NELSON:  Understood, your Honor.

1          THE COURT:  Very good.  Thanks.

2          Mr. Rose, does that all makes sense to you.  Too?

3          MR. ROSE:  Yes, sir.  Yes, it does.  And my

4    understanding is that we will participate in the scheduling and

5    try to do it so that everything can be done --

6          THE COURT:  Yes, let's try to do this with maximum

7    efficiency.  Where you've got common witnesses, you've got to do

8    this with -- you know, frankly, to share the expenses -- to keep

9    the expenses down for everyone here.  This is costly litigation.

10         So certainly I would appreciate any effort that the

11   three of you, three groups could make to keep this streamlined

12   and keep it efficient because this can get real expensive.

13         MR. ROSE:  Thank you.

14         THE COURT:  All right.  Very good.

15         MR. SALZMAN:  Your Honor, just two quick points.  I am

16   sorry.

17         THE COURT:  Yes.

18         MR. SALZMAN:  I think the party had agreed in the

19   original 16.3 report that we would continue to use Magistrate

20   Judge Robinson for nondispositive issues.  We are certainly

21   happy to do that, or if the Court prefers, for us to first come

22   to you.  Whichever.

23         THE COURT:  No, that's fine, I mean, for the moment

24   anyway.

25         MR. SALZMAN:  I think that she does have -- she was the

1    Magistrate Judge in the first case, so I think she has some

2    history with us.

3           THE COURT:  That's fine.  The learning curve is a lot

4    less, so she has a familiarity with the issues and the

5    parties -- that's fine with me.

6           MR. SALZMAN:  Your Honor, I know this doesn't affect

7    any of the scheduling.  I did just want to -- from our

8    perspective, Mr. Nelson has referred to the owner/employee issue

9    as a dispositive one in the case.  We have a differing view on

10   that.  We think, while it is certainly important --

11          THE COURT:  I assumed that.

12          MR. SALZMAN:  Yes, your Honor.  While it is an

13   important issue, we think it's not dispositive.

14          THE COURT:  I understand.  I realize there is a

15   difference of opinion on that subject.

16          MR. NELSON:  Your Honor, just one point of

17   clarification.  Is your Honor saying that if there are Discovery

18   disputes, they should be first brought to your attention and

19   then you will make a reference, if need be, or are you saying

20   that we would go back to --

21          THE COURT:  Well, to be honest with you, I had

22   forgotten the fact that Magistrate Judge Robinson had worked on

23   some earlier issues in this case.  It just wasn't at the

24   foremost of my mind.  You know, when you're juggling 240 civil

25   cases, it's hard to keep some of those things straight.

1           But certainly, it seems to me that she does have the

2      advantage of familiarity with the case.  And I will go back and

3      revisit my order to make sure it's not so narrowly drawn that it

4      would in any way preclude her.  And then, if it is, I will

5      expand it to include these cases -- all of these cases, so it is

6      not --

7           MR. NELSON:  We are going to, within the next week or

8      so, submit a Scheduling Order.  Would that be appropriate, to

9      put a provision in that order for referring --

10          THE COURT:  No.  It would be a separate order, but it

11     certainly would be a good time to sort of -- like a

12     housekeeping -- from a housekeeping perspective, just to get it

13     all wrapped up at once.  So why don't you submit a proposed

14     order referring all nondispositive issues, Discovery issues, to

15     Magistrate Judge Robinson for her --

16          MR. NELSON:  The Discovery issues --

17          THE COURT:  Yes.

18          MR. NELSON:  -- yes, your Honor.

19          THE COURT:  Nondispositive Discovery issues, yes.

20          MR. NELSON:  Thank you.

21          THE COURT:  That would be fine.

22          MR. ROSE:  Thank you, your Honor.  Just a

23     clarification, your Honor.  You indicated that the conference

24     would be the last full week in July?  Did I understand you

25     correctly?

1          THE COURT:  Did I give you a specific date?  How about

2     the 27th there?  Thanks for nailing that down, Mr. Rose.  How is

3     11:00 a.m. on the 27th?

4          MR. ROSE:  That's fine for me, your Honor.

5          MR. SALZMAN:  That's fine.

6          MR. NELSON:  That's fine, your Honor.

7          11:00 a.m.?

8          THE COURT:  11:00.  Well, you're coming in from New

9     York, right?  So you like the afternoons better?

10          MR. NELSON:  Yes.

11          THE COURT:  Sure.  All right.  We will make it 3:00,

12     and then that will make it a little easier on your travel

13     schedule there.

14          MR. ROSE:  Okay.

15          THE COURT:  Thanks, Counsel.  We will stand in recess.

16          (Whereupon, at 3:35 p.m., the proceedings were

17     concluded.)

18

19

20

21

22

23

24

25

Page 18

1                    CERTIFICATE OF REPORTER

2

3

4        I certify that the foregoing is a correct transcript

5   from the record of proceedings in the above-entitled matter.

6

7

8        _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25