**TAB A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY and HAROLD SCHULER, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 02 CV 0982 (RJL/DAR) ) |
| v. | ) NEXT EVENT: Status Conference 11/4/2004 ) |
| PRICEWATERHOUSECOOPERS, LLP; DENNIS M. NALLY, et al., | ) ) ) |
| Defendants. | ) ) |

**SECOND SUPPLEMENTAL JOINT REPORT OF THE PARTIES**

The Magistrate Judge's Order of September 21, 2004 and Minute Order of October 14, 2004, directed the parties to discuss the appropriate scope of discovery with respect to all claims not determined by the Court's resolution of dispositive motions. Docket No. 103. The parties now file their joint report.

The parties have conferred by telephone on numerous occasions in October 2004, exchanged letters stating their positions, conferred by telephone on October 21, 2004 for approximately one hour, held additional telephone conferences thereafter, and jointly prepared this report. The parties are not in agreement. Following a joint statement of the procedural history, each party sets out its position.

**1. Procedural History.**

This action asserting employment discrimination claims was commenced in or about May 2002. In lieu of filing an answer to the complaint, defendants moved to dismiss all claims against all defendants except certain non-promotion claims asserted by plaintiffs, individually, against defendant PricewaterhouseCoopers LLP ("PwC") (see Docket No. 30).

In the First Supplemental Joint Report of the Parties on Planning Conference dated February 25, 2003 ("Joint Report"), the parties agreed to proceed during the pendency of the motion to dismiss with an initial phase of discovery "limited to discovery relating to plaintiffs' promotion claims against PwC" -- the only claims not addressed by the then pending dispositive motion (Docket No. 46 at 2). The provisions of the Joint Report were embodied in a Scheduling Order filed February 28, 2003 ("Scheduling Order") (Docket No. 47).

The Scheduling Order and the Joint Report provided for the exchange of initial disclosures, and detailed the discovery to be taken on plaintiffs' non-promotion claims against PwC. Plaintiffs were to produce all documents "concerning" those claims, and thereafter submit to depositions (Docket No. 46 at 2-3; Docket No. 47 at 2). PwC was to produce five specified categories of documents, to be followed by the depositions of two of its partners, Robert Bench and Timothy Ryan (id.). After exchanging initial disclosures, the parties proceeded to engage in discovery pursuant to the Scheduling Order.

At his deposition, plaintiff C. Westbrook Murphy disclosed that, rather than producing all documents "concerning" their claims, as provided in the Scheduling Order and the Joint Report, plaintiffs had produced only those documents they believed to "support" their claims (see Docket No. 92 at 1, 5). Plaintiffs thereafter produced additional documents pursuant to the Scheduling Order and the Joint Report, and agreed to submit to depositions concerning those documents (see id. at 5-9). Plaintiffs' subsequent refusals to appear for the concluding sessions of their depositions ultimately gave rise to PwC's motion to compel and for sanctions in February 2004 (id. at 8).

For its part, PwC produced to plaintiffs all documents in its possession, custody or control that were specified in the Scheduling Order and the Joint Report, and Messrs. Bench and

2

Ryan were deposed. The Scheduling Order further provided that "the parties shall confer in good faith with respect to any further discovery that either plaintiffs or defendants believe to be appropriate in the initial phase of discovery" (Docket No. 47 at 2). After good faith conferences between counsel, PwC voluntarily produced additional documents not specified in the Scheduling Order and the Joint Report, and produced two additional partners for deposition, Robert Moritz and Paul Sullivan (see Docket No. 46 at 3). During the course of those conferences, PwC declined to produce other additional discovery requested by plaintiffs on the ground that such discovery was beyond the scope of its obligations under the Scheduling Order, irrelevant and unduly burdensome.

In June 2003, following those good faith conferences, plaintiffs moved to compel PwC to provide certain additional discovery (Docket No. 50). Plaintiffs elected not to include in their motion to compel other requests for additional discovery PwC had previously refused to provide after the parties conferred in good faith. PwC opposed plaintiffs' motion, and cross-moved for a protective order and to defer damages discovery pending disposition of its contemplated motion for summary judgment dismissing the claims subject to the Scheduling Order (Docket Nos. 54 & 55). Each of the parties had by then disclosed their intention to move for summary judgment at the conclusion of initial phase discovery under the Scheduling Order (see Docket No. 55 at 14, 21; Docket No. 92, Exh. I).

