**TAB B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| C. WESTBROOK MURPHY, et al., | |
|---|---|
| Plaintiffs, | Civil Action No. 02-0982 |
| v. | RJL/DAR |
| PRICEWATERHOUSECOOPERS, LLP, et al., | |
| Defendants. | |

## ORDER

Counsel for the parties appeared before the undersigned United States Magistrate Judge on November 4, 2004 for a discovery status and scheduling conference.[1] The parties filed their Second Supplemental Joint Report of the Parties (Docket No. 11) in accordance with the undersigned's order;[2] at the hearing, the undersigned heard the further proffers and arguments of counsel, and reviewed the November 2, 2004 letter from counsel for Plaintiffs to counsel for Defendant PwC, which Plaintiffs offered without objection.[3] Plaintiffs, through their counsel, requested (1) leave to take eight additional depositions, and (2) the production by Defendants of 27 categories of documents. See Second Supplemental Joint Report of the Parties at 5-7; see also n. 3, supra.[4] Plaintiffs agreed that the depositions of the Plaintiffs should be reopened, and suggested that those depositions could be completed by the end of November, 2004.

Defendant PwC concurred in the suggestion that depositions of the Plaintiffs be concluded by the end of November. Defendant PwC maintained that Plaintiffs were not entitled to further discovery because the only claims remaining are those claims as to which discovery was taken pursuant to the

---

[1] See September 21, 2004 Order (Docket No. 103); see also October 14, 2004 Minute Order granting the parties' Joint Motion to Postpone Status Conference and Extend Deadlines (Docket No. 107).

[2] See n. 1, supra.

[3] In the three-page letter, Plaintiffs' counsel identified eight individuals Plaintiffs wish to depose, and enumerated ten categories of documents they wish Defendants to produce.

[4] Plaintiffs stated that they seek "updated information" with respect to the documents which Defendants have already produced.

C. Westbrook Murphy v. PricewaterhouseCoopers, LLP                                              2

provisions of the initial scheduling order. See Second Supplemental Joint Report of the Parties at 8-10.[5] Defendant PwC advised that it is prepared to file its motion for summary judgment no later than January 15, 2005. See Second Supplemental Joint Status Report of the Parties at 8.

The undersigned finds that Plaintiffs have failed to demonstrate that further discovery is warranted. Plaintiffs do not dispute that the discovery for which the initial scheduling order provided has concluded, and that the trial court's September 27, 2004 Memorandum Opinion and Order limited Plaintiffs' claims to those as to which discovery was conducted pursuant to the initial scheduling order. Plaintiffs have not demonstrated that "the discovery had to date was incomplete"; nor have they offered authority for the proposition that the initial scheduling order was "a starting point, not a limitation." See Second Supplemental Joint Status Report of the Parties at 6.[6] Finally, Plaintiffs have not shown that they need additional discovery in order to file their opposition to the dispositive motion which Defendants will file in January, 2005; accordingly, further discovery, even if such discovery were otherwise warranted, is appropriately stayed pending the determination of the dispositive motion. Chavous v. Dist. of Columbia Financial Responsibility and Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001)(citation omitted).

It is, therefore,

**ORDERED**, with the consent of Plaintiffs, that Plaintiffs shall appear for the completion of their depositions, and that the depositions shall be completed no later than December 7, 2004; and it is

**FURTHER ORDERED** that Plaintiffs' request for leave to take further discovery is denied; and it is

---

[5] Defendant PwC acknowledged the duty imposed by Rule 26(e) of the Federal Rules of Civil Procedure to seasonably supplement and amend their disclosures and responses. See n.4, supra.

[6] Indeed, the relevant authorities reach the contrary conclusion. See, e.g., Olgyay v. Society of Environmental Graphic Design, Inc., 169 F.R.D. 219, 220 (D.D.C. 1996)(the purpose of the rules governing scheduling orders "is to promote the ability of the Court to plan to manage cases, to develop a 'sound plan to govern the particular case from start to finish' and to 'set [ ] and keep [ ] firm pretrial and trial dates.'").

C. Westbrook Murphy v. PricewaterhouseCoopers, LLP                                                3

**FURTHER ORDERED** that Defendant PwC shall file its motion for summary judgment no later than January 17, 2005.

November 22, 2004                                             /s/
                                                        DEBORAH A. ROBINSON
                                                        United States Magistrate Judge