**TAB C**

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

ERIC M. NELSON
(212) 294-2646
emnelson@winston.com

February 2, 2006

**VIA ELECTRONIC MAIL**

Richard A. Salzman, Esq.
Heller, Huron Chertkof, Lerner, Simon & Salzman
1730 M Street, NW, Suite 412
Washington, D.C. 20036

Re: **Murphy v. PwC**

Dear Rick:

We appreciated your and Tammany's hospitality and willingness to meet with us on January 31. We had hoped, perhaps unrealistically, that we might be able to materially limit the enormous burden and expense of responding to such voluminous discovery requests in each of the two related actions. As we agreed, our formal objections will be served tomorrow, but I wanted to alert you in advance of certain conclusions we have reached.

The compromises confirmed in Tammany's email regrettably do little to mitigate the undue burden at this stage of a litigation that has been pending for nearly four years. As you know, discovery on liability in the '02 action was concluded in 2004 in accordance with the initial scheduling order; and a substitution of counsel does not afford a party the right to start over again by relitigating matters that have already been completed. While we appreciate that substituted counsel in an ongoing litigation often disagree to some extent with the manner in which predecessor counsel had litigated the case, and would not have proceeded in precisely the same way, the represented party is nonetheless bound by the actions and conduct of retained counsel.

By Order filed November 22, 2004, Magistrate Judge Robinson found, based in part on the stipulations of counsel, that discovery in the '02 action had been concluded in accordance with the initial scheduling order, and denied plaintiffs' request to take further discovery in the action. While we had nonetheless considered voluntarily providing some further discovery that might be necessary to tie up any loose ends, we have now concluded that we

WINSTON & STRAWN LLP

Richard A. Salzman
February 2, 2006
Page 2

cannot do so in the context of plaintiffs' blunderbuss requests. Accordingly, based on the November 22, 2004 Order, we will not provide further discovery on liability in the '02 action, especially in light of the D.C. Circuit's decision in Hussain v. Nicholson issued the day of our meeting on January 31.

We will, however, provide damages discovery in the '02 action since that discovery had been deferred pursuant to Magistrate Judge Robinson's prior Order filed August 21, 2003. We also acknowledge that the expert discovery phase has not yet been conducted. In addition, as we had recently indicated that we would provide reasonable additional discovery on Clackamas issues to facilitate a resolution of the partner/employee allegations, we will not assert the November 22, 2004 Order as a complete bar to such further discovery. The additional discovery we do provide on those issues will apply to both the '02 and '05 actions, as we do not believe there have been any material factual changes in this regard. Finally, we will supplement and update the discovery previously provided in the '02 action, as may be required.

We remain available to confer in person or by telephone regarding any of these matters.

Sincerely,

Eric M. Nelson

cc: Tammany Kramer, Esq.
    David Rose, Esq.