**TAB D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C. WESTBROOK MURPHY, and )
HAROLD SCHULER, )
 )
Plaintiffs, )
 )
v. )  Case No. 1:02CV00982
 )  Magistrate Judge Deborah A. Robinson
 )
PRICEWATERHOUSECOOPERS, LLP, et al., )
 )
Defendants. )

### AFFIDAVIT OF ELIZABETH CAROL NEBE

STATE OF NEW YORK    )
                    ss.:
COUNTY OF NEW YORK  )

ELIZABETH CAROL NEBE, being duly sworn, deposes and says:

1. I am a Director in the Partner Affairs division at defendant PricewaterhouseCoopers LLP ("PwC" or "the firm"). I am familiar with PwC's partner compensation system, and make this affidavit in opposition to plaintiffs' motion to compel discovery and in support of PwC's cross-motion for a protective order.

2. I understand that plaintiffs are professional employees of PwC who claim to have been wrongfully denied admission as partners in the firm in July 2000 or July 2001. I further understand that, in connection with their claims, plaintiffs seek to compel disclosure of various information concerning the income of PwC partners, purportedly for purposes of determining

NY:793180.1

what plaintiffs' compensation would have been, had they been admitted as partners in July 2000 or 2001.

3.  The information sought has no bearing whatsoever on any determination as to what plaintiffs' compensation would have been had they been admitted as partners in July 2000 or 2001. Under the PwC partner income system that became effective as of July 1, 2000, partners were assigned to one of three responsibility "bands" (with "1" being highest and "3" being lowest). Within each of these broad categories, partners were assigned to one of five "points" -- "L" (Low), "ML" (Medium Low), "M" (Medium), "MH" (Medium High) or "H" (High). Each of the band and point combinations corresponded to a particular "target" income level, which was subject to adjustment (upward or downward) depending on the individual partner's annual performance level, the performance of the partner's business unit, and the firm's overall performance for that particular fiscal year.

4.  During the period in question, newly admitted partners were generally assigned an entry-level responsibility band and point of 3-L. Where a newly admitted partner's prior year's compensation as an employee (including salary and bonus) exceeded the target income level corresponding to that assignment, the initial band and point assignment was generally adjusted upward to result in an increase in target income in the range of 15 to 25 percent over that compensation. This increase is intended, in part, to cover costs of benefits borne directly by partners that are provided by the firm for its employees. Following completion of the first year as partner, an individual's band and point assignment is subject to annual adjustment (upward or downward) to the extent there are changes in his or her responsibility level or role.

5.  Accordingly, under PwC's policies and practices for establishing partner compensation in effect in July 2000 and 2001, compensation is not determined on the basis of an

2

NY:793180.1

individual's tenure (*i.e.*, his or her years of employment by the firm) or by reference to the compensation of other partners in the firm. Indeed, as outlined above, those factors are not given any consideration in establishing an individual partner's compensation.

*[signature]*
Elizabeth Carol Nebe

Sworn to before me this
11th day of July, 2003

*[signature]*
Notary Public

EUGENE HOM
Notary Public, State of New York
No. 01HO4929038
Qualified in Queens County
Certificate Filed in New York County
Commission Expires June 25, 20__

3

NY:793180.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C. WESTBROOK MURPHY, and )
HAROLD SCHULER, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　)
v. ) Case No. 1:02CV00982
　) Magistrate Judge Deborah A. Robinson
　　　　　　　　　　　　　　　　　　　　　)
PRICEWATERHOUSECOOPERS, LLP, et al., )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )
_____)

## REPLY AFFIDAVIT OF ELIZABETH CAROL NEBE

STATE OF NEW YORK　　）
　　　　　　　　　　　　　　　ss.:
COUNTY OF NEW YORK ）

　　　　ELIZABETH CAROL NEBE, being duly sworn, deposes and says:

　　　　1.　　This affidavit is in reply to plaintiffs' opposition to defendant PricewaterhouseCoopers LLP's ("PwC's") cross-motion for a protective order with respect to the disclosure of partner income data. I reaffirm the statements made in my supporting affidavit, sworn to July 11, 2003, including the fact that a partner's compensation at PwC is not established by reference to the compensation or income of other partners.

　　　　2.　　I am advised that plaintiffs question my statement regarding the level at which partner compensation is "generally" established under PwC's policies and practices. My use of

NY:796346.1

the word "generally" with respect to the level of compensation was not intended to suggest that a partner's compensation is ever set by reference to the income of other partners. It is not.

3. I am further advised that plaintiffs question the limitation in my affidavit to PwC's partner compensation policies and practices for the years in which plaintiffs claim they should have been admitted as partners. At no time since the formation of PwC on July 1, 1998, was the compensation of PwC partners determined by reference to the compensation of other partners in the firm. Accordingly, the partner income discovery sought by plaintiffs has no bearing on any determination of what plaintiffs' compensation would have been had they been admitted as partners of PwC at any time since the formation of the firm.

_____
Elizabeth Carol Nebe

Sworn to before me this
28th day of July, 2003

_____
Notary Public

EUGENE HOM
Notary Public, State of New York
No. 01HO4929038
Qualified in Queens County
Certificate Filed in New York County
Commission Expires June 25, 20 06

2

NY:796346.1