# TAB I

## Nelson, Eric

| | |
|---|---|
| **From:** | Nelson, Eric |
| **Sent:** | Thursday, January 26, 2006 7:54 PM |
| **To:** | 'Richard Salzman' |
| **Cc:** | Tammany Kramer; Konkel, Mark |
| **Subject:** | RE: Discovery -- Murphy v. PwC |

Rick, my colleague (Mark Konkel) and I would be pleased to come down to your offices next Tuesday. I think it would be best to start in the morning, say 10 a.m.(?) Rest assured that I did not take personally your failure to respond to my email and call. I simply said it was unfortunate, and assumed you were busy with other things. As it turns out, I was right. I now understand that you were focused on a brief, and I certainly appreciate that your review of our initial response to such voluminous discovery requests is necessarily quite time consuming. A short email earlier in the week to tell me that you would be unable to promptly respond would have obviated the perceived need for my email earlier today.

I can also assure you that we have not stopped working on our responses to the discovery requests. But, as I stated in my email, conferring in advance to avoid the potential necessity and added burden of having to make piecemeal responses is a far more efficient way to proceed (more on this at our meeting next Tuesday). Our temporal and organizational/geographic objections actually impact most of the requests; so we really need to try to resolve these issues at our meeting.

The "agreement" you note was unilaterally imposed. You will recall that I had asked for an extension until February 1 to serve our formal responses, and advised you that we would not likely be in a position to make an "actual production" by that date. Fortunately, there should be plenty of time to complete factual discovery by the July cut-off, as I assume you have served virtually all of your discovery requests and interrogatories up front, and will want to follow with some depositions.

We look forward to meeting on Tuesday. I leave it to you to decide how to respond to Dave Rose's request to attend.

-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Thursday, January 26, 2006 5:09 PM
**To:** Nelson, Eric
**Cc:** Tammany Kramer
**Subject:** RE: Discovery -- Murphy v. PwC

Eric, i had a brief due yesterday and yes was distracted on that until it was filed. Your phone message was from yesterday so its a bit misleading to suggest that i've simply been ignoring you. I've been reviewing your initial response today, and Wes and I and Tammany are meeting tomorrow to talk about your email and initial objections from last week. I think it would be worthwhile to meet asap, and would be happy to host. How about next Tuesday?

I cannot agree, however, that this means that defendant should simply stop working on responding to our requests. As you recall, the agreement was for objections to be served last week, with actual production on February 1. This already entails a three week extension for the production. While it may take longer to resolve those requests that are in actual dispute, there is no reason to delay production as to those matters that are not in dispute.

Let me know whether next Tuesday works, and if not, what day you'd like to come down.

>>> "Nelson, Eric" <ENelson@winston.com> 1/26/2006 4:39:35 PM >>>
Rick, it is unfortunate that you have not responded to my email of last Friday (below) or to my subsequent telephone message. I assume you are distracted by other matters. As indicated in my email, we believe that a face-to-face meeting is necessary to facilitate our formal responses to plaintiff Murphy's discovery requests. The burden of responding to well over 100 separate requests, exclusive of subparts, would be increased substantially and unnecessarily if PwC had to respond piecemeal, without our having made a good faith effort to iron out our differences in advance. Again, we are prepared to meet with you in D.C. at your earliest convenience. Until then, we are constrained to hold off on attempting to finalize formal discovery responses.

Dave Rose has indicated that he would want to participate in our discovery conference. I think we all need to be mindful of Judge Leon's admonition at the last status conference that we should attempt to proceed with discovery "with maximum efficiency" to contain the expenses and burden of "costly litigation." We take to heart Judge Leon's further comment that "certainly I would appreciate any effort that the three of you, three groups could make to keep this streamlined and keep it efficient because this can get real expensive." Please let me hear from you so that we can move forward accordingly.


Eric M. Nelson
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-2646 (Tel)
212-294-4700 (Fax)

-----Original Message-----
**From:** Nelson, Eric
**Sent:** Friday, January 20, 2006 6:22 PM
**To:** 'Richard Salzman'
**Subject:** RE: Discovery

Rick, as I'm sure you know, the task of responding to a combined total of 87 document requests and 35 interrogatories in the two actions is enormously burdensome. To the extent the requests are not reasonably calculated to lead to the discovery of admissible evidence, the burden and expense of responding is undue.

We have endeavored to review all of the requests with a view towards identifying those we find objectionable, and have attempted to afford plaintiff the benefit of the doubt in making those determinations. We think it would be useful for us to meet and confer in person in your office or our D.C. office with respect to the issues raised.

In the '02 action, we believe document requests 3, 21, 26, 27, 29, 30 and 31, and interrogatory 1, are objectionable, principally on grounds of relevance and/or undue burden. In the '05 action, we believe document requests 4, 8, 9, 19, 24, 27, 32, 49, 50, 51, 52, 53 and 55, and interrogatories 18 and 20, are objectionable, principally on grounds of relevance and/or undue burden.

In addition, we are concerned that many other requests are overbroad, and expect that our responses will be limited. The limitations fall generally into two categories. First, in many instances where information regarding other employees or partners is requested, relevance may be appropriately limited to RAS (or, perhaps, in a few instances, to the D.C. office). Second, many requests are temporally overbroad. In most instances, the relevant time frame would be the fiscal years in which plaintiff claims he was discriminatorily denied admission as a partner. Information concerning predecessor firms would rarely, if ever, be relevant. We have also found certain requests to be vague and incomprehensible.

This represents our best attempt to meet your deadline for informing you of our intended objections, and we must reserve the right at this point to waive or assert additional objections after further consideration. Most importantly, we strongly believe that a face-to-face meeting to discuss the issues would serve to minimize our differences and facilitate our formal responses. Please let me know when you would be available to meet.

-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Thursday, January 12, 2006 2:19 PM
**To:** Nelson, Eric
**Subject:** Discovery

Eric, this is to confirm our agreement yesterday regarding the extension of time to answer the discovery requests Plaintiff Murphy served on PwC at the December 8, 2005 status conference. Plaintiff has agreed to extend the time for PwC to produce requested documents and provide interrogatory answers to February 1, 2006. PwC will, however, inform us by January 20, 2006 of any document request or interrogatory answer for which it does not intend to provide complete responses, and the basis for the objection to the request.

The contents of this message may be privileged and confidential. Therefore, if this mess been received in error, please delete it without reading it. Your receipt of this message is intended to waive any applicable privilege. Please do not disseminate this message witho permission of the author.
*********************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

4/6/2006