**TAB J**

## Nelson, Eric

**From:** Nelson, Eric
**Sent:** Monday, February 13, 2006 6:17 PM
**To:** 'Richard Salzman'
**Cc:** Douglas Huron; Tammany Kramer
**Subject:** RE: Murphy v. PwC

Rick, I did not mean to suggest that our agreement to provide discovery on a "rolling basis" meant that PwC intended to produce material at its own pace, and that is not what our client is doing. Nor are we withholding any material to await receipt of other responsive information. As I have said before, given the enormity of the requests, we hoped to avoid the necessity (and concomitant delay) of piecemeal searches for responsive material by first conferring with you as to the appropriate scope of the discovery. As a result of our discovery conference, we are persuaded, for example, that comparative data should not be limited to RAS for all requests.

Magistrate Judge Robinson's Order barring further discovery in the '02 action has been in place since November 2004, and I assumed you were aware of it when you specifically agreed that it would be deemed applicable to the '05 action. We had hoped to reach agreements at our January 31 conference that would have significantly mitigated the undue burden of responding to well over 100 separate discovery requests, many of which are exceedingly broad in scope and/or include multiple subparts, without regard to the Order barring further discovery. Regrettably, we did not reach such agreements. After carefully evaluating the results of our conference, we concluded that we really had no alternative but to insist on compliance with that Order, and immediately notified you of that.

We are not withholding discoverable information. Our client is in the process of gathering it based on the conclusions reached after the discovery conference, and we will produce it on a rolling basis as it is received. As you know, our formal response to Hal Schuler's discovery requests, which in many respects overlap Mr. Murphy's requests, are due this Friday, February 17. As you also know, Judge Leon made a point of emphasizing the importance of streamlining and coordinating discovery in the three related actions and proceeding "with maximum efficiency." We are making every reasonable effort to do that despite the apparent lack of coordination between you and Dave Rose. Please bear with us.

I remain available to confer with respect to any of these matters.


-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Friday, February 10, 2006 4:30 PM
**To:** Nelson, Eric
**Cc:** Douglas Huron; Tammany Kramer
**Subject:** RE: Murphy v. PwC

> Eric, this concept of a "rolling production" is not what I agreed to, and suggests that your client simply intends to produce material at its own pace. What I did say is that I hoped that you would not hold onto material that is ready now, while we wait for PwC to compile other responsive information, as the responses are already overdue. For example, during our meeting i asked you to provide in the very near future the personnel files and soundings of Messrs. Albright and Lavine, since you were taking the position that comparative data should be limited to RAS and both of them worked in RAS. This is very limited information and should not take long to compile. My point was that while we may disagree (and have motions) over whether the scope is broader than just RAS, your agreement that RAS was an appropriate area for discovery means that we should not have to wait for production of this material pending resolution of our dispute. Moreover, at no point during our roughly four-hour discovery

conference did you inform us that you were going to take the position that discovery was essentially closed in the 02-0982 action, and that you would not be providing any information responsive to a large number of those requests.

The discovery production is already late and I need to know a date when you will provide actual interrogatory answers and documents (for the now limited number you apparently intend to answer without a motion to compel). Obviously, we also intend to file a motion over the material that you are now claiming you will not provide, but that does not justify withholding information that even PwC agrees is discoverable. Please provide me with a date of production at your earliest opportunity.

>>> "Nelson, Eric" <ENelson@winston.com> 2/10/2006 3:18:05 PM >>>
Rick, our client is in the process of gathering responsive materials. As you and I discussed at our recent meeting, we will provide the discovery on a rolling basis as we receive it, and expect to be in a position to begin before the end of next week. Please let me know whether and when you wish to confer regarding my letter and the formal objections asserted. Thanks.


-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Wednesday, February 08, 2006 12:46 PM
**To:** Nelson, Eric
**Cc:** Douglas Huron; Tammany Kramer
**Subject:** Re: Murphy v. PwC

> Eric, your letter does not say when we will receive the actual interrogatory answers and documents that you do plan to provide. Obviously we can and will deal with other issues, but please write back to specify on what date we will receive the materials that you do plan to produce. Thanks.
>
> >>> "Nelson, Eric" <ENelson@winston.com> 2/2/2006 3:46:12 PM >>>
>
> <<Doc002.PDF>>
>
> Rick -- Please see the attached letter. I wanted to give you a heads up re our position on certain issues before serving our formal objections tomorrow. Feel free to call if you have any questions or want to discuss. -- Eric
>
>
> Eric M. Nelson
> Winston & Strawn LLP
> 200 Park Avenue
> New York, New York 10166
> 212-294-2646 (Tel)
> 212-294-4700 (Fax)
>
>
> The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
> ****************************************************************************
> Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

4/6/2006