| | |
|---|---|
| From: | Richard Salzman |
| To: | Eric Nelson |
| Date: | 11/29/2005 3:50:17 PM |
| Subject: | RE: Status conference postponed |

Eric thanks, would scheduling a discussion on Thursday sometime work for you? Let me know

As to the discovery on the two issues you mentioned, while it is still somewhat a work in progress, i can certainly give you some ideas about the scope of discovery on these issues as I see it. I cannot promise that this will not change, and we certainly are not intending this email to in any way limit otherwise proper discovery.

(1) On the collective action issue, i anticipate that our initial discovery requests will focus on two categories of professionals that i think would easily be considered "similarly situated" to Wes Murphy for purposes of a collective action. First, all Managing Directors age 50 or over. Second all "senior managers" and above (i.e., senior managers, directors and managing directors and anything else i'm leaving out) age 50 or above who work in Financial Services. As to these employees we would be seeking identifying information (names, addresses, phone numbers) and information about work history — promotions, assignments, qualifications, evaluations, consideration for partnership, pay etc., and records reflecting this information. Moreover, to the extent that younger employees within their offices were promoted past them into partnership, we would seek the same information about those promoted. That is the nuts and bolts of the initial requests on similarly situated as currently contemplated. Also, if the evidence shows that there are other groups that can fairly be determined to lie within the "similarly situated" standard, then we will seek discovery on them as well. I think this would mostly be paper discovery at the outset but could certainly entail some depositions (depending upon what the paperwork shows).

(2) On the "owner/employee" issue, we will seek discovery on all policies and practices that reflect how the "Clackamas standard" would be applied to this case. This includes information about the control and supervision of the "partners," how performance is evaluated, how assignments are made, how business is accepted into the firm, how pay is decided for partners (salary, bonuses and retirement), how time is accounted for, how firm wide decisions are made, how leaders are chosen, how the various boards and committees operate, how firm debts are handled, etc. I may have missed some of the Clackamas standard but i think you get the point. We will seek not only published policies on these issues, but information about how the firm in practice operates with respect to these issues. I expect this will be extensive, and would start with paper discovery (interrogatories and document requests) targeted at these issues, and then likely proceed to depositions (either 30(b)(6) or named)

On the other issue — the form of the report — i don't really have a strong preference. I think whether its supplemental or revised, it should reflect

(1) the time table we have agreed to;
(2) our understanding that information learned in either case is subject to the protective orders in the first but can be used in either consistent with the protective agreement
(3) plaintiff's view — and of course whatever your view is — that the issue about consolidation should be deferred until discovery on the collective action issue is completed and we can realistically assess whether or not we even have a collective action. If we (plaintiffs) don't think we do have a collective action then it likely would make sense to consolidate the two cases. If we do believe we have a collective action then i'm sure we will have motions practice and extensive discovery on that issue (you will want to depose and do full discovery on all the added plaintiffs, and the added plaintiffs would want to depose the managers in their particular matters and discovery about comparators) and of course all of that will greatly slow down the disposition of case no. 2. In that event, we would oppose consolidation. Since it is too soon to tell, our view is the cases should proceed on parallel tracks for now, and revisit the issue once the information is in.

Let me know when you want to talk. Thanks.


EXHIBIT
REPLY 2

>>> "Nelson, Eric" <ENelson@winston.com> 11/23/2005 11:59:37 AM >>>

Rick,

In anticipation of our meet and confer early next week, please advise us as to what additional discovery, if any, plaintiff believes necessary to (i) a decision as to whether or not to pursue a collective action, and (ii) a resolution of the partner/employee issue under the Clackamas standard. It would be useful for us to have this information in advance of our discussions.

Also, I believe that the submission of a revised and restated 16.3 statement would be confusing to the Court. To facilitate the conduct of the 12/8 status/scheduling conference, I suggest that we instead submit a "supplemental" 16.3 statement identifying the specific issues discussed, and setting forth, with respect to each issue, any agreements and/or the positions of the respective parties.

Thanks and have a good Thanksgiving.

Eric

Eric M. Nelson
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-2646 (Tel)
212-294-4700 (Fax)


-----Original Message-----
From: Tammany Kramer [mailto:tmk@hellerhuron.com]
Sent: Tuesday, November 22, 2005 3:08 PM
To: daver@roselawyers.com; Nelson, Eric
Cc: Douglas Huron; Richard Salzman
Subject: RE: Status conference postponed


Eric--

Attached is the revised 16.3 report, which includes the changes you made as well as one or two additions on our part.  Rick will give you a call on Monday or Tuesday to confer about this.

Tammany



========================================
Tammany M. Kramer
Heller, Huron, Chertkof, Lerner, Simon & Salzman, P.L.L.C.
1730 M St., NW -- Suite 412
Washington, DC 20036

(202) 293-8090 x.18
fax:  (202) 293-7110
www.hellerhuron.com
========================================