UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

| | )
|---|---|
| C. WESTBROOK MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Nos. 05-1054 (RJL/DAR) |
| | ) 02-982 (RJL/DAR) |
| | ) |
| PRICEWATERHOUSECOOPERS, LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____)

**RESPONSE TO NOTICE OF NEW AUTHORITY**

Defendant PwC respectfully responds to plaintiff Murphy's "Notice of New Authority" attaching Magistrate Judge Kay's recent decision in Barnett v. PA Consulting Group, Inc., No. 04-1245 (D.D.C. Apr. 17, 2006), which Murphy offers as "strong support" for his position (Notice at 2). In fact, Barnett is entirely consistent with all of the cases cited by PwC on the appropriate organizational scope of discovery in this case (see PwC Mem. at 27-30).

While Murphy notes that the defendant in Barnett "argued" that Patrick Kelly was the sole decision-maker involved in the RIF that eliminated the plaintiff's position, Murphy fails to note that the plaintiff actually "provided evidence showing that 'a high level team of executives' including [the defendant's] CEO Jon Moynihan and its CFO Bruce Tindale exercised considerable control over the implementation of the RIF" (Decision at 6; see id at 4 n.2) ("Plaintiff has provided evidence that high-level PA executives in London in fact exercised significant control over the RIF and may have participated directly in the decision to terminate Plaintiff") (emphasis supplied). In light of that evidence, Magistrate Judge Kay concluded that

since "there is reason to believe that the challenged employment action was initiated from the senior executive level, not the local level, the rationale for limiting discovery to the 'employing unit' no longer applies" (id. at 6) (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1084 (11th Cir. 1990).[1]

Here, in sharp contrast, the discovery record (including Murphy's own admissions), as well as Murphy's memorandum in support of this motion, establishes that Bob Bench was in fact the sole decision-maker, who had acted without consultation with, or direction, influence or ratification by, any other PwC partners (see PwC Mem. at 17-19, 29). Murphy describes a partner admissions process at PwC that is indistinguishable from the process described by the D.C. Circuit in Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1557 (D.C. Cir. 1997), where "associates are screened out from consideration at the first round, when the department head and/or the partners in that department decide not to nominate certain associates to the committee of department heads." Murphy has admitted that Bench played that role in not recommending him as a partner candidate, and there is no evidence that Bench was influenced by any other partners in making that decision; to the contrary, Murphy's depositions of Bench, and three other PwC partners up the line, establish that Bench acted alone and not pursuant to any policy from above.

---

[1] Murphy disingenuously asserts that Magistrate Judge Kay "cit[es] many of the cases on which Murphy relies" (Notice at 1). PwC relies on Earley, which limited discovery to the defendant's local employing unit, along with cases from five other Circuits to the same effect (see PwC Mem. at 28-29), which Murphy fails to address in his reply memorandum in support of this motion. Magistrate Judge Kay also cites to Glenn v. Williams, 209 F.R.D. 279, 280-81 (D.D.C. 2002), for the basic proposition that "[t]he scope of discovery in employment discrimination cases is generally limited to those employment units in which the employees are similarly situated to the plaintiff" (Decision at 5), another case Murphy did not cite and which supports PwC's position on the appropriate scope of discovery in this case. As Magistrate Judge Kay noted, Glenn "den[ied] request for agency-wide discovery when alleged discriminatory acts were limited to the specific divisions in which plaintiffs worked" (id.)

In sum, <u>Barnett</u> is entirely consistent with the law in this Circuit and elsewhere, and fully supports a limitation of discovery to PwC's RAS unit in which Murphy was employed throughout his tenure with the firm.

Dated:  April 22, 2006

Respectfully submitted,

WINSTON & STRAWN LLP

/s/ Eric M. Nelson
Eric M. Nelson (admitted *pro hac vice*)
Stephen L. Sheinfeld (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York  10166
(212) 294-6700

Thomas M. Buchanan # 337907
WINSTON & STRAWN LLP
1400 L Street, N.W.
Washington, D.C.  20005
(202) 371-5700

Counsel for the Defendant