UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. WESTBROOK MURPHY, <br>     Plaintiff | ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 05-1054 (RJL/DAR) |
| PRICEWATERHOUSECOOPERS, LLP, *et al.* <br>     Defendants. | ) <br> ) <br> ) | |
| C. WESTBROOK MURPHY, *et ano.* <br>     Plaintiff | ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 02-982 (RJL/DAR) |
| PRICEWATERHOUSECOOPERS, LLP, <br>     Defendant. | ) <br> ) <br> ) | |
| HAROLD D. SCHULER, <br>     Plaintiff | ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 05-2355 (RJL/DAR) |
| PRICEWATERHOUSECOOPERS, LLP, <br>     Defendant. | ) <br> ) <br> ) | |

**JOINT STATEMENT CONCERNING PLAINTIFF MURPHY'S
MOTION TO COMPEL DISCOVERY RESPONSES**

The parties have conferred extensively and have significantly reduced the scope of

plaintiff Murphy's motion to compel. As is set forth more fully below, plaintiff has agreed not to

press his motion with respect to certain requests; defendant PwC has agreed to answer certain

other requests; and the Court need not address still other requests at this time. Finally, there are

requests that the parties could not resolve, despite their best efforts.    These disputed requests

remain in contention as part of the motion to compel and are set forth at Section I.D below.

Pursuant to the direction of the Court at the Status Conference held on April 25, 2006, and as required by Local Rule 7(m), counsel for the respective parties have conferred at length in person, by telephone, and by e-mail in an effort to resolve by agreement the discovery disputes raised in Plaintiff Murphy's Motion to Compel. The parties have also discussed the specific questions posed by the Court during the Status Conference, and they jointly report to the Court as follows.

On May 1, 2006, the parties met-and-conferred for five and one-half hours, conferred by telephone for two hours on May 4, and subsequently conferred by telephone and e-mail. The parties were able to reach a compromise on a number of the requests at issue in Plaintiff's Motion to Compel and succeeded in narrowing down the remaining discovery disputes at issue.

The requests that the parties could not resolve, despite their best efforts, remain in contention as part of the motion to compel and are set forth at Section I.D below. The parties agree that the Court's resolution of the following overarching issues will for the most part resolve the remaining discovery requests at issue:

(a) whether the Court's November 22, 2004 Order foreclosed or merely stayed further liability discovery in Case 1;

(b) whether and to what extent the Court's November 22, 2004 Order affects discovery in Case 2 under the terms of the Scheduling Orders entered January 9, 2006;

(c) the appropriate organizational scope of discovery relating to other employees; and,

(d) whether Plaintiff is entitled to discovery of the actual compensation of partners as proof of his damages.

Each of these issues has been briefed by the parties in their previously filed memoranda in support of and in opposition to the pending motion.

I.    **Parties' Resolution of Requests at Issue.**

After substantial discussion, the initial discovery requests at issue in Plaintiff's Motion now fall into the following categories:

A.    Requests Plaintiff agrees not to press.

The Plaintiff agrees not to press his Motion to Compel with respect to the following requests. Case 1: Document Requests 14 (involuntary withdrawals), 15 & 29 (age complaints) and Document Request 30 (tax returns). Case 2: Interrogatory 18 (partners compelled to retire at 60 since 2003); Document Request 10 (ABAS employees considered for partnership), Document Request 25 (involuntary withdrawals) and Document Request 51 (tax returns)

B.    Requests Defendant has agreed to answer.

Without waiver of any previously asserted objections, Defendant will answer the following requests. Case 1: Interrogatory 9 (policy regarding partners taking leave) & 10 (policy regarding partner liability for firm debts). Case 2: Interrogatory 1 (why Plaintiff was not recommended as a candidate for partner in the July 1, 2004 partner admissions cycle); Interrogatory 16 (the parties agreed that PwC will not respond to subparts (c) and (d), and the remainder of the response will be limited to Board members who have served on the Board since July 1, 2003) ; Interrogatory 20 (age discrimination complaints that include allegations similar to those made by Plaintiff); and Document Request 45 (the parties compromised and narrowed this to documents written by/to members of the Board after November 2004).

C.    Requests that are not currently at issue in the present motion.

With respect to certain requests, the parties continue to disagree on the merits, but counsel for Defendant has stated that he knows of no responsive documents in addition to documents previously produced.  Counsel for Defendant has agreed that if any documents come to his attention, he will notify counsel for Plaintiff.  In the event that this transpires, the parties can resume discussions of these requests at that time.

