UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

C. WESTBROOK MURPHY, et al.,

    Plaintiffs,

     v.

PRICE WATERHOUSECOOPERS, LLP, et
al.,

    Defendants.

Civil Action Nos. 02-0982, 05-1054
RJL/DAR

## MEMORANDUM ORDER

Pending for determination by the undersigned is Plaintiff's Motion to Compel Discovery

Responses ("Plaintiff's Motion") in two related cases.  See No. 02–0982 ("Case 1") (Docket No.

133); No. 05-1054 ("Case 2") (Docket No. 24).[1]  Plaintiff seeks to compel Defendant,

PriceWaterhouseCoopers LLP ("PWC"), to serve full and complete responses to his

interrogatories and document requests.  Defendant's objections to Plaintiff's requests are

principally based on a November 22, 2004 Order entered by the undersigned precluding Plaintiff

from taking further discovery; relevance; undue burden and overbreadth.  Upon consideration of

the motion, the memoranda in support thereof and in opposition thereto and the entire record

herein, Plaintiff's motion will be GRANTED IN PART.

## Analysis

Plaintiff initially requested that Defendant respond fully to Plaintiff's Interrogatories 1-14

and Document Requests 1-22 and 29-31 in Case 1 and Interrogatories 1-21 and Document

---

[1] Plaintiff has filed identical Motions to Compel in Cases 1 and 2.  Pursuant to the trial court's January 9,
2006 Minute Order in which it ordered that all discovery orders entered in the related cases shall be deemed
applicable to each of the other cases, the undersigned's Memorandum Order will address and resolve the pending
discovery disputes in both cases.  Since Case 1 has been pending longer than Case 2, for the remainder of the
Memorandum Order, the cited docket numbers shall relate to Case 1.

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    2

Requests 2-11, 15-20, 24-34 and 46-56 in Case 2.  However, the court directed the parties to

meet and confer in an effort to resolve the disputes without the court's intervention.  The parties

met and conferred and significantly narrowed the remaining discovery disputes.  The remaining

disputes involve Interrogatories 1 and 13 and Document Requests 3-5, 9, 10, 13 and 23-27 in

Case 1, and Interrogatories 5 and 17 and Document Requests 2, 3, 11, 24, 29 and 52 in Case 2.

  In the Joint Statement Concerning Plaintiff Murphy's Motion to Compel Discovery

Responses (Docket No. 142) filed after the parties conferred, the parties stated that they agreed

that the resolution of four "overarching issues" will "for the most part resolve the remaining

discovery requests at issue[.]"  Joint Statement Concerning Plaintiff Murphy's Motion to Compel

Discovery Responses ("Joint Statement") at 2.  The issues identified by the parties are:

> (a) whether the court's November 22, 2004 Order foreclosed or merely stayed further liability discovery in Case 1;
> (b) whether and to what extent the Court's November 22, 2004 Order affects discovery in Case 2 under the terms of the Scheduling Orders entered January 9, 2006;
> (c) the appropriate organizational scope of discovery relating to other employees; and
> (d) whether Plaintiff is entitled to discovery of the actual compensation of partners as proof of his damages.

Id.  In accordance with the parties Joint Statement, the undersigned will first address these

"overarching" issues and then address and specific discovery requests that remain.


A.  The November 22, 2004 Order

  An overwhelming majority of Defendant's objections to Plaintiff's discovery requests are

based on Defendant's contention that the undersigned's November 22, 2004 Order precluded

Plaintiff from taking further liability discovery in Case 1.  In order to adequately determine the

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                           3

holding and intent of the order, a review of posture of the case at the time the order was entered

is required.

On February 25, 2003, pursuant to this court's direction, Rule 26(f) of the Federal Rules

of Civil Procedure and Local Rule 16.3, the parties filed their First Supplemental Joint Report of

the Parties on Planning Conference (Docket No. 46).  In the report, the parties indicated that

"discovery should be managed in phases, and that the initial phase of discovery should proceed

during the pendency of defendant's motion to dismiss and be limited to discovery relating to

plaintiff's promotion claims against PWC under the ADEA."  First Supplemental Joint Report of

the Parties on Planning Conference ("First Supplemental Joint Report") at 2.

