UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Nos. 05-1054 (RJL/DAR) |
| | )                     02-982 (RJL/DAR) |
| PRICEWATERHOUSECOOPERS, LLP | ) |
| Defendant. | ) |

**OPPOSITION TO MOTION TO RECONSIDER DISCOVERY ORDER**

On May 22, 2006 the Court issued a comprehensive Memorandum Order (Mem. Order) (Case 1: Docket No. 143) resolving the disputed issues in plaintiff Murphy's motion to compel. Among other things, the Court ruled that, contrary to defendant PwC's contention, the Court's "November 22, 2004 Order did not foreclose further liability discovery." Mem. Order at 6. In so ruling, the Court relied in part on Judge Leon's determination that "the record is, as of yet, not fully developed regarding the particular circumstances under which the two plaintiffs were not advanced to partnership." Memorandum Opinion and Order (Docket No. 104, Sept. 27, 2004) at 38.

In seeking reconsideration, PwC argues that the Court did not know what it meant in its own order. And for good measure, PwC adds that Judge Leon did not really mean what he plainly said, either. These contentions are at once cavalier and transparent. PwC's motion should be promptly denied, so discovery – which has already been delayed by defendant's obstructionism – can finally proceed.

**I.**

In opposing the motion to compel, PwC argued that the Court's order of November 22, 2004 barred further discovery on liability. In its Memorandum Order of May 22, 2006, however, the Court rejected that argument ("the November 22, 2004 Order did not foreclose further liability discovery"). PwC's motion for reconsideration is directed solely at trying to show that the Court misinterpreted its own order. In particular, the "motion seeks reconsideration **only** of the discovery requests subject to objections based on the November 22, 2004 Order." Defendant's Memorandum (Def. Mem.) at 4 (emphasis added).

In its motion for reconsideration, PwC criticizes the Court's recitation of the procedural history. In fact, though, the Memorandum Order accurately and succinctly describes the history of this convoluted case, as a brief summary demonstrates.

After the complaint in Case 1 was filed in May 2002, defendants filed a motion to dismiss in August (Docket No. 30). Six months later, in February 2003, the Court entered the initial Scheduling Order (Docket No. 47), which provided that discovery was to be "managed in phases, and the initial phase of discovery shall proceed during the pendency of defendants' motion to dismiss." Later, in the fall of 2003, while the motion to dismiss was still pending, the parties filed cross-motions for partial summary judgment (Docket Nos. 59, 66). Six months after that, in April 2004, the Court granted PwC's uncontested motion to stay discovery pending decision on all three dispositive motions (i.e., the motion to dismiss and the two cross-motions for partial summary judgment) (Docket No. 101).

This was the situation at the time Judge Leon decided the three motions on September 28, 2004 (Docket No. 104). In the decision, Judge Leon recognized that "the record is, as of yet, not fully developed regarding the particular circumstances under which the two plaintiffs were not

2

advanced to partnership." Id. at 38.  Indeed, at the time PwC had produced **only** a document issued in 1999 called "The Road to Partnership"; some (but not all) of the documents relating to plaintiff Murphy's and Schuler's employment; and a list (without names) of those individuals admitted to partnership between July 1998 and September 2003, with date of admission, length of service, and date of birth for those over 40 upon admission.

In October 2004, a month after Judge Leon issued his decision, the parties filed a Joint Supplemental Status Report (Docket No. 111).  By that time, PwC had indicated its intention to file yet another dispositive motion, and the Status Report revealed the parties' differences as to whether additional discovery was then necessary.  PwC said it had provided the discovery required under the initial Scheduling Order and argued that plaintiffs had "never suggested a need for any additional discovery **to oppose defendants' contemplated motion for summary judgment**." Id. at 9 (emphasis added).

In particular, PwC said that its

> contemplated motion for summary judgment, if granted, will dispose of all remaining claims in this case.  The motion . . . will not address PwC's evaluation of the qualifications or performance of plaintiffs or any other PwC employees. * * * As such, none of the additional discovery now sought by plaintiffs from PwC is relevant or **needed to permit plaintiffs to oppose PwC's dispositive motion.** Under such circumstances, **it would be appropriate to stay or defer consideration** of plaintiffs' additional discovery requests pending resolution of PwC's dispositive motion.

Id. at 10-11 (emphasis added).

This statement by PwC reveals that (1) its argument against further discovery was confined to the context of opposing its motion for summary judgment, and (2) it was seeking a stay of discovery pending resolution of its motion.  Following the submission of the Joint Supplemental Status Report (in which the quoted statement by PwC appears), as well as a status conference, the Court entered its Order of November 22, 2004 (Docket No. 115).

3

PwC then filed its (second) motion for summary judgment in February 2005 (Docket No. 120), and Judge Leon denied it on August 30, 2005 (Docket No. 128). Then, consistent with his determination that "the record is, as of yet, not fully developed regarding the particular circumstances under which the two plaintiffs were not advanced to partnership," Judge Leon entered an order on January 9, 2006 giving the parties 210 days for further factual discovery (Docket No. 132). Among other things, the order directed that discovery on **liability** and damages should proceed simultaneously and not be bifurcated; this shows that both Judge Leon and the parties, who agreed to the time frame of 210 days, recognized the necessity for additional discovery on liability.

This brief summary of the procedural history confirms the accuracy of the Court's recitation in the Memorandum Order that PwC attacks:

> Review of the procedural posture of the case as of November, 2004, as well as the scope and extent of the discovery ordered in the scheduling order, reveal that the November 22, 2004 Order did not foreclose further liability discovery as Defendants contend. First, the parties, in the First Joint Report, agreed that discovery should proceed in phases. . . . Defendants' contention that they provided all the discovery required by the scheduling order is of no moment because the scheduling order only set forth the required discovery for the initial phase of discovery. . . .
> Second, the trial court's Memorandum Opinion and Order expressly provides that "the record is, as of yet, not fully developed regarding the particular circumstances under which the two plaintiffs were not advanced to partnership" . . . . The trial court's acknowledgment that the record had not been fully developed regarding the reasons for Schuler and Murphy's non-promotion to partnership supports Plaintiff Murphy's contention that further liability discovery is necessary.
> Third, Defendant's argument in the Second Joint Report that Plaintiff failed to request further discovery to oppose Defendant's motion for summary judgment, and the undersigned's reliance on that reasoning in the November 22, 2004 Order, lead the undersigned to conclude that Plaintiff's position is correct. The November 22, 2004 Order stayed further discovery until the determination of Defendant's motion for summary judgment and did not foreclose liability discovery in Case 1.

Mem. Order at 6-7.

**II.**

As noted above, PwC's motion for reconsideration is limited in nature; it is confined "only [to] the discovery requests subject to objections based on the November 22, 2004 Order." Def. Mem. at 4.  Since PwC has not begun to show that the Court misinterpreted its own order, the motion should be denied.  In this vein, PwC's other objections (e.g., relevance, overbreadth, burdensomeness) were either rejected by the Court in its Memorandum Order, or else they are asserted for the first time in the motion for reconsideration, which is improper.

PwC's argument on one request, though – Document Request No. 5 in Case 1 – merits further scrutiny.  This request, which was the subject of discussion at the hearing on May 16, seeks the prospectus attached to an April 9, 1999 e-mail from Robert Bench recommending plaintiff Murphy's promotion to Managing Director.  PwC consistently refused to produce the prospectus, but now its motion for reconsideration says it has already done so: "we have recently determined that PwC . . . included multiple copies of the prospectus (with marginalia) in its production of documents" – specifically, at Bates stamped pages PwC01090, PwC01095 and PwC03359. Def. Mem. at 16.  In a footnote, PwC said it would stipulate that this prospectus, "without the marginalia," was the attachment to Mr. Bench's e-mail of April 9, 1999.  Id., n.12.

Attached as Exhibit 1 are copies of the three pages identified by PwC.  They are indeed verbatim copies of the same document, but they do not contain "marginalia," i.e., marginal notes. PwC plainly has a copy of the prospectus containing such notes in the margin, and plaintiff is entitled to it as well.

More significant, the prospectus is a multi-page document (the record of Mr. Bench's deposition, for example, includes a five-page draft).  PwC, however, has only produced the first

5

page.  Plaintiff is entitled to a complete copy of the prospectus attached to Mr. Bench's e-mail recommending plaintiff Murphy's promotion to Managing Director.

## CONCLUSION

It is one thing for a party to argue, on a blank slate, that a judicial order should be interpreted in a particular way.  But once the Court has explained what it intended in its **own order**, a party who says, "you can't have meant that," is either guilty of breathtaking arrogance or, more likely, is simply trying to delay the proceedings.

There is no basis for PwC's motion for reconsideration.  Plaintiff will not at this time seek sanctions, because that would only further delay this protracted discovery process (the Court can of course impose sanctions sua sponte under F.R.Civ.P. 11(c)(1)(B)).

PwC's motion for reconsideration should be promptly and summarily denied.

                                                    /s/
Richard A. Salzman  422497
Douglas B. Huron  89326
Tammany M. Kramer  483146
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC  20036
(202) 293-8090

Attorneys for plaintiff