UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| C. WESTBROOK MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action Nos. 02-982 (RJL/DAR) |
| v. ) | 05-1054 (RJL/DAR) |
| ) | |
| ) | |
| PRICEWATERHOUSECOOPERS, LLP, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR RECONSIDERATION**

In interpreting the November 22, 2004 Order, this Court appropriately found it necessary to review the procedural history of the case (Mem. Order, Docket No. 143, at 2-3):

> In order to adequately determine the holding and intent of the order, a review of the posture of the case at the time the order was entered is required.

Based on that review, the Court expressly stated three specific reasons for its conclusion that the November 22, 2004 Order did not foreclose further liability discovery in Case 1 (id. at 6-7). On its motion for reconsideration, PwC demonstrates, with detailed citations to the record, that each of the three reasons is factually incorrect.

Having initially moved to compel discovery responses on a materially incomplete and misleading recitation of the procedural history, Plaintiff Murphy now fails to address the merits of PwC's motion for reconsideration. Plaintiff Murphy instead characterizes the motion as "cavalier" (Murphy Opp., Docket No. 148, at 1), charges PwC with "breathtaking arrogance" for

having made it, and suggests that the Court *sua sponte* impose sanctions (id. at 6). In asking that the Court "promptly and summarily" deny the motion (id.), Plaintiff Murphy apparently expects that the Court will ignore the merits as well, and overlook the facts detailed in PwC's motion for reconsideration.

**I.**

Plaintiff Murphy misstates and side-steps PwC's showing on reconsideration that each of the three reasons stated for the Court's interpretation of that prior Order is contrary to the record.

Through strategic use of ellipses (see Murphy Opp., Docket No. 148, at 4, quoting Mem. Order, Docket No. 143, at 6), Plaintiff Murphy omits the dispositive language of the first stated reason (see Docket No. 143, Mem. Order, at 6). Plaintiff Murphy quotes instead only from the text of the Memorandum Order that discovery was to be conducted in phases, and that it is of "no moment" that Defendants provided all discovery specified in the Scheduling Order for the initial phase. The Court's stated reason for that conclusion -- nowhere mentioned in Plaintiff Murphy's opposition -- is the factually incorrect statement that the initial phase of discovery "principally related to the Plaintiffs' ability to appropriately respond to Defendants' motion to dismiss" (id.).

It is correct that discovery was to be conducted in phases on a claim-by-claim basis. But it is also a fact that the completed initial phase of discovery was limited to the claims not addressed by Defendants' then pending motion to dismiss; that the only claims which survived Judge Leon's decision on that partially dispositive motion were precisely the same claims subject to discovery under the Scheduling Order; and, that the November 22, 2004 Order noted that "Plaintiffs do not dispute that the discovery for which the initial scheduling order provided has concluded" (Docket No. 115 at 2). The Court overlooked these material facts in its

2

Memorandum Order, and Plaintiff Murphy now takes great pains to avoid them on reconsideration.

As to the second stated reason for the Court's interpretation of the November 22, 2004 Order, Plaintiff Murphy merely parrots the language of Judge Leon's decision, without regard to context (see Murphy Opp., Docket No. 148, at 1,4). By his silence, Plaintiff Murphy concedes, as he must in light of the portions of the record cited by PwC, that Judge Leon had no information as to the extent of discovery regarding "the particular circumstances under which the plaintiffs were not advanced to partnership." In this context, Judge Leon's decision cannot be read to support Plaintiff Murphy's contention that he is entitled to further liability discovery.

Further, Plaintiff Murphy's contention that the consent Scheduling Order entered by Judge Leon on January 9, 2006 is "consistent with" Plaintiff Murphy's reading of Judge Leon's September 27, 2004 decision is entirely without merit (see Murphy Opp., Docket No. 148, at 4). As noted, the quoted language from the decision cannot be read to refer to discovery, and Judge Leon said nothing to suggest otherwise during the course of either of the two status hearings in late 2005 on scheduling and discovery issues.[1] Moreover, the parties' agreement to a 210-day period for fact discovery was set forth in the parties' Supplemental Joint Statement Pursuant to Local Rule 16.3(d) in Case 2 (Docket No. 19 at 2), and was extended to Case 1 by the parties' further agreement (concerning consolidation of the two cases for pretrial purposes) that all discovery taken in each case be deemed applicable to the other (id.). Contrary to Plaintiffs' assertion (Murphy Opp., Docket No. 148, at 4), neither the January 9, 2006 Scheduling Order

---

[1] Notably, at the October 18, 2005 status hearing, counsel for Plaintiff Murphy stated that they were "very close" to being ready for trial in Case 1, and that the "limited" discovery remaining could be completed by the end of January 2006 (Murphy Motion to Compel, Docket No. 134, Tab. 3 at 4-5). In contrast, counsel stated that Case 2 had "just gotten off the ground" and "we have a long track in front of us on that case" (id. at 4).

3

nor the September 27, 2004 Memorandum Opinion shows that Judge Leon recognized any need for additional discovery on liability in Case 1.

With regard to the third and final reason recited in the Memorandum Order, PwC's motion for reconsideration calls to the Court's attention that PwC had asserted seven separate reasons for its primary position that "plaintiffs are not entitled to any further discovery" (Docket No. 111 at 8-10), and that its position that a stay would have otherwise been appropriate was a secondary and alternative contention (id. at 10-11). In opposition to reconsideration, Plaintiff Murphy essentially fails to address this point, and instead misleadingly quotes from the fifth of the seven reasons advanced for no further discovery, and from PwC's alternative position that a stay would otherwise be warranted (see Murphy Opp., Docket No. 148, at 3) (deleting the word "Moreover" from PwC's alternative position beginning at Docket No. 111 at 10). Plaintiff Murphy further ignores entirely the statements of PwC's counsel at the November 4, 2004 hearing, confirming PwC's position on further discovery (PwC Mem., Docket No. 146, at 13, citing Docket No. 134, Tab 2 at 1-37, 39-40).

In sum, Plaintiff Murphy fails to address the merits of any of the points made in support of PwC's motion for reconsideration.

Moreover, in purporting to provide a "brief summary" of "the history of this convoluted case" (Murphy Opp. at 2), Plaintiff Murphy highlights (and distorts) certain other points. For example, Plaintiff Murphy notes that, in April 2004, "the Court granted PwC's uncontested motion to stay discovery pending decision on all three dispositive motions. . ." (id., citing Docket No. 101), and suggests that that stay somehow supports Plaintiff Murphy's position that the subsequent November 22, 2004 Order similarly provided for a stay (see id. at 2-3). If anything, the procedural context of that uncontested motion suggests otherwise.

On February 6, 2004, Defendants had moved to compel Plaintiffs to submit to depositions (Docket No. 92). By Order filed February 25, 2004, the Court *sua sponte* stayed consideration of that motion pending determination of the three dispositive motions (Docket No. 97). Plaintiffs had contemporaneously filed a second motion to compel that was not subject to that stay Order (Docket No. 96). The uncontested motion to stay discovery (Docket No. 98) sought to extend that February 25, 2004 stay Order to Plaintiffs' second motion to compel. The parties each submitted a proposed Order (see Docket Nos. 98 and 100), and the Court signed Plaintiffs' proposed stay Order (Docket No. 101).

Thereafter, by Order entered September 21, 2004, in anticipation of Judge Leon's impending decision on the three dispositive motions, Magistrate Judge Robinson *sua sponte* vacated the stay Orders, denied without prejudice the previously filed motions to compel discovery (Docket Nos. 92 & 96), and directed the parties to jointly file a report addressing the status of discovery (Docket No. 103). In the parties' Supplemental Joint Report (Docket No. 111), Plaintiffs consented to Defendants' prior motion to compel Plaintiffs to submit to depositions, but did not renew their second motion to compel. Plaintiffs instead sought leave to take eight additional depositions and request the production of 27 categories of additional documents (id. at 5-6), discovery that was overlapping and broader than that sought in the second motion to compel (see Murphy Motion to Compel, Docket No. 134, Tab. 2 at 21-23).

The November 22, 2004 Order denied Plaintiffs leave to take any further discovery, expressly finding that Plaintiffs had "failed to demonstrate that further discovery was warranted," that "'the discovery had to date was incomplete'" or that "the initial scheduling order was 'a starting point, not a limitation'" (Docket No. 115 at 2).

In opposition to reconsideration, Plaintiff Murphy gratuitously and deliberately once again grossly understates the extent of the completed discovery PwC provided under the Scheduling Order in Case 1 (see Murphy Opp. at 3). Most significantly, Plaintiff Murphy fails to acknowledge that his initial counsel of choice fully deposed the managing partner of RAS (Bench), the head of Banking (Ryan), the head of Financial Services (Moritz), and a member of the Board and its admissions committee (Sullivan) (see Murphy Motion to Compel, Docket No. 134, Tab. 2 at 28-29), and that he had a complete and unrestricted opportunity to inquire, among other things, as to the particular circumstances as to which the two Plaintiffs were not advanced to partnership.[2]

## II.

Plaintiff Murphy asserts that "PwC's other objections (e.g., relevance, overbreadth, burdensomeness) were either rejected by the Court in its Memorandum Order, or else they are asserted for the first time in the motion for reconsideration, which is improper" (Murphy Opp. at 5). With that incorrect assertion, Plaintiff Murphy utterly fails to respond to PwC's request for reconsideration of Case 2, Document Request 24 (seeking personnel files of non-party witnesses) on the alternative ground that the Court overlooked PwC's initial briefing concerning that discovery request (see PwC Mem., Docket No. 146, at 18-19). Plaintiff Murphy does not address PwC's argument and supporting authorities on this point, as he also failed to do in his reply memorandum in support of his motion to compel. Plaintiff Murphy thereby concedes the merit of PwC's objection.

Plaintiff Murphy addresses only one specific discovery request -- Case 1, Document Request 5 (requesting the prospectus attached to Bench's April 9, 1999 e-mail). Having

---

[2] The discovery record establishes, and Plaintiff Murphy so admits, that Bench was the sole decision maker in not recommending or sponsoring either of the Plaintiffs as a candidate for partner in either of the partner admissions cycles that remain at issue in Case 1.

inappropriately presented PwC's objection to this request as an "example" in his motion to compel, Plaintiff Murphy now asserts that it "merits further scrutiny" (Murphy Opp. at 5) despite the fact that PwC actually produced three <u>complete</u> copies of the prospectus pursuant to the initial Scheduling Order (<u>see</u> PwC Mem., Docket No. 146, at 15-16). Indeed, Plaintiff Murphy served Document Request 5, and pressed it in his motion to compel, even though his counsel had expressly acknowledged to this Court at the November 4, 2004 hearing that PwC had produced the document (<u>see</u> Murphy Motion to Compel, Docket No. 134, Tab. 2 at 21).

Although Plaintiff Murphy's counsel made a deliberate, strategic decision not to make any inquiry of Bench at his two-day deposition concerning his April 9, 1999 e-mail or the prospectus produced by PwC along with it (PwC Mem., Docket No. 146, at 16), Plaintiff Murphy now takes issue with PwC's stipulation that the prospectus it had produced (without the marginalia) was in fact the attachment to that e-mail (<u>see</u> <u>id.</u> at 16 n.12). While PwC so stipulated "to avoid any further distraction or controversy over Document Request 5" (<u>id.</u>), Plaintiff Murphy now disingenuously asserts that PwC had produced only the first page of the five-page prospectus (Murphy Opp. at 5-6). That is a flat-out misrepresentation to this Court. As Plaintiff Murphy should well know from his own scrutiny, PwC identified the three copies of the <u>complete</u> five-page prospectus (with marginalia), which it had produced to Plaintiffs in 2003, by citation to the Bates designation on the first page of each of the copies (<u>see</u> PwC Mem. at 16).

Plaintiff Murphy's ongoing misrepresentations with respect to Document Request 5 should not serve to further distract the Court's attention from consideration of the merits of PwC's reconsideration motion or from Plaintiff Murphy's failure to address them.

## III.

At the May 16, 2006 hearing on the motion to compel, Plaintiff Murphy's counsel stated that the parties had a "good faith" disagreement as to the effect of the November 22, 2004 Order (Tr. at 4), and noted that "this dispute has eaten up a good deal of the discovery period" (id. at 25). Without elaboration, Plaintiff Murphy now asserts that PwC's motion for reconsideration should be "promptly and summarily denied" because discovery "has already been delayed by Defendants' obstructionism" (Murphy Opp. at 1, 6). Moreover, according to Plaintiff Murphy, PwC's "good faith" position on the impact of the November 22, 2004 Order is now the product of "breathtaking arrogance" (id. at 6).

At the motion hearing, counsel for Plaintiff Murphy also expressed his view that Judge Leon "would not have a problem" with an extension of the fact discovery deadline (Tr. at 25), and that the parties would not be prejudiced by such an extension in light of the Court's heavy trial docket (id. at 22-23). It is apparent that Plaintiff Murphy has now conjured up a baseless charge of delay solely to induce this Court to "summarily" deny reconsideration without regard to the merits to which Plaintiff Murphy is unable to respond.

It should be noted that Plaintiff Murphy did absolutely nothing to expedite a resolution of the parties' discovery disputes. To the contrary, Plaintiff Murphy's conduct unduly prolonged the process. In accordance with the stipulation of the parties, PwC served its responses and objections on February 3, 2006 to nearly 200 separate discovery requests (including subparts) served by Plaintiff Murphy in contravention of Judge Leon's admonition that the parties proceed with discovery "with maximum efficiency" to "streamline" the process and reduce costs. Plaintiff Murphy's counsel thereafter rejected the repeated invitations of PwC's counsel to "meet

8

and confer" with respect to any disputes, while taking nearly six full weeks to file Plaintiff Murphy's motion to compel on March 14, 2006.[3]

Plaintiff Murphy's unsupported charges of obstructionism and delay on the part of PwC or its counsel should not serve to divert the Court's attention from the merits of this motion for reconsideration.

## **Conclusion**

In its May 22, 2006 Memorandum Order, this Court recognized that an adequate determination of the holding and intent of the November 22, 2004 Order required a review of the procedural history and posture of the case as of the time of entry of that prior Order. PwC's motion for reconsideration demonstrates that the Court was mistaken as to each of the three stated conclusions reached as a result of that necessary review. Plaintiff Murphy does not take issue with any of the facts or supporting record citations presented on PwC's motion.

---

[3] The hearing on the motion, initially set for April 18, 2006, was adjourned to April 25, 2006 at the request of Plaintiff Murphy's counsel. The April 25, 2006 motion hearing was converted to a status hearing, at which the Court directed the parties to meet and confer, submit a joint status report by May 11, 2006, and appear for a motion hearing on May 16, 2006. As a result of the meet and confer, which PwC asserted should have taken place before Plaintiff Murphy filed his motion, the parties reached agreements substantially reducing the scope of the motion heard on May 16, 2006.

9

PwC respectfully requests that the Court reconsider its Memorandum Order in light of the facts presented, and revise its ruling with respect to the November 22, 2004 Order accordingly.

Dated: June 21, 2006

Respectfully submitted,

_/s/_
Thomas M. Buchanan, Esq. #337907
Julie A. Klusas Gasper, Esq. #D00244
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20036
(202) 282-5000
Facsimile (202) 282-5100

Eric M. Nelson, Esq. (admitted *pro hac vice*)
Stephen L. Sheinfeld, Esq. (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
Facsimile (212) 294-4700

Counsel for Defendant
PricewaterhouseCoopers LLP
