UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| C. WESTBROOK MURPHY | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Nos. 05-1054 (RJL/DAR) |
| | )                              02-982 (RJL/DAR) |
| PRICEWATERHOUSECOOPERS, LLP | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE RE PROSPECTUS**

One of the items subject to defendant PwC's motion for reconsideration is Document Request No. 5 in Case 1 – the prospectus attached to the April 9, 1999 e-mail from Robert Bench recommending plaintiff Murphy's promotion to Managing Director. In its original motion, PwC said that it provided "multiple copies of the prospectus (with marginalia) in its production of documents," citing three Bates stamped pages. Def. Mem. at 16. In a footnote, PwC said it would stipulate that this prospectus, "without the marginalia," was the attachment to Mr. Bench's e-mail of April 9, 1999. Id. n.12.

Plaintiff's opposition attached the three pages cited by PwC, noted the absence of marginal notes, and said that PwC had only produced the first page of a five-page document. Now, at page 7 of its reply in support of reconsideration, PwC says that it attached all five pages.

We have checked again, and in fact PwC produced three five-page copies of a prospectus (attached as Exhibits 1-3). Plaintiff's counsel apologize to the Court for their error. This, however, does not end the matter of whether PwC has actually produced the prospectus attached to Mr. Bench's e-mail of April 9, 1999.

First, PwC implies that all three copies of the prospectus are identical. They are not. Exhibits 1 and 2 (beginning at Bates stamp PwC01090 and PwC01095, respectively) appear to be identical, although Exhibit 2 contains two copies of the first page of the prospectus. But Exhibits 1 and 2 differ from Exhibit 3 (which begins at Bates stamp PwC03359). Specifically, the word "Redacted" appears on the second through fifth pages of Exhibits 1-2, and it does not appear anywhere in Exhibit 3. It seems that client names have been deleted (or "redacted") from Exhibits 1-2, but not from Exhibit 3. (The three documents also are paginated improperly, with "page 2" not appearing until the third page.)

Second, Exhibits 1 and 2 are not signed on the last page; nor is Exhibit 3. This certainly calls into question whether **any** of these three documents is the prospectus actually attached to Mr. Bench's e-mail. In fact, PwC noted in its original motion that Mr. Bench had questioned the authenticity of the prospectus used at his deposition, saying that "it did not contain his signature." Def. Mem. at 16. The prospectus used at Mr. Bench's deposition is attached as Exhibit 4, and it is virtually identical to Exhibit 3; the sole difference is that Exhibit 4 lacks the brief handwritten notation found on the second page of Exhibit 3. Mr. Bench, however, disclaimed Exhibit 4 as being the right prospectus, in part because it did not contain his signature. But none of the three documents produced by PwC – Exhibits 1-3 – contain signatures, either. It is apparent that PwC has not yet produced the actual prospectus attached to Mr. Bench's e-mail.

Finally, PwC's motion made it sound as if the prospectus it produced contained significant "marginalia." But the only marginal note on Exhibits 1-3 appears at the second page of each document, and it is brief. Once again, if there are versions of the prospectus with more extensive notes in the margin, plaintiff is entitled to them.

3

What plaintiff is really seeking, though, and what has still not been produced, is the prospectus attached to the April 9, 1999 e-mail from Robert Bench recommending plaintiff Murphy's promotion to Managing Director. This should be a simple matter, but it has not been, and plaintiff's counsel regret their role in contributing to any confusion.

        /s/
Richard A. Salzman  422497
Douglas B. Huron  89326
Tammany M. Kramer  483146
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC  20036
(202) 293-8090

Attorneys for plaintiff