UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. Westbrook Murphy, *et al.*<br>   Plaintiffs,<br><br>   v.<br>PricewaterhouseCoopers, LLP, *et al.*<br>   Defendants. | Civil Action No. 02- 982 (RJL/DAR) |
| C. Westbrook Murphy,<br>   Plaintiff,<br><br>   v.<br>PricewaterhouseCoopers, LLP<br>   Defendant. | Civil Action No. 05-1054 (RJL)<br>**Exhibits Filed Under Seal** |

**PLAINTIFF'S MOTION TO REMOVE THE "FOR ATTORNEYS OF RECORD ONLY" PROVISION FROM THE GOVERNING PROTECTIVE ORDER IN THESE CASES**

Plaintiff Westbrook Murphy is now retired from PwC's employment. Because of these changed circumstances, Plaintiff Murphy hereby moves to amend the governing protective order in this case, to remove -- with regard to him -- [1] the "attorneys eyes only" restriction.

These actions challenge defendant PricewaterhouseCoopers' (PwC) refusal to consider plaintiffs for promotion to partner because of their age. Evidence concerning younger PwC employees whom PwC promoted to partner thus is central to a proper resolution of plaintiff's claims. Defendant PwC has produced records relating to these younger employees, but has stamped all of this information -- including information relating to their qualifications and to comments about their performance -- as being

---

[1] Plaintiff Schuler is not retired, and Plaintiff Murphy agrees that he will not share any "for attorneys eyes only" material with Plaintiff Schuler.

available "For Attorneys of Record Only."  Now that Plaintiff Murphy has retired, Defendant can offer no plausible reason for so restricting the use of these documents, and this restriction severely hampers plaintiff and his attorneys in preparing for depositions scheduled during the next few weeks and, ultimately, for trial of these cases.

Plaintiff Murphy thus moves to amend the protective order to eliminate the restriction regarding "For Attorneys of Record Only."  Documents which PwC considers confidential still would be protected by the remaining provisions of the protective order (i.e., Plaintiff will be required to use the materials only for this litigation, not disclose them to any third parties, and to return them at litigation's end) [See April 24, 2003 Stipulated Protective Order].  Those continuing restrictions are more than adequate to protect any concerns about confidentiality.

Counsel for Murphy and for PwC have conferred in an attempt to reach an agreement regarding modifying this restrictive provision, but were unable to resolve the issue.  Because two depositions in which a great deal of "attorneys' eyes only" material will be utilized are currently scheduled for September 26 and 28, 2006, Plaintiff is also filing along with this Motion a request for expedited briefing.

A.  <u>Procedural History</u>

On April 24, 2003, the parties by agreement entered a protective order permitting any party to designate documents or deposition testimony as "confidential."  Under the order, access to such "confidential" information is restricted to the parties, their attorneys, and potential witnesses who have signed a statement agreeing to retain the information as "confidential."  This order reserved to either party the right to challenge before the Court an opposing party's designation of a document as confidential.  Defendants have

designated a number of documents as "Confidential," and plaintiffs have not challenged those designations. Plaintiff is aware of no breaches of the confidentiality provision of the Court's April 24, 20034 order.

On August 21, 2003, the Court amended the April 24 protective order to permit parties to designate documents as being available "For Attorneys of Record Only." At the time, defendant's motion to dismiss Case No. 02-982 was pending before the Court, and it was uncertain how much additional discovery would be required properly to resolve that case. That motion -- as well as PwC's later motion for summary judgment -- since has been denied. Of particular importance, both of these motions relied on technical defenses, and neither addressed the partnership qualifications either of plaintiffs or of any of the younger employees whom PwC promoted to partner.

On May 22, 2006, the Court granted plaintiff's motion to compel PwC to produce, *inter alia*, documents relating to partnership soundings, votes, and recommendations as well as compensation and performance evaluations for those employees promoted to partnership. On August 16, 2006, the Court denied defendant PwC's motion to reconsider its order compelling PwC to produce these documents.

PwC now has produced soundings documents, material relating to work performed, and compensation information for some of these employees, and is scheduled to complete its production by the Court-ordered date of September 12, 2006. But, as noted, PwC has stamped these vital documents as "For Attorneys of Record Only," thus prohibiting plaintiff's attorneys from sharing with him the information contained in these documents.

3

    B.  <u>Plaintiff Murphy's Retirement from PwC Renders the Provision Unnecessary.</u>

On February 28, 2006, plaintiff Murphy retired from PwC and no longer works for the company. Thus any apprehension about co-worker confidentiality is now moot.

Plaintiff Murphy files this motion with respect to documents used by his counsel and represents to the defendants and to the Court that he will not share any materials formerly designated as "For Attorneys of Record Only" with Harold Schuler, his co-plaintiff in Case 1 (No. 02-982), who remains employed at PwC.

    C.  <u>The Restrictive Provision Hampers plaintiff's Ability to Pursue His Claims</u>

While Rule 26(c) of the Federal Rules of Civil Procedure permits the court to issue protective orders, the district court has the discretion to modify the order upon a showing of good cause. <u>Alexander v. FBI</u>, 186 F.D.R. 99, 100 (D.D.C. 1998); <u>United States v. Rezaq</u>, 899 F.Supp. 697, 707 n.11 (D.D.C. 1995); <u>Independent Petrochemical Corp. v. Aetna Casualty and Surety Co.</u>, 1988 WL 23257, *4 (D.D.C. 1988) (citing <u>Tavoulareas v. Washington Post Co.</u>, 737 F.2d 1170, 1173 (D.C. Cir. 1984)). The D.C. Circuit has also recognized that there are a number of factors to be balanced when determining the level of protection to be afforded (<u>Purcell v. MWI Corp.</u>, 209 F.R.D. 21 (D.D.C. 2002) (quoting <u>Burka v. United States HHS</u>, 318 F.3d 508, 517 (D.C. Cir. 1996))). <u>Doe v. District of Columbia</u>, 697 F.2d 1115, 1119-20 (D.C. Cir. 1983), holds that "[t]he court must evaluate such a restriction [on disclosure of information by counsel to a client] on three criteria: the harm posed by [disclosure] must be substantial and serious; the restraining order must be narrowly drawn and precise; and there must be no

4

alternative means of protecting the public interest which intrudes less directly on [attorney-client relations]." (quoting In re Halkin, 598 F.2d 176, 191 (D.C. Cir. 1979)).

The D.C. Circuit has recognized that plaintiff's ability to participate in his case is "a powerful interest." Doe, 697 F.2d at 1119-20 ("[E]very litigant has a powerful interest in being able to retain and consult freely with an attorney . . . . [It is] the right of every litigant to participate in the process whereby justice is done--to understand and become involved in the proceeding, not to be compelled to passively await its outcome."). Indeed, precedent does not support the use of "attorneys' eyes only" designations except in extraordinary circumstances. While Fed. R. Civ. P. 26(c)(5) allows an order "which justice requires to protect a party or person from annoyance, embarrassment [or] oppression," the "Attorneys' Eyes Only" demarcation is far more rare due to its invasion of the attorney-client relationship and the prejudice it creates to a proper resolution of the case. One sees it only in cases where there is a risk that the party will abuse the information. Alexander v. FBI, 186 F.R.D. 54, 58 (D.D.C. 1998) (quoting Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp. Inc., 1998 U.S. Dist. LEXIS 5614, 1998 WL 186728 (E.D. La. 1998)("precedent exists for limiting disclosures . . . when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party."); see also Purcell v. MWI Corp., 209 F.R.D. 21 (D.D.C. 2002).

Due to this significant change in circumstances, and with the underlying goal of creating a more efficient discovery process, plaintiff moves for the removal of the protective order which allows defendant to mark records "For Attorneys of Record Only." Since this part of the protective order was put into place, plaintiff has retired and

5

no longer works for the defendant. Neither plaintiff's past conduct nor his current status as a retiree creates any inference that he will abuse the information.[2] Rubin v. Hirschfeld, 2001 WL 34549222 (D. Conn.)("Simply alleging that a protective order is a necessary safeguard without providing a basis for believing the disclosure of confidential information is likely rather than an abstract possibility, does not constitute good cause for issuance of an order under Fed. R. Civ. P. 26(c)."); Alexander, 186 F.R.D. 99 (D.D.C. 1998)("Plaintiffs have failed to demonstrate that defendants will violate the existing protective order and either attempt to obtain or misuse any private or privileged information pertaining to these unnamed individuals. Furthermore, there has been no showing that the terms of the [prior] protective order will not sufficiently protect the interests of these individuals.").

Here, the plaintiff is highly involved in his case, and he is already bound by the confidentiality agreement of April 24, 2003. Murphy is also an attorney in his own right -- having been a member in good standing of the bar of this Court since January 1966 -- and therefore is additionally bound by the Rules of Professional Responsibility to adhere to any confidentiality agreement.

Plaintiff played a supervisory role over at least two individuals (David Albright and Jeffrey Lavine) who were later promoted over him to partner. Because these individuals are among plaintiff's comparators, a close examination of the discovery materials relating to each is of utmost importance to his case. This is extremely difficult

---

[2] Indeed, during his more than seventeen year employment with PwC and its predecessor firm, Plaintiff Murphy was subject to the firm's policies regarding confidentiality -- not only of the firm, but also its clients, and its clients' customers. Because he worked in PwC's regulatory practice, plaintiff Murphy's duties required him to review highly confidential reports of banks, examinations by regulatory agencies, as well as confidential information such as social security numbers, loan applications, and financial statements submitted to PwC clients by their customers. Plaintiff has a long professional history of adhering to confidentiality restrictions -- a history that belies any concern that he might misuse information now being produced by PwC.

6

for plaintiff's counsel to do without the plaintiff's unhampered assistance. Plaintiff has invaluable experience and knowledge regarding the projects on which they were working. Plaintiff also has specific, important knowledge of the technical language used to describe their and others' work product at PwC, as well as the company-specific promotion and evaluation procedures used to determine who should be promoted. As a result of the "For Attorneys of Record Only" designation, plaintiff cannot help his attorneys examine the discovery materials in this case, he cannot assist his attorneys in preparing to take more efficient and effective depositions, and he cannot observe all or part of important depositions that relate to this information; in short, he is severely hampered in assisting in the pursuit of his case.

In preparing for these depositions and for trial, plaintiff's attorneys additionally need to share "For Attorneys of Record Only" information with experts who have been engaged to assist counsel in understanding the highly technical and complex provisions of PwC's partner compensation and retirement programs. Information about what younger employees admitted to partnership actually earned during the years in question is vital to understanding these compensation systems. Thus, sharing this important information with experts may be critical to both counsel and the plaintiff in preparing for depositions of PwC's witnesses and calculating damages for lost pay and benefits.

    D. <u>Defendant Cannot Establish a Continuing Need for this Extraordinary Restriction</u>

Courts have held that when a modification of a protective order is sought, "the burden shall be on the designating party to establish entitlement" to the protective provisions. <u>American Directory Service Agency v. Beam</u>, 1989 U.S. Dist. LEXIS

7

18248, *5 (D.D.C. 1989). There has been no proof offered that plaintiff will break the confidentiality agreement and misuse the currently protected information, and there has been no showing that his knowledge of the designated documents will harm the defendant or any third parties.

Moreover, defendant has overused the "For Attorneys of Record Only" designation. Courts often do not look at each document to determine whether it should be restricted from public access; rather they assume that parties understand and will act in good faith in designating categories of information as "confidential" unless there is evidence to the contrary. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). Because of defendants overuse of the "For Attorneys of Record Only designation, a document by document review is completely impractical and would be unduly burdensome to both the parties and the Court.

The August 21, 2003 modification of the protective order limited the "For Attorneys of Record" designation to "compensation or other private or personal information" (August 21, 2003 Order). Defendant, however, has been indiscriminate, stamping, for example, parking passes, PDA reimbursements, vacation requests, and PowerPoint presentations with "For Attorneys of Record Only." [See Tab 1, filed under seal] Assuming that these materials for some reason should remain confidential, they would be well safeguarded by the pre-existing confidentiality provision: they do not warrant a more stringent restriction of "For Attorneys of Record Only."

8

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that the court modify the governing protective order in this case and remove the restrictive "For Attorneys of Record Only" provision.

\_\_\_/s/_____
Douglas B. Huron  (89326)
Richard A. Salzman  (422497)
Tammany M. Kramer  (483146)
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW, Suite 412
Washington, DC  20036
(202) 293-8090
fax:  (202) 293-7110

Counsel for plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| C. Westbrook Murphy, *et al.* | ) | |
|     Plaintiffs, | ) | Civil Action No. 02- 982 (RJL/DAR) |
|     v. | ) | |
| PricewaterhouseCoopers, LLP, *et al.* | ) | |
|     Defendants. | ) | |
| | | |
| C. Westbrook Murphy, | ) | |
|     Plaintiff, | ) | |
|     v. | ) | Civil Action No. 05-1054 (RJL) |
| PricewaterhouseCoopers, LLP | ) | |
|     Defendant. | ) | |

**<u>ORDER</u>**

For the reasons set forth in plaintiff's motion to remove the "For Attorneys of Record Only" provision from the governing protective order in these cases, that motion is hereby GRANTED. Plaintiff Murphy is henceforth not barred from reviewing any documents in this case designated "For Attorneys of Record Only."

SO ORDERED this _____ day of _____ 2006.

 

_____
Deborah A. Robinson
United States Magistrate Judge


Copies to:

Douglas B. Huron
Richard A. Salzman
Tammany M. Kramer

HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN PLLC
1730 M Street, N.W.
Suite 412
Washington DC 20036
*Counsel for Plaintiff Murphy*


David Rose
Rose & Rose, P.C.
1320 19th St., N.W.
Suite 601
Washington, DC 20036
*Counsel for Plaintiff Schuler*


Eric M. Nelson  (*pro hac vice*)
Stephen L. Sheinfeld  (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Ave.
New York, NY 10166
*Counsel for Defendant*

Thomas M. Buchanan
Julie A. Klusas Gasper
WINSTON & STRAWN LLP
1700 K St., N.W.
Washington, DC 20036
*Counsel for Defendant*