# Exhibit G

**Nelson, Eric**

| | |
|---|---|
| **From:** | Richard Salzman [ras@hellerhuron.com] |
| **Sent:** | Thursday, July 27, 2006 7:12 PM |
| **To:** | Nelson, Eric |
| **Cc:** | Tammany Kramer |
| **Subject:** | RE: Scheduling depositions |

Thanks Eric, please let me know the availability of the listed deponents as soon as you have them.

With respect to messrs. Nally and Bench, i'm afraid i do not agree with your position on either deponent.  Mr. Nally likely has personal knowledge of all of the relevant Clackamas factors, and you have repeatedly represented that you view the Clackamas issue as "dispositive" of this case.  While we disagree with that assertion, we certainly agree that it is important, and you have acknowledged that it is an area in which discovery is appropriate.  We intend to focus on clackamas matters with Mr. Nally.

Mr. Bench undoubtedly has personal knowledge of facts relating to both cases 1 and 2.  If the magistrate judge does not reconsider her decision that further Case 1 discovery is not foreclosed, we certainly have the right to ask him about any additional information that we receive (just one example, is the fact that you only recently produced Dave Albright's personnel records).  And without question, we are entitled to ask him questions that are relevant to Case 2.

I'm happy to discuss this further if you would like, but please inquire as to Mr. Nally's and Mr. Bench's availability in September.  If you are not prepared to do that, please let me know and we will take steps to schedule their depositions on our own.  Thanks.

>>> "Nelson, Eric" <ENelson@winston.com> 07/27/06 4:57 PM >>>

Rick, I think you would agree that you are requesting an unusually large number of depositions for a straightforward nonpromotion case, especially since plaintiffs previously deposed at length four PwC partners. On the assumption you will conclude most of the examinations in substantially less than the one day of 7 hours limit, we have requested the availability in September of the persons you have listed, with two exceptions (Dennis Nally and Robert Bench).

Dennis Nally, the firm's Senior Partner and Chairman, has no discoverable information that is not readily and more appropriately obtainable from other deponents you have listed. As you know, in response to your specific requests, we have not located any communications by or to Mr. Nally relating to plaintiffs' age discrimination complaints; nor have we found any documents reflecting consideration by Mr. Nally or the Board of altering the age-60 retirement provision for partners.

Robert Bench was fully deposed over the course of two days in June 2003, immediately preceding his retirement from the firm and relocation from the DC area.  No additional documents warranting a reopening of the examination have been located or produced.

Tammany mentioned to Julie and to me last month that plaintiff Murphy is prepared to produce two boxes of documents, presumably pursuant to a duty to supplement  previous disclosures. We remain prepared to receive them, and to reimburse copying costs. Needless to say, we will want to depose Mr. Murphy in Case 2.

Let me know if we need to discuss any of these matters. Thanks.