On August 21, 2003, the Court (Robinson, J.) granted PwC's cross-motion, directed that damages discovery be deferred pending disposition of PwC's contemplated dispositive motion on plaintiffs' individual claims, and denied without prejudice plaintiffs' motion to compel (Docket No. 61). Shortly before the Court issued that Order, plaintiffs had filed a motion for summary judgment on liability on a "pattern or practice" theory (Docket No. 59), asserting that such

3

motion should be decided before PwC's contemplated motion for summary judgment dismissing plaintiffs' individual claims could properly be considered (see Docket No. 92 at 6-7). PwC cross-moved for summary judgment dismissing plaintiffs' "pattern or practice" claims (Docket Nos. 66 & 68), noting that its contemplated motion on the individual claims would be submitted following the conclusion of the plaintiffs' depositions pursuant to the Scheduling Order (see Docket No. 68 at 1, 12-13).

In both its cross-motion for partial summary judgment on the "pattern or practice" claims (id. at 13-14), and its earlier cross-motion to defer damages discovery (Docket No. 55 at 21), PwC outlined the basis for its contemplated motion for summary judgment on plaintiffs' individual non-promotion claims. As detailed in those motion papers, PwC's dispositive motion will be based on certain admissions of the plaintiffs at their initial depositions, and may be supplemented by testimony to be given at the concluding sessions of plaintiffs' depositions.

At a Status Hearing before Judge Leon on October 24, 2003, PwC's counsel advised the Court that defendants had concluded their initial phase discovery pursuant to the Scheduling Order, except that defendants "need[ed] to conclude the depositions of the plaintiffs on documents that were produced after their initial depositions" (Docket No. 92, Exh. M at 7). PwC's counsel further stated the expectation that this remaining discovery would be completed within 30 days, at which point defendants would file their motion for summary judgment dismissing plaintiffs' individual claims (id. at 8). PwC's counsel reiterated these points (id. at 10), and plaintiffs' counsel did not respond to those statements or otherwise suggest that plaintiffs would not submit to their depositions within 30 days of the Status Hearing or that they required any further discovery to oppose defendants' contemplated motion for summary judgment.

4

Following the Status Hearing, plaintiffs' counsel agreed that plaintiffs would be deposed on November 20, 2003 and November 21, 2003 (Docket No. 92, Exhs. N & O). At the same time, plaintiffs requested the depositions of certain PwC employees (id., Exh. O), which additional discovery was not contemplated by the Scheduling Order, and was not mentioned by plaintiffs' counsel at the October 24, 2003 Status Hearing (id., Exh. Q). PwC's counsel rejected plaintiffs' request for additional depositions on various grounds. (id.). Plaintiffs' counsel then unilaterally cancelled the scheduled conclusion of plaintiffs' depositions (id., Exh. P).

After efforts to reschedule the examinations were unsuccessful (see Docket No. 92 at 8-9), PwC filed its motion to compel plaintiffs to submit to deposition and for sanctions for failure to obey the Scheduling Order (Docket No. 92). Plaintiffs responded with a motion to compel additional discovery (Docket No. 96). The Court (Robinson, J.) stayed consideration of those motions, along with all further discovery, pending determination of the then pending partially dispositive motions (Docket Nos. 97 & 101). By Order entered September 21, 2004, the Court (Robinson, J.) sua sponte vacated those stays, denied the discovery motions without prejudice, and directed the parties to meet and confer on "the appropriate scope of discovery with respect to all claims and defenses not determined by the court's resolution of the dispositive motions," and to submit this joint report (Docket No. 103).

By Memorandum Order and Opinion dated September 27, 2004 (Docket No. 104), the Court (Leon, J.) decided the dispositive motions by dismissing all claims against PwC, except certain individual non-promotion claims. Accordingly, the only claims remaining against PwC are the claims that were subject to discovery pursuant to the Scheduling Order and the Joint Report.

**2. Plaintiffs' Position on Discovery and Dispositive Motions.** Plaintiffs seek to take

5

the depositions of an additional eight (8) witnesses. Plaintiffs are still seeking 27 categories of documents. The first 10 of these categories were the subject of requests for production document requests served on April 15, 2003. The next 15 of these categories of documents were requested in letters written to counsel for the Defendant in June 2003. The final two categories of information were requested on October 20, 2004, to update information on promotions practices to the current year. Plaintiffs assert that the discovery had to date was incomplete and the parties now should complete discovery on all the remaining liability issues.

In PwC's statement of position, *infra*, seven reasons are set out in opposition to Plaintiffs' request for further discovery. Plaintiffs respond to these issues as follows:

(1) The particular discovery items identified in the Scheduling Order were designed as a starting point, not a limitation. The initial scheduling order struck a compromise between these positions of the parties. Docket No. 47. The parties were expressly authorized to take limited discovery and were obligated to "confer in good faith with respect to any further discovery that either Plaintiffs or Defendants believe to be appropriate in the initial phase of discovery." Docket No. 47 (February 28, 2003).

(2) A motion to compel on one issue does not waive the opportunity to take further discovery on any other issue.

(3) Plaintiffs seek discovery pertaining to individual liability claims and willfulness related to those claims. The Court has already deferred damages discovery. (See Docket No. 61).

4) Plaintiffs filed a partial motion for summary judgment, not a potentially dispositive motion for summary judgment, as the plaintiffs did in *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1 (D.D.C. 2001)(DAR).

Moving for summary judgment on one issue is not a waiver of discovery on other issues. Plaintiffs' Rule 56 motion sought a finding that PwC had engaged, and is engaging, in a pattern or practice of age discrimination. Had the motion been granted, Plaintiffs still would have had to prevail on the claims that they, personally, were subjected to that age discrimination. Docket No. 59. However, the burden of proof would have shifted to the Defendants to disprove that Plaintiffs had been subjected to age discrimination.

5) Counsel's attention at the status conference was focused on whether discovery was necessary for the pending motion, not the motion that had not yet been filed.

6) The stipulation in the first Joint Report did not propose that Plaintiffs' discovery would be limited to two depositions and five categories of documents. Those elements were stipulated to as a starting point. The parties were to confer about additional discovery.

7) Because the scheduling order did not set a close discovery date, there was no need for Plaintiffs to modify such a date. To underscore the importance of adhering to discovery schedules, Defendants cite *Olgyay v. Society for Environmental Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996). *Olgyay* does not support the curtailment of discovery that PwC seeks. The Court ultimately allowed the parties an additional two months for discovery. 169 F.R.D. at 220.

Plaintiffs' position is that they have fulfilled the Court's direction to "confer in good faith" concerning additional discovery by making requests, discussing the requests with Defendants, reminding Defendants of the existence of those requests, and participating in the meet and confer process earlier this week. Docket No. 47. Despite these efforts, the parties are at loggerheads on the issue of Plaintiffs' discovery, requiring the Court to decide whether Plaintiffs are entitled to continue and complete discovery in light of the Court's decision and the

7

events of the last year.

PwC asks, in the alternative, for a stay of discovery by the Plaintiffs pending filing of its motion for summary judgment. Plaintiffs oppose such a stay. This case has been pending for more than two years. There is no dispositive motion pending now. A stay pending briefing and consideration of another motion could further delay matters, affecting the memory and availability of witnesses.

Plaintiffs request three months to take discovery with a dispositive motions deadline to follow 30 days after the end of discovery. If the Court does not grant time for discovery – apart from the continuation of Plaintiffs' depositions – the schedule proffered by PwC is acceptable.

### 3. Defendants' Position on Remaining Discovery and Dispositive Motions

Plaintiffs have now agreed to appear for the concluding sessions of their depositions on the after-produced documents. The parties have not reached agreement on PwC's request for sanctions to reimburse PwC's fees and costs incurred as a result of plaintiffs' prior refusals to appear (see Docket No. 92). PwC reserves the right to renew that sanctions motion, which had been stayed before PwC had an opportunity to file its reply to plaintiffs' opposition (see Docket No. 97).

PwC proposes that plaintiffs' depositions be concluded by the end of November 2004, and that PwC file its motion for summary judgment dismissing plaintiffs' remaining claims no later than January 15, 2005.

PwC submits that plaintiffs are not entitled to any further discovery for the following reasons:

(1) PwC has provided all discovery specified in the Scheduling Order and, after conferring in good faith with respect to plaintiffs' requests for further discovery, voluntarily

8

produced two additional partners for depositions, produced additional documents, and provided answers to interrogatories not specified in the Scheduling Order. PwC has thus fully discharged its obligations under the Scheduling Order, which governs discovery on plaintiffs' remaining non-promotion claims.

**(2)** Plaintiffs now seek further discovery beyond the scope of the Scheduling Order which PwC had refused to provide after conferring in good faith with plaintiffs' counsel, and which plaintiffs elected not to include in their initial motion to compel (see Docket No. 50). Plaintiffs thus abandoned their requests for such discovery and, in the absence of changed circumstances, waived their right to again seek it.

**(3)** Plaintiffs' requests for damages discovery, sought in their initial motion to compel, continue to be deferred pending disposition of PwC's contemplated motion for summary judgment dismissing plaintiffs' remaining claims following the completion of their depositions (see Docket No. 61).

**(4)** Plaintiffs made their motion for summary judgment on liability following the conclusion of their discovery on plaintiffs' non-promotion claims pursuant to the Scheduling Order, which discovery was not limited under the terms of the Scheduling Order to any particular theory of recovery on those claims (see Docket No. 47).

**(5)** Plaintiffs never suggested a need for any additional discovery to oppose defendants' contemplated motion for summary judgment when those issues were discussed at the Status Hearing before Judge Leon on October 24, 2003 (Docket No. 92 at 7, Exh. M at 7-8, Exh. Q at 2; see Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 4 (D.D.C. 2001) ("plaintiffs have offered no cogent explanation for their failure to inform the court . . . that they required discovery before the briefing of dispositive

9

motions could be completed, or to request leave to take such discovery").

**(6)** Plaintiffs are bound by the stipulations of counsel in the Joint Report.

**(7)** Plaintiffs never sought to modify the Scheduling Order, which set forth specific limitations on the scope of discovery on plaintiffs' non-promotion claims (see Fed. R. Civ. P. 16(b); LCvR 16.4; Olgyay v. Society for Environmental Graphic Design, Inc., 169 F.R.D. 219, 220 (D.D.C. 1996) ("Once the schedule proposed by the parties is accepted or modified by the Court and memorialized in a scheduling Order, the scheduling order may not be modified except by the Court and then only upon a showing of good cause.")). Having failed to seek modification of any of the provisions in the Scheduling Order, plaintiffs are bound by the substantive discovery limitations in the Scheduling Order on the only claims now remaining in this action.

In sum, PwC has fully performed its discovery obligations under the terms of the Scheduling Order. Plaintiffs have otherwise waived any right to seek additional discovery: (i) by failing to include such discovery in their motion to compel in June 2003 after PwC had refused to provide it following counsels' good faith conferences pursuant to the terms of the Scheduling Order; (ii) by moving for summary judgment on liability in August 2003 after previously stating their intention to make such a motion following completion of their discovery under the Scheduling Order; (iii) by failing to inform the Court at the Status Hearing in October 2003 of their need for any additional discovery; and, (iv) by failing to move to modify any of the terms of the Scheduling Order.

Moreover, PwC's contemplated motion for summary judgment, if granted, will dispose of all remaining claims in this case. The motion will not address any of the issues decided or noted in the Memorandum Order and Opinion resolving the prior substantive motions (Docket No.

104), and will not address PwC's evaluation of the qualifications or performance of plaintiffs or any other PwC employees. Rather, it will be based principally on plaintiffs' admissions, and settled legal principles in this Circuit applicable to plaintiffs' claims. As such, none of the additional discovery now sought by plaintiffs from PwC is relevant or needed to permit plaintiffs to oppose PwC's dispositive motion. Under such circumstances, it would be appropriate to stay or defer consideration of plaintiffs' additional discovery requests pending resolution of PwC's dispositive motion (Chavous, 201 F.R.D. at 2-4). In the unlikely event plaintiff should require any additional discovery to oppose the dispositive motion after it is filed, plaintiffs may then seek such discovery pursuant to Rule 56(f), Fed. R. Civ. P. Plaintiffs will thus not be prejudiced by the absence of any further discovery at this juncture.

Respectfully submitted,

/s/
Eric M. Nelson
Stephen Sheinfeld
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-2646

/s/
David L. Rose
David M. Wachtel
ROSE & ROSE, P.C.
1320 19th St., N. W., Suite 601
Washington, DC 20036
(202) 331-8555

Thomas Buchanan
WINSTON & STRAWN LLP
1400 L St., N.W.
Washington, DC 20005

Attorneys for Defendants

Attorney for Plaintiffs