Therefore, the Court does not now need to rule on the following requests.  Case 1: Interrogatory 11, Document Requests 6 (considering Plaintiff for partnership), 11-12 (Plaintiff has narrowed this to only records kept by Bench), 17 (studies of policies and procedures for selecting employees for partnership); Case 2:  Document Requests 15, 21-22 (comparative information kept by Bench), 26, 29 and 30.  With respect to Case 2 Document Requests 12-13, Plaintiff has agreed to narrow the temporal scope of the request, and Defendant will update and supplement its production with any Case 2 responsive documents that may be found.

D.    Disputed Requests

Despite the best efforts of all parties, they are unable to reach agreement on Plaintiff Murphy's Motion to Compel with respect to the following discovery requests:

1) Owner/Employee issue

Case 2:

• Document Request 24 (personnel files for Bench, Moritz and Ryan) – Plaintiff has narrowed his request to performance appraisals since Jan. 1, 2000 for each of these three individuals.  Defendant stands on its objections.

- Document Request 29 (Plaintiff narrowed this to any consideration by Dennis Nally or any other member of the U.S. Board of Partners and Principals since January 1, 2005 of altering the age-60 retirement provision for partners). Defendant stands on its relevance objection.

2) Defenses and Plaintiff's Performance

Case 1:

- Interrogatory 13 (why Plaintiff was not sponsored for partner in 1998-2001). Defendant stands on its objection under the November 22, 2004 Order.

- Document Request 5 (prospectus attached to Robert Bench's April 9, 1999 e-mail recommending Plaintiff's promotion to Managing Director. This request pertains to an attachment to an e-mail that was previously produced by Defendant.) Defendant stands on its objection pursuant to the November 22, 2004 Order.

- Document Requests 23-27 (all related to Plaintiff's internal complaints about PwC's age-related practices and its independence policies). Defendant stands on its objections pursuant to the November 22, 2004 Order, relevance and undue burden.

3) Comparators

Case 1:

- Document Request 4 (soundings, etc. for each Financial Services employee sponsored for partnership) – Plaintiff has proposed to limit his request for the time being to the package of materials used to consider an employee's candidacy, including "sounding records," obtainable from the PAGAD database. Any candidates who prove to be of particular interest as discovery progresses may be the subject of a more complete production. Defendant has produced responsive documents (including personnel records , soundings records and related documents) for Regulatory Advisory Services ("RAS") employees, and stands on its objections pursuant to

the November 22, 2004 Order, as well as relevance and undue burden, with respect to other Financial Services ("FS") employees.

- Document Request 9 (proposals and dispositions of anyone aged 50 or older who was sponsored for partnership).  Defendant stands on its objections pursuant to the November 22, 2004 Order, as well as relevance and undue burden.

- Document Request 10 (the proposal of Blackburn for partnership and his appointment as Managing Director).  Defendant stands on its objections pursuant to the November 22, 2004 Order and relevance.

- Document Request 13 (meeting minutes for the U.S. Board of Partners and Principals from 1998-2001).  Defendant stands on its objections pursuant to the November 22, 2004 Order and relevance.

Case 2:

- Document Request 2 (personnel files for any Financial Services employee admitted to partnership since Jan. 1, 2003).  Plaintiff proposed narrowing this to the partnership proposal sounding records and related documents.  Defendant has produced responsive documents (including personnel records, soundings records and related documents) for  RAS employees, and stands on its objections with respect to other "FS" employees.

- Document Request 3 (documents relating to the candidacy of any Financial Services employee admitted to partnership since Jan. 1, 2003).  Plaintiff proposed narrowing this to the partnership proposal sounding records and related documents.  Defendant has produced responsive documents for RAS employees, and stands on its objections with respect to other FS employees.

- Document Request 11 (proposals and dispositions of any employee aged 50 or older who was sponsored for partnership since Jan. 1, 2003). Defendant stands on its objections for employees outside the RAS unit.

4) Damages Information

- Case 1 Interrogatory 1 and Document Request 3 (annual compensation for Financial Services employees admitted to partnership 1998-2001). Defendant stands on its relevance and undue burden objections.

5) Punitive Damages Information

- Case 2 Document Requests 52 (financial statements)--Plaintiff has narrowed this to the most recent financial statement. Defendant is prepared to produce documents reflecting its net worth at the time of trial, and otherwise stands on its objections.

6) Collective Action

- Case 2 Interrogatories 5 and 17 (identify all Managing Directors since 2004 and give compensation and partnership candidacy information, and identify anyone aged 55 or older after Jan. 1, 2002 who held the position of manager or higher, and give any date of retirement). Defendant stands on its objections.


**III.     The Court's Questions.**

**Question 1:     To what extent have the parties sought to meet and confer in a meaningful effort to narrow or even resolve the issues presented by the motion now pending (or motion anticipated)?**

Plaintiffs' Position:

As noted at the April 25, 2006 Status Conference, counsel for the parties on January 31, 2006 met and conferred for over four hours at the offices of counsel for Plaintiff Murphy,

discussing in detail each of the discovery requests at issue in this Motion, including but not limited to the parties' respective views about the appropriate scope of comparative discovery, the relevance of partnership income data to damages, and punitive damages discovery. Defendant did not assert the November 22, 2004 Order of this Court as a bar to discovery at that time, nor had defendant raised that assertion in any prior discussions between counsel regarding the renewed discovery.

Following the January 31, 2006 meet and confer, by e-mail to PwC counsel that same evening, Plaintiff voluntarily narrowed the temporal scope of Case 1 Interrogatories 2-3, 5-12 and Document Requests 19 and 22, and Case 2 interrogatories 7-15, and Document Requests 30, 33, and 35-42. Plaintiff also agreed to narrow the substantive scope of Case 1 Document Request 29 and Case 2 Document Requests 27, 43 and 45.

On February 2, 2006, PwC expanded its objections to include its assertion that liability discovery in both Cases 1 and 2 was foreclosed by this Court's November 22, 2004 Order. PwC also said that it would voluntarily provide some information on selected categories of Plaintiff's discovery (such as the "owner/employee" issue), but the clear import of PwC's position was that Plaintiff was foreclosed from any further discovery that defendant did not willingly agree to provide. Defendant had provided no substantive responses by this point, and two months of the contemplated seven month discovery period had elapsed. Plaintiff Murphy's counsel believed that the merits of the discovery dispute had been sufficiently addressed by the parties at the meeting on January 31, 2006, and filed Plaintiff Murphy's Motion to Compel discovery responses on March 15, 2006,

Subsequent to the April 25 Status Conference, the parties reviewed the chart prepared by counsel for Plaintiff Murphy, which briefly summarized the remaining outstanding discovery

disputes. On May 1, 2006, the parties met and conferred for five and one-half hours at the D.C. offices of counsel for Defendant, where the parties reviewed the remaining outstanding discovery disputes one-by-one and had sustained substantive discussions of these requests. At this meeting, the parties were able to make significant progress in narrowing down the issues addressed in Plaintiff Murphy's Motion to Compel and the parties' related filings. Next, on May 3, counsel for Plaintiff Murphy and counsel for Plaintiff Schuler met and discussed plaintiffs' discovery requests. On May 4, 2006, counsel for Plaintiff Murphy and counsel for Defendant conferred for an additional two hours by telephone in a further attempt to compromise on the outstanding disputes. Subsequent to this meeting, the parties continued to discuss the remaining discovery issues by telephone and by e-mail. The parties successfully reached a compromise on many of the discovery requests at issue, and the remaining requests are presented to the Court for disposition.

Defendant's Position:

The four-hour conference on January 31, 2006 was requested by Defendant's counsel to discuss Defendant's tentative and preliminary objections to Plaintiffs' discovery requests. As set forth in an e-mail from Defendant's counsel (Eric Nelson) to Plaintiff Murphy's counsel (Richard Salzman) dated January 20, 2006, the purpose of that meeting was twofold -- to "minimize" the parties' "differences" as to the appropriate scope of discovery and to "facilitate" Defendant's preparation of its "formal responses" to the discovery requests (see PwC Mem., Tab I, p.4). While the parties' engaged in extensive discussions at the January 31 meeting, it is not correct that each of the discovery requests at issue on this motion, or the legal issues concerning the appropriate scope of comparative discovery, damages discovery or punitive damages discovery, were discussed "in detail."

Nor does Defendant agree with Plaintiffs' description and characterization of Defendant's counsel's February 2, 2006 letter alerting Plaintiff Murphy's counsel of certain conclusions reached by Defendant as a result of the January 31, 2006 meeting (see PwC Mem., Tab C). Notably, Plaintiff Murphy's counsel never responded to that letter or to the invitation in the concluding sentence "to confer in person or by telephone regarding any of these matters." While it is correct that Defendant "had provided no substantive discovery responses by this point" -- i.e., by February 2, 2006 -- the parties had agreed that Defendant would serve its formal responses and objections on February 3, 2006, and would thereafter provide discovery on a "rolling basis" as responsive documents and information were located by Defendant and delivered to its counsel.

Plaintiff Murphy did not file his motion to compel until March 15, 2006, more than six weeks after Defendant's service of its responses and objections on February 3, 2006. In the interim, Plaintiff Murphy's counsel made no effort to "meet and confer" with Defendant's counsel. To the contrary, during this extended period, Plaintiff Murphy's counsel did not respond to Defendant's counsel's February 10, 2006 e-mail request to "[p]lease let me know whether and when you wish to confer regarding my letter and the formal objections asserted" (see PwC Mem., Tab J, p.3); nor did Plaintiff Murphy's counsel respond to the concluding sentence of Defendant counsel's February 13, 2006 e-mail that Defendant's counsel "remain[ed] available to confer with respect to any of these matters" (id. at p.2).

In light of the foregoing failure to meet and confer, it is submitted that Plaintiff Murphy failed to comply with LCvR 7(m), which is reflected by his omission to include in his motion "a statement that the required discussion occurred," as required by that Local Rule. Moreover, Plaintiff Murphy's counsel did not respond to Defendant's counsel's invitation, in the Conclusion

of Defendant's memorandum in opposition to the motion to compel, to attempt to cure that

failure to "meet and confer" (see PwC Mem. at 39).  Timely compliance with LCvR 7(m) would

not have been an exercise in futility, as reflected by the agreements reached (and set forth above)

as a result of the recent "meet and confer" pursuant to the direction of this Court at the April 25,

2006 Status Hearing.

     Defendant does not disagree with Plaintiffs' summary of the "meet and confers"

following the April 25 Status Hearing.  Defendant notes, however, that counsel for Plaintiff

Schuler, while in attendance at the five hour meeting on May 1, 2006, did not raise or discuss

any issues relating to Schuler's specific discovery requests, and did not participate in the follow-

up, two hour telephone conference on May 4, 2006.  Although Plaintiff Schuler's discovery

requests are not before the Court on the pending motion to compel, counsel's failure to

participate is not in compliance with Judge Leon's directive at the Status Hearing on December

8, 2005  (see Murphy Motion, Tab 7 at 14) or Magistrate Judge Robinson's direction on the April

25, 2006 Status Hearing.

**Question 2:     To what extent is the discovery at issue cumulative of discovery that has
already taken place?**

Plaintiffs' Position:

     Plaintiff Murphy does not believe that the discovery at issue is cumulative of discovery

that has already been produced.  As counsel for Plaintiff explained during the April 25, 2006

status conference, PwC has not produced very much in the way of liability discovery and nothing

by way of damages discovery in Case 1.  Prior to the current discovery requests, all that had been

previously produced by Defendant was a copy of the partnership agreement; documents in

Mr. Murphy's and Mr. Schuler's personnel files; an interrogatory response that simply identified

by date of admission (but not by name ) the people who had been admitted to partner, how long

they had been with the firm, and their age, up through September of 2003; and one policy dealing with partnership admission, called "The Road to Partnership Admission."  Plaintiff also took four depositions.  No other discovery was provided by Defendant—for example, nothing about comparators, nothing about damages, incomplete discovery relating to Plaintiff's employment.

Furthermore, a number of the requests at issue involve documents or information that should have been produced previously, under the Court's February 28, 2003 Initial Scheduling Order directing, among other things, Defendant to produce "all personnel files <u>and other records</u> relating to the employment of each of the plaintiffs"(emphasis added).  For example, Case 1 Document Request 5 seeks an e-mail attachment (the prospectus recommending Plaintiff's promotion to Managing Director) connected with an April 9, 1999 e-mail from Bob Bench (Murphy's supervisor) that was earlier produced.  This attachment should have been produced already (indeed, in Bob Bench's deposition, Mr. Rose specifically requested this document), and Defendant is merely being requested to remedy an omission from its earlier production.  Yet Defendant stands on its objections.  Other examples of materials that should have previously been produced include Document Requests 23-27, relating to Plaintiff's internal complaints connected with the firm's age policy and investigation of Plaintiff's independence issues.  These documents fall squarely under the Court's Feb. 28, 2003 Order, yet Defendant stands on its objections.

After Plaintiff announced his intention to file the pending Motion to Compel, Defendant produced personnel files for two members of RAS who were promoted to partner (although there appears to be nothing produced for the time period after these individuals were promoted).  No other comparator information has been produced, no damages information has been produced.

Other requests which are still outstanding also seek discovery responses that have not been provided by PwC to date. For example, Plaintiff seeks an interrogatory response to the fundamental question of why he was not sponsored for partnership in 1999 or 2000. Given the paucity of what has been previously produced by the Defendant, Plaintiff views none of his requests as cumulative of earlier discovery. Plaintiffs' position regarding the effect of the Court's November 22, 2004 and other discovery orders is discussed in response to Question 3.

Defendant's Position:

To the extent Plaintiffs' recent discovery requests seek additional information and documents bearing on the claims remaining in Case 1, it is cumulative. Counsel for Plaintiffs stipulated in the Supplemental Joint Report filed October 27, 2004, that the initial Scheduling Order entered February 28, 2003 governed discovery on those claims, and that the Defendant had fully complied with its discovery obligations under that Order (see PwC Mem. at 23-24; Tab A at 2-3). Based in part on those stipulations of counsel, this Court found in its November 22, 2004 Order that Plaintiffs did "not dispute that discovery for which the initial scheduling order provided has concluded," and had failed to show that further discovery was warranted, that "the discovery had to date was incomplete" or that the initial Scheduling Order was "a starting point, not a limitation" (id., Tab B at 2). Accordingly, this Court "ORDERED that Plaintiffs' request for leave to take further discovery is denied" (id.).

Plaintiff Murphy has not demonstrated any basis for reconsidering that November 22, 2004 Order or otherwise shown "good cause" to reopen discovery under the initial February 28, 2003 Scheduling Order at this juncture. That Plaintiff Murphy's new counsel views the discovery conducted by initial counsel for Plaintiffs under the initial Scheduling Order as inadequate or incomplete does not constitute grounds to reconduct discovery, which was

13

previously taken and concluded by initial counsel between March 2003 and November 2004 (see id. at 25-26).

New counsel for Plaintiff Murphy understates the extent of document discovery taken by Plaintiffs' initial counsel of choice, and notes that "Plaintiff also took four depositions." In fact, four PwC partners chosen by Plaintiff were deposed to conclusion, at length and without restriction. Those deponents included Plaintiffs' immediate supervisor, the managing partner of the RAS unit in which Plaintiffs were employed; the then head of Banking; the then head of FS; and, a member of the Board of Partners and Principals and its admissions committee. Plaintiffs were provided with all requested documents relating to Plaintiffs' employment and other matters, and had a full opportunity to inquire at deposition as to the reasons Plaintiffs were not recommended for partner, and why similarly situated comparators were recommended. Plaintiff Murphy's request for "an interrogatory response to the fundamental question of why he was not sponsored for partnership in 1999 or 2000" is not only cumulative of completed Case 1 discovery, but duplicative.

The November 22, 2004 Order rejected Plaintiff Murphy's request to reopen discovery with respect to any of the 27 additional categories of documents or 8 additional witnesses for deposition then sought. Plaintiff Murphy's initial counsel of choice made strategic and tactical decisions, which replacement counsel may not now second guess. For example, rather than pursuing production of the prospectus attached to an April 9, 1999 e-mail from Bob Bench (now requested in Case 2, Document Request No. 16), Plaintiff Murphy's counsel chose to instead rely on a version of that prospectus drafted by Murphy himself, examined Bench at length with respect to that document, and attached it to his motion for partial summary judgment as a document purportedly prepared by Bench.

14

Plaintiff Murphy's suggestion that Defendant produced additional discovery only after Plaintiff announced his intention to file his pending motion to compel is not well taken. At Plaintiff's counsel's request, Defendant's counsel agreed at the January 31, 2006 meeting to produce documents, including files for similarly situated comparators in the RAS unit, on a "rolling basis" as the documents were located by Defendant and provided to its counsel.

Finally, damages discovery is not cumulative, as it had been stayed pursuant to an August 2003 Order and was not subject to the November 22, 2004 Order. In response to Plaintiffs' recent discovery requests, Defendant has produced documents concerning the partner compensation system described in Affidavits submitted on discovery motions in the summer of 2003. To the extent Plaintiffs are seeking disclosure of the income of Defendant's partners, Defendant objects on grounds of relevance, not on the ground that it is cumulative of discovery conducted under the initial Scheduling Order (see PwC Mem. at 32-34).

**Question 3:    To what extent are the prior orders of the Court dispositive of some or all of the issues that are presented in this motion?**

Plaintiffs' Position:

Plaintiff believes that the Court's November 22, 2004 order did not foreclose further liability discovery in Case 1, but rather stayed discovery pending the disposition of Defendant's motion for summary judgment. Plaintiff's position is laid out in the Memorandum in Support of Plaintiff's Motion to Compel at pages 6-10, and Reply Memorandum, pages 4-9.

With respect to Case 2, the agreement to incorporate discovery orders from Case 1 was meant to govern procedure in Case 2, so the parties would not need to re-negotiate matters such as protective orders. Plaintiff was obviously not agreeing to forego all liability discovery on

Case 2, as is evident from the "divergent positions" regarding discovery that the parties took in their September 12, 2005 "Joint Statement Pursuant to Local Rule 16.3(d)." [See Tab 1 to Plaintiff's Reply Brief, Joint 16.3 Report at 4.]  Plaintiff believed there was no limit on discovery, whereas defendant argued that "discovery in this action should be precluded to the extent it was or could have been taken in the Pending Action."  Plaintiff plainly had not agreed to forego liability discovery in Case 2; if he had, both parties' "divergent" statements would have been superfluous.

Moreover, Plaintiff Murphy believes that the remaining outstanding discovery requests, as narrowed, are in keeping with Judge Leon's desire that the parties proceed expeditiously and in a manner that will minimize the unnecessary expenditures of the parties, while at the same time enabling Plaintiff to seek the reasonable discovery he needs to pursue his claims.  The tenor of Judge Leon's comments in the October 18, 2005 and December 8, 2005 status conferences was not that the Court believed discovery in these cases should be minimal, but rather that Judge Leon wished for the parties to work in collaboration in order to streamline the discovery process and make it more efficient, which the parties have done.  Indeed, it is clear that Judge Leon wished for discovery to proceed to completion in both cases, without bifurcation and without further delay.

Defendant's Position:

Defendant's position with respect to the November 22, 2004 Order is set forth in its memorandum in opposition to Plaintiff Murphy's pending motion to compel (see PwC Mem. at 9-11, 23-27), and in response to Question 2, supra.

Pursuant to the Scheduling Orders entered January 9, 2006 -- providing, inter alia, that all discovery orders entered in Case 1 are applicable to Case 2 and Case 3, as if entered therein --

the November 22, 2004 discovery Order is applicable to the discovery sought by Plaintiffs in Case 2 and Case 3 (id. at 12-13, 24). Plaintiffs are thereby precluded from taking discovery in Case 2 or Case 3 bearing on liability on the remaining Case 1 claims. Defendant does not contend, as Plaintiffs suggest, that Plaintiffs are foreclosed from "all liability discovery on Case 2."

Rather, under the January 9, 2006 Scheduling Orders, Plaintiffs are precluded from taking further Case 1 discovery under the guise of Case 2 requests. The prior Orders of the Court are thus dispositive, in whole or in part, of Plaintiff Murphy's Case 2 Interrogatories 8, 9, 10, 11, 12, 13, 14, 15 and 16, and Document Requests 13, 16, 17, 24, 25, 26, 27, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50. The prior Orders are likewise dispositive, in whole or in part, of the following discovery requests of Plaintiff Schuler: Document Requests 4, 5, 6, 7, 8, 9 and 12, and Interrogatories 1, 2, 3, 4 and 10, which are not before the Court on the pending motion to compel. Subject to and without waiving these objections, Defendant has voluntarily provided additional discovery bearing on the partner/employee (Clackamas) issue, and with respect to similarly situated employees of the RAS unit.

Defendant does not believe that Plaintiffs' service of a combined total of over 200 separate discovery requests, including subparts, was calculated to comply with Judge Leon's directive at the December 8, 2005 Status Hearing that Plaintiffs proceed with discovery in the three related cases "with maximum efficiency" in a "streamlined" manner to contain the expenses and burden of "costly litigation" (see Murphy Motion, Tab 7 at 14). Apart from the extraordinary number of requests in a litigation that has been pending for over three years, the requests are, in many instances, overlapping and redundant (see Plaintiff Schuler's Position on

17

Question 4, infra).  It is submitted that Plaintiffs could have readily streamlined discovery to comply with Judge Leon's directive by serving a single set of requests that took account of the extensive preexisting discovery record and the prior discovery orders.  The blunderbuss manner in which Plaintiffs have elected to proceed has unduly burdened the Defendant, needlessly increased costs and expenses, and unnecessarily complicated discovery and discovery motion practice.

**Question 4:    To what extent will the same issues or similar or related issues be eventually presented by Mr. Schuler in connection with Case Nos. 02-982 and 05-2355?**

Plaintiff Murphy's Position:

Plaintiff Murphy believes that since his cases and Mr. Schuler's present very similar issues, and since Plaintiff Schuler has joined in Plaintiff Murphy's motion, then Plaintiff Schuler would be bound by the Court's orders with respect to the discovery that he seeks.

Plaintiff Schuler and Plaintiff Murphy have somewhat different approaches to damages discovery, and each of the Plaintiffs is seeking different damages information.  Defendant has refused to provide any specific compensation information.  Given that Defendant's position on the appropriate scope of damages discovery will presumably be the same (rather than Defendant changing its position with respect to each of the Plaintiffs), there will be no prejudice to the Defendant if Plaintiff Schuler presses for different compensation information with respect to damages.  A decision by the Court regarding appropriate damages information will bind all parties.

Plaintiff Schuler's Position:

Plaintiff Schuler concurs that since his cases and Mr. Murphy's present very similar issues, and that since Mr. Schuler has joined in Mr. Murphy's motion, then Mr. Schuler would be bound by the Court's orders with respect to the discovery that he seeks.

Plaintiff Schuler's discovery consisted of twelve requests for production of documents and ten interrogatories. Plaintiff's document requests nos. 1, 2, 4, 5, and 10 overlap to a certain extent with document requests made by Plaintiff Murphy. Document request nos. 6, 7, 8, and 9 may overlap with Plaintiff Murphy's. While Plaintiff Murphy asked for documents comparing his qualifications with other individuals who made partner, Plaintiff Schuler asked for documents which would allow him to compare his qualifications with those of people making partner. To a certain extent, the same documents are likely to be responsive to the requests made by both plaintiffs.

Request for Production Nos. 3, 11, and 12 do not overlap requests made by Plaintiff Murphy. Request No. 3 sought documents showing date of birth, date of first employment with PwC, and job titles held by employees admitted to partnership from January 1, 2003 through December 31, 2005. Request No. 12 sought further information on the same group of employees - namely, the dates they were admitted to partnership, the practice into which they were admitted and the offices from which they were admitted to partner. Defendant's primary objection to nos. 3 and 12 was based on its belief that such discovery is barred by the Court's November 22, 2004 Order. If the Court decides that its 2004 Order is not a bar, then defendant should produce responsive documents.

Request No. 11 sought documents identifying as of June 30, 2005, each employee employed as Managing Director, Director, or senior manager, who had at least 9 years of service with PwC, including their dates of birth and dates of hire. Defendant objected to the request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant should provide responsive documents because such documents would tend to prove or disprove Plaintiff Schuler's contention that PwC puts its older employees

into the Managing Director, Director, or senior manger positions instead of making them partners.

Of Plaintiff Schuler's ten interrogatories, defendant answered three (nos. 7, 8, and 9). Interrogatories 1 and 10 do not overlap with Plaintiff Murphy's as they seek information specific to why Plaintiff Schuler was not promoted or sponsored for promotion to partner. Interrogatories 2, 3, and 5 are similar to interrogatories submitted by Plaintiff Murphy.

As noted by Plaintiff Murphy, Plaintiff Schuler sought information regarding damages in a different format. Seeking to avoid any objections based on privacy concerns, Plaintiff Schuler asked for the "average amount of income of a PwC partner" for fiscal years 1998 through 2005, instead of seeking the specific amount of income of each PwC partner.

Plaintiff Schuler agrees that it is likely that defendant's position on the appropriate scope of damages discovery will presumably be the same (rather than Defendant changing its position with respect to each of the Plaintiffs), and that therefore, there will be no prejudice to the defendant if the two plaintiffs press for different compensation information with respect to damages. A decision by the Court regarding appropriate damages information will bind all parties.

Defendant's Position:

Plaintiff Schuler has not filed a motion to compel, and his discovery requests are not part of the record on Plaintiff Murphy's pending motion to compel.

Plaintiff Schuler joined in Plaintiff Murphy's motion to compel discovery responses. In a single paragraph appended to Plaintiff Murphy's motion, Plaintiff Schuler's counsel states that the two Plaintiffs "are sharing discovery in these three cases, as recognized by the Scheduling Order entered in the three cases." By joining in Plaintiff Murphy's motion, Plaintiff Schuler is

necessarily bound by any rulings on that motion that pertain to his discovery requests, including, for example, a ruling on Defendant's objections predicated on the November 22, 2004 discovery Order and the January 9, 2006 Scheduling Orders. A ruling on Defendant's objections to disclosure of the income of its partners, whether by individual partners (as Murphy seeks) or by average income (as Schuler seeks), would be dispositive of the damages discovery requests of both Plaintiffs.

In their statement joining in Plaintiff Murphy's motion to compel filed March 15, 2006, Plaintiff Schuler's counsel also stated that Schuler "expects to file a separate motion to compel." To date, no such motion has been filed by Schuler. If and when Schuler does file a motion to compel, Defendant reserves its right to file papers in opposition, and submits that any such motion should be heard together with Murphy's pending motion. In the absence of a formal motion in accordance with the Federal and Local Rules, Defendant objects to Plaintiff Schuler's presentation of any issues at the hearing on Plaintiff Murphy's motion that Plaintiff Schuler may believe to be unique to his discovery requests, or to any request for the entry of an order compelling responses to any of Plaintiff Schuler's discovery requests. However, consistent with Judge Leon's directive, and in accordance with the January 9, 2006 Scheduling Orders, Defendant will consider any ruling on the issues raised by Plaintiff Murphy's discovery motion to be applicable to Plaintiff Schuler's discovery requests (unless the Court sustains Plaintiffs' Position in response to Question 3, supra, that the "discovery order" provision in those Scheduling Orders was intended only to obviate the necessity of "re-negotiat[ing] matters such as protective orders").

**Question 5:    To what extent has any portion of the pending motion been rendered moot by the defendants' further production of documents?**

Plaintiffs' Position:

As is evident from the discussion above, a number of the discovery requests in the pending motion have been resolved, either through the parties' compromise or through Defendant's production of materials related to the owner-employee/Clackamas issue. As part of the effort to compromise, Plaintiff has agreed not to press his Motion to Compel with respect to certain discovery requests. As far as the present Motion to Compel is concerned, the remaining discovery requests that are still in dispute are described in Section II-D, *supra*.

Defendant's Position:

A majority of the individual discovery requests addressed by Plaintiff Murphy's motion to compel purportedly relate to the partner/employee issue under the Clackamas standard. In its responses and objections to those requests, Defendant stated that, subject to and without waiving its objections to the requests, it would provide responsive documents and information. In accordance with the agreement to provide discovery on a "rolling basis" as documents and information were located and gathered, Defendant has essentially completed its production. As detailed above, the pending motion to compel has been mooted to the extent of this production of documents in response to both Clackamas-related and certain other discovery requests.

**Question 6:    To what extent is the discovery at issue in the pending motion to compel needed to enable either side to support or oppose the dispositive motion that defendant will be filing on or before August 6, in accordance with Judge Leon's order?**

Plaintiffs' Position:

In a letter dated May 3, 2006 and in their conference on May 5, Plaintiff asked counsel for Defendant to specify the issues Defendant believed would be raised in a further motion for summary judgment. Defense counsel stated that Defendant intends to move for summary judgment on the owner-employee/Clackamas issue, which involves the following disputed discovery requests: Case 2, Document Requests 24 and 29. Defendant would not identify any additional areas on which Defendant expects to move for summary judgment. Even in this report, PwC does not specify the summary judgment arguments (other than on owner/employee), that it intends to make.

In light of PwC's refusal to forsake future motions seeking summary judgment on liability issues, Plaintiff is entitled to engage in all appropriate liability discovery. The following disputed discovery requests pertain to liability issues: Case 1, Interrogatory 13 and Document Requests 4, 5, 9, 10, 13, 23-27 & 29 as well as Case 2, Document Requests 2, 3 & 11 (dealing with comparators, Plaintiff's performance and Defendant's defenses). Pursuant to Fed. R. Civ. Proc. 56(f), Plaintiff must be afforded the opportunity to engage in this discovery before a dispositive motion in resolved, as the Supreme Court has emphasized that a civil rights plaintiff must be "afforded a full and fair opportunity to demonstrate pretext," Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981). PwC's assurance that, in its opinion, Plaintiff will not need any of the disputed discovery to oppose summary judgment, is hardly reassuring and certainly not dispositive.

Defendant's Position:

Other than the partner/employee issue under the Clackamas standard, Defendant has not reached a final determination of the issues that will be raised on its dispositive motions. The

parties are not under any obligation to identify grounds for summary judgment at this stage of proceedings, and Rule 56(f), Fed.R.Civ.P., may not be invoked in the absence of a motion pursuant to Rule 56(b).  However, whether or not Plaintiff finds it "reassuring," Defendant states categorically its belief that none of the discovery requests to which it has objected, and declined to produce responsive documents or information, will be needed to enable Plaintiff Murphy to oppose any dispositive motion to be made.  Accordingly, in response to its dispositive motions, Defendant does not believe that relief pursuant to Fed.R.Civ.P. 56(f) will be necessary or warranted.

The specific discovery requests identified by Plaintiff Murphy, as purportedly needed to oppose summary judgment, are objectionable to the extent and on the grounds stated in Defendant's responses to those requests, whether for purposes of dispositive motions or trial. Without waiver of those objections, Defendant has provided documents relating to Plaintiff Murphy's performance and evaluations, and to the performance, evaluations and admission as partners of all similarly situated comparators in the RAS unit, and Plaintiff is not otherwise being deprived of any discovery to which he is entitled to demonstrate pretext.

## IV.    Conclusion.

Pursuant to the Court's instruction and in accordance with Local Rule 7(m), the parties have engaged in substantial additional discussions of the discovery disputes at issue in Plaintiff's Motion to Compel. The parties were able to significantly narrow the disputes. The Court's resolution of the remaining disputes will assist the parties in completing the necessary discovery in a timely fashion.

Respectfully submitted,

\_\_\_\_ /s/ _____
Richard A. Salzman (#422497)
Douglas B. Huron (#89326)
Tammany M. Kramer  (#483146)
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN, PLLC
1730 M Street, NW, Suite 412
Washington, DC 20036
(202) 293-8090
Fax: (202) 293-7110

*Counsel for Plaintiff Murphy*

\_\_\_\_ /s/ _____
David Rose  (#376379)
Terri Marcus   (#483175)
ROSE & ROSE, PC
1320 19th St. NW, Suite 601
Washington, DC 20036
(202) 331-8555
Fax: (202) 331-0996

*Counsel for Plaintiff Schuler*
Dated:  May 11, 2006

\_\_\_\_ /s/ _____
Eric M. Nelson  (*pro hac vice*)
Stephen L. Sheinfeld (*pro hac vice*)
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Fax:  (212) 294-4700

Thomas M. Buchanan (#337907)
Julie A. Klusas Gasper  (#D00244)
WINSTON & STRAWN, LLP
1700 K St. NW
Washington, DC 20036
(202) 282-5000
Fax: (202) 282-5100

*Counsel for Defendant*