The Joint Statement set forth the specific discovery that each side would produce during

the initial phase of discovery and indicated that "the parties agree to confer in good faith with

respect to any further discovery either plaintiffs or defendants believe to be appropriate in the

initial phase of discovery."  Id. at 3.  The parties filed a proposed scheduling order memorializing

the discovery plan set forth in the First Supplemental Joint Report, and the undersigned entered

the Scheduling Order (Docket No. 47) on February 28, 2003.  The scheduling order directed the

parties "to develop a proposed discovery plan for any remaining phases of discovery" within 20

days after entry of the trial court's decision on Defendant's motion to dismiss.

On August 21, 2003, the undersigned ordered that "damages discovery" be stayed

"pending disposition of PWC's motion for summary judgment to be filed at the conclusion of the

initial phase of discovery."  See August 21, 2003 Order (Docket No. 61) at 1.  Later, Defendant

filed a consent motion to stay discovery pending the determination of the three dispositive

motions which had been filed in the case.  Defendant's Uncontested Motion to Stay Discovery

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    4

(Docket No. 98). The undersigned granted the motion on April 8, 2004. <u>See</u> April 8, 2004 Order

(Docket No. 101).

On September 27, 2004, the trial court entered a Memorandum Opinion and Order

resolving the three dispositive motions. The trial court denied Plaintiff Murphy and Schuler's

motion for summary judgment, and granted in part and denied in part Defendants' motions to

dismiss and for summary judgment. Memorandum Opinion and Order (Docket No. 104) at 38.

The court dismissed Murphy's 1999 ADEA non-promotion claims, class action claims, claims

against the Board of Partners and Principals, claims against all individual defendants except for

Robert C. Morris, Jr., and claims alleging violations of the Human Rights Laws of New York

("NYHRL"). <u>Id.</u> at 16-29. Plaintiff's 2000 and 2001 non-promotion claims under the ADEA

and DCHRA were the sole claims that remained.

Additionally, the trial court denied Plaintiffs' motion for summary judgment on their

"pattern and practice" claims and granted in part and denied in part Defendants' cross-motion for

summary judgment. <u>Id.</u> at 31. The trial court granted Defendants' cross-motion for summary

judgment on Plaintiffs' "disparate impact" claims, but denied Defendants motion with respect to

Plaintiffs' "disparate treatment" claims. The trial found that there were genuine issues of

material fact regarding a "disparate treatment" theory. Specifically, the court noted that the

Murphy and Schuler "demonstrated that there is a disparity in the ages of individuals promoted to

partnership and the record is, as of yet, not fully developed regarding the particular circumstances

under which the two plaintiffs were not advanced to partnership." <u>Id.</u> at 38.

In accordance with the undersigned's February 28, 2003 order, the parties set forth their

positions regarding the conduct of further discovery following the resolution of the three

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                                5

dispositive motions in their Second Supplemental Joint Report of the Parties ("Second Joint

Report") (Docket No. 111).  Plaintiffs requested 27 categories of documents from Defendants

and sought to depose eight additional witnesses.  In support of their requests, Plaintiffs

maintained that the initial scheduling order called for an "initial phase of discovery" in order for

Plaintiffs to respond to Defendants' motion to dismiss and that "[t]he stipulation in the First Joint

Report did not propose that Plaintiffs' discovery would be limited to two depositions and five

categories of documents."  Second Joint Report at 6-7.  Defendants sought to complete the

depositions of the Plaintiffs.  Additionally, Defendants opposed Plaintiffs' request for further

discovery by arguing that it had "provided all discovery specified in the Scheduling Order[,]" and

that "none of the additional discovery now sought by plaintiffs from PWC is relevant to or

needed to permit plaintiffs to oppose PWC's [soon to be filed] dispositive motions. Id. at 8,11.

Counsel appeared before the undersigned on November 4, 2004 for a discovery status and

scheduling conference in which they set forth their arguments regarding further discovery.

Shortly thereafter, the undersigned entered the order now at issue.  The court ordered that with

consent of the Plaintiffs, Plaintiffs would appear for the completion of their depositions, that

"Plaintiffs' request for leave to take further discovery [was] denied" and that "Defendant PWC

shall file its motion for summary judgment no later than January 17, 2005."  See November 22,

2004 Order at 2-3.  The undersigned found that "Plaintiffs have failed to demonstrate that further

discovery is warranted."  Id. at 2.  Further, the undersigned held that "Plaintiffs have not shown

that they need additional discovery in order to file their opposition to the dispositive motion

which Defendants will file in January, 2005" and that "further discovery, even if such discovery

were otherwise warranted, is appropriately stayed pending the determination of the dispositive

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    6

motion." Id.

Defendant's current position is that "[t]o the extent Plaintiff's recent discovery requests

seek additional information and documents on the claims remaining in Case 1, it is cumulative[]"

because the November 22, 2004 Order "precludes further fact discovery on liability on Murphy's

remaining non-promotion claims[.]" See Joint Statement at 13; Defendant's Memorandum in

Opposition to Plaintiff Murphy's Motion to Compel Discovery Responses ("Defendant's

Opposition") at 23. Plaintiff contends that "the Court's November 22, 2005 order did not

foreclose further liability discovery in Case 1, but rather stayed discovery pending the disposition

of Defendants' motion for summary judgment." Joint Statement at 15.

Review of the procedural posture of the case as of November, 2004, as well as the scope

and extent of the discovery ordered in the scheduling order, reveal that the November 22, 2004

Order did not foreclose further liability discovery as Defendants contend. First, the parties, in the

First Joint Report, agreed that discovery should proceed in phases and that the initial phase of

discovery would take place during the pendency of Defendants' motion to dismiss. Defendant's

contention that they provided all the discovery required by the scheduling order is of no moment

because the scheduling order only set forth the required discovery for the initial phase of

discovery, which principally related to the Plaintiffs' ability to appropriately respond to

Defendants' motion to dismiss.

Second, the trial court's Memorandum Opinion and Order expressly provides that "the

record, is, as of yet, not fully developed regarding the particular circumstances under which the

two plaintiffs were not advanced partnership[]" and as a result there were genuine issues of

material fact relating to the "disparate treatment" theory, thereby precluding both parties'

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    7

motions for summary judgment.  The trial court's acknowledgment that the record had not been

fully developed regarding the reasons for Schuler and Murphy's non-promotion to partnership

support Plaintiff Murphy's contention that further liability discovery is necessary.

        Third, Defendant's argument in the Second Joint Report that Plaintiff failed to request

further discovery in order to oppose Defendant's motion for summary judgment and the

undersigned's reliance on that reasoning in the November 22, 2004 Order lead the undersigned to

conclude that Plaintiff 's position is correct.  The November 22, 2004 Order stayed further

discovery until the determination of Defendant's motion for summary judgment and did not

foreclose liability discovery in Case 1.

        The undersigned finds that Defendant's objections to Plaintiff's discovery requests based

on the November 22, 2004 Order are unsupported.  Accordingly, Defendant must produce the

requested discovery for any requests in which their sole objection was the November 22, 2004

Order.  Therefore, Defendant must serve Interrogatory 13 and produce documents responsive to

Document Request 5.


B.  The November 22, 2004 Order and Case 2 Discovery

        Defendant, in conjunction with its previous argument, maintains that the November 22,

2004 Order is applicable to Case 2 through the trial court's January 9, 2006 Scheduling Order.

The scheduling order provides that "all discovery and protective orders entered and to be entered

in each of the aforementioned cases shall be deemed applicable to each of the other cases[.]" See

January 9, 2006 Minute Scheduling Order.  Defendant PWC further maintains that Plaintiff is

precluded from seeking discovery in Case 2 that he could have received during the initial phase

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                          8

of discovery in Case 1.  The gravamen of Defendant's argument is that because liability

discovery was foreclosed in Case 1, it is also foreclosed in Case 2.  Now that the undersigned has

found that the November 22, 2004 Order did not foreclose liability discovery, the undersigned

finds that Defendant's contentions regarding Case 2 are without merit.  Accordingly, Defendant

must produce documents responsive to Case 2 Document Requests 24 and 29.[2]


C.  The Scope of Organizational Discovery Related to Comparators

        Defendant does not dispute that Plaintiff is entitled to discovery regarding comparators;

however the parties are unable to agree on the scope of that discovery.  Plaintiff contends that he

is entitled to discovery regarding similarly situated employees in the Financial Services ("FS")

practice, while Defendant contends that Plaintiff's discovery of comparators should be limited to

Plaintiff's small work unit, the Regulatory Advisory Services ("RAS") practice, a sub-unit of

Financial Services.

        Defendant submits that Plaintiff's discovery should be limited to RAS because the

decision not to recommend Plaintiff for partner was made by Bob Bench, the senior partner in

RAS, and therefore Plaintiff's appropriate comparators are other similarly situated employees

within RAS.  Additionally, Defendant maintains that a number of authorities support the

proposition that discovery should be limited to the working unit which made the employment

decision, in this case an RAS partner.  Defendant's Opposition at 28-30.

        In support of his request, Plaintiff relies on Barnett v. PA Consulting Group, Inc., No 04-

---

[2]  Defendant's objections to Document Requests 24 and 29 principally rely on the argument that the
requests are barred by the November 22, 2004 Order.  Defendant also objects to the discovery as overbroad, unduly
burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant's objections
are unsupported by argument or authority and therefore the undersigned finds that they are without merit.

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    9

1245 (D.D.C. 2006) (Kay, J.), a recent decision of another magistrate judge of this court. Judge

Kay's holding in Barnett is very instructive. In Barnett, the plaintiff worked in the

Transportation Practice of a large consulting firm. The plaintiff's employment was terminated

during a "reduction in force" and plaintiff alleged that she was terminated because of her age and

gender. Plaintiff sought discovery regarding the defendant's partners outside of the

Transportation Practice, and the defendant objected to her requests on the ground that the sole

decision-maker regarding plaintiff's termination was the senior partner in the Transportation

Practice. The court found that defendant's contention that the senior partner in the

Transportation Practice was the sole decision-maker was inaccurate and that in fact senior

executives outside of the Transportation Practice exercised control over the implementation of

the reduction in force which resulted in the plaintiff's termination. Barnett, No 04-1425 at 6.

The court further found that "even if Kelly [Senior Transportation Practice Partner] was the sole

decision-maker, discovery outside the Transportation Practice would not necessarily be

irrelevant." Id. at 7. The court held that:

> Unquestionably, Plaintiff is similarly situated to employees and former employees
> in the Transportation Practice. However, she is similarly situated to other PA
> employees with similar levels of authority and responsibility. Plaintiff held a
> high-level management position, Management Consultant, the position
> immediately below that of Partner. . . . PA's treatment of other women and older
> employees who were similarly on the cusp of partnership is relevant to Plaintiff's
> claim of age and gender discrimination. Thus, Defendant's insistence that
> discovery be confined to the Transportation Practice is unwarranted.

Id. at 7-8.

       The facts of this case are almost identical to those of Barnett. Here, as in Barnett,

Plaintiff held a high-level management position, immediately below that of partner, and Plaintiff

seeks discovery regarding other similarly situated employees outside of his small practice unit.

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                          10

<u>Barnett</u> makes it clear that the information Plaintiff seeks is relevant and that Plaintiff should be

entitled to seek comparator information about other similarly situated employees outside of his

small employment unit.  Accordingly, the undersigned finds that Plaintiff is entitled to discovery

regarding employees in the Financial Services practice.  Defendant must therefore produce the

documents responsive to Document Request 4 in Case 1 and Document Requests 2, 3 and 11 in

Case 2.


D.  <u>Damages Discovery</u>

          1. Damages Information

          The remaining discovery disputes concern Plaintiff's discovery regarding proof of

damages.  Specifically, Defendant objects to Plaintiff's request for discovery seeking the actual

compensation of other PWC managing directors and partners.  Defendant objects to producing

information related to the actual compensation of other employees on the ground that the

information is irrelevant to the amount of salary, bonus and benefits the Plaintiff would have

received had he been promoted to partner.  Defendant's Opposition at 33.  Defendant maintains

that Plaintiff's compensation would have been based on PWC's compensation policies and

procedures, which it has already provided to Plaintiff, and therefore the compensation of other

employees is not properly discoverable.  In support of its argument, Defendant relies on <u>E.E.O.C.</u>

<u>v. Colgate-Palmolive Co.</u>, 612 F. Supp. 1476, 1479 (S.D.N.Y. 1985) and <u>Vernon v. Port</u>

<u>Authority of New York & New Jersey</u>, No. 95-4594, 2003 WL 1563219, *4 (S.D.N.Y. March 26,

2003).  <u>Vernon</u> holds that determination of the amounts a plaintiff would have received if he

were promoted must be based on the compensation policies and practices of his employer during

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                11

the period of the adverse employment action.  <u>Colgate-Palmolive</u> further holds that the relevant

damages consideration is the amount a plaintiff would have received in the positions pursuant to

the company's policies "and not the amount others received in those positions."  <u>Colgate-</u>

<u>Palmolive Co.</u>, 612 F. Supp. at 1479.

        Plaintiff contends that the actual compensation of similarly situated managing directors

and partners is necessary because PWC's "policies reveal that partner compensation varies

annually, and depends largely on the subjective judgments of several partner evaluators regarding

a particular partner's 'responsibility level' and yearly performance."  Plaintiff Murphy's Reply in

Support of Motion to Compel Discovery Responses ("Plaintiff's Reply") (Docket No. 137) at 18.

Plaintiff further contends that he "is entitled to discover the best information available to try to

determine his losses, and here, that is information showing the results actually obtained by

partners within his line of service, who were admitted during the years at issue in this case."  <u>Id.</u>

        Plaintiff is unable to provide authority for his request, the undersigned finds that his

arguments are persuasive.  If Plaintiff is successful in proving that Defendants are liable for

discrimination, he must be able to adequately set forth his compensatory damages.  In cases

where employers have salary and bonus policies which are based on objective qualifications, the

undersigned may be inclined to preclude a plaintiff's request for the compensation information of

other employees; however, PWC's policies are subjective.  The undersigned finds that Plaintiff

should be allowed to inquire into the actual compensation of similarly situated employees during

the relevant time period.  In Case 1, Plaintiff requests the annual compensation of Financial

Services employees admitted to partnership between 1998-2001, a request which the court finds

appropriately tailored.  Accordingly, Defendant shall respond to Interrogatory 1 and produce

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    12

responsive documents to Document Request 3.

        In Case 2, Interrogatory 5, Plaintiff requests that for the period January 1, 2004 to present,

Defendant identify each person holding the position of Managing Director and state their yearly

compensation.  With respect to Case 2 damages discovery, the undersigned finds that

Interrogatory 5 is relevant but overbroad.  Accordingly, the undersigned will order that Defendant

identify only the Managing Directors in the Financial Services practice who were admitted to

partnership between January 1, 2004 to present and their annual compensation during the

relevant time period.

        2. Punitive Damages

        The parties initially could not agree as to whether PWC should produce its financial

statements as part of Plaintiff's punitive damages discovery.  However, Defendant withdrew its

objection and agreed to provide its most recent financial statement at the time of trial.  Plaintiff's

position is that the financial statement should be produced within the remaining discovery period.

Plaintiff does not contend that it has any immediate need for the requested information and the

undersigned finds that PWC's proposal to produce the information at the time of trial is

reasonable.  Accordingly, the undersigned orders Defendant to produce its most recent financial

statements at the time of trial, and denies Plaintiff's motion to compel the immediate production

of the statements.


E.  Specific Discovery Requests

        1. Case 1- Document Request 9

        Plaintiff seeks responsive documents relating to any PWC employees proposed for

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    13

partnership age 50 or older, between January 1, 1998 and December 31, 2001.  Plaintiff submits

that this information "will provide comparative qualifications about other candidates as well as

information about defendant's promotional process."  Plaintiff's Motion at 14.  Defendant

objects to this discovery on the grounds of the November 22, 2004 Order and relevance.  The

undersigned has already found that the November 22, 2004 Order does not support any of

Defendant's objections.  Further, the undersigned finds that the requested discovery is relevant.

Plaintiff's claim is premised on age discrimination.  Therefore, it is proper for Plaintiff to seek

discovery regarding how PWC treated other employees over age 50 during the relevant period.

Accordingly, the court orders Defendant to produce all documents responsive to Document

Request 9.

     2. Case 1- Document Request 10

     Plaintiff seeks responsive documents relating to the consideration of Gale Blackburn for

admission to partnership and for appointment to Managing Director.  Plaintiff does not provide

any reasons why the information is relevant.  Defendant's objections are premised on the

November 22, 2004 Order, overbreadth, undue burden and that the information is not likely to

lead to admissible evidence.  Like Plaintiff, Defendant does not set forth in detail the reasoning

behind their objections.  The undersigned has no basis with which to rule on this discovery

request and therefore will not making any determination relating to Document Request 10.  The

undersigned will order the parties to confer and determine whether any of the other findings of

this Memorandum Order shed light on the resolution of the parties' dispute.

     3. Case 1- Document Request 13

     Plaintiff seeks the minutes for the PWC U.S. Board of Partners and Principals from 1998-

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    14

2001.  Plaintiff submits that "[t]hese records likely contain contemporaneous information about the qualifications that the Board was seeking in partner candidates, and may also contain direct evidence regarding bias against older candidates."  Plaintiff's Motion at 15.  Plaintiff further submits that the entities did not meet often, and that the narrow temporal scope renders the requests reasonable and not overly broad.  Defendant objects to the discovery based on the November 22, 2004 Order and relevance.  Defendant does not provide any further explanation why the documents should not be produced.

It is well settled that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P 26(b)(1).  Relevance is broadly construed, but may be limited in substantive and temporal scope to avoid overly broad and unduly burdensome requests.  See Glenn v. Williams, 209 F.R.D. 279, 281 (D.D.C. 2002).  In light of those general principals and Plaintiff's contentions, the undersigned finds that the discovery is relevant and sufficiently limited in scope to not be overly broad or unduly burdensome.  Accordingly, the undersigned orders Defendant to produce all documents responsive to Document Request 13.

4. Document Requests 23-27

Plaintiff seeks his internal complaints about PWC's age-related practices and PWC's "independence" policies.  Plaintiff submits that PWC has produced the documents that he filed relating to his complaints, but that Defendant has not produced any documents concerning its consideration of Plaintiff's complaints.  Plaintiff's Motion at 25.  In support of his request, Plaintiff contends that the Scheduling Order required Defendant to produce "records relating to the employment of each of the plaintiffs."  Id.  Defendant objects to the discovery based on the

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    15

November 22, 2004 Order, relevance and undue burden.  Defendant does not provide any reasons

why the documents are irrelevant nor do they assert why their production would be an undue

burden.  Any responses to Plaintiff's complaints regarding PWC's age-related policies are clearly

relevant.  Accordingly, the undersigned orders Defendant to produce all responsive documents to

Document Requests 23-27.

    5. Case 2- Interrogatory 17

    Plaintiff requests Defendant to identify PWC employees who were 55 or older any time

after January 1, 2004 and who held the position of manager or higher, exclusive of partners.

Plaintiff further requests that Defendant state whether that employee has retired and if so the date

of retirement.  Plaintiff submits that he has reserved the right to pursue his claim as a collective

action under 29 U.S.C. § 216, and therefore pursuing discovery related to similarly situated

employees is appropriate.  Plaintiff's Motion at 26-27.  Plaintiff further submits that the

requested discovery will "assist in establishing a pattern or practice of age discrimination and in

defining the contours of the 'similarly situated' group appropriate for a collective action."  Id. at

27.  Defendant objects to the discovery as overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Again, Defendant does not present

any rebuttal to Plaintiff's contentions relating to this specific request.  The undersigned finds that

Defendant's objections are unpersuasive.  Plaintiff is entitled to discovery related to a collective

action and requesting that Defendants identify all managers 55 or older during a relatively brief

period is not overly broad or unduly burdensome.  The court orders Defendant to serve a

complete response to Interrogatory 17.

Murphy, et al. v. PriceWaterhouseCoopers, LLP, et al.                                    16

**Conclusion**

      Upon consideration of the Plaintiff's Motion to Compel, the memoranda in support

thereof and in opposition thereto and the entire record herein, it is this 19th day of May, 2006,

      **ORDERED**, that Plaintiff's Motion to Compel Discovery Responses is **GRANTED IN**

**PART**; and it is

      **FURTHER ORDERED** that Defendant shall respond to Plaintiff's discovery requests in

accordance with this Memorandum Order by no later than June 2, 2006; and it is

      **FURTHER ORDERED** that in all other respects, Plaintiff's Motion to Compel is

**DENIED**.


May 22, 2006                                    _____/s/_____
                                                DEBORAH A. ROBINSON
                                                United States Magistrate Judge