# Exhibit H

**Nelson, Eric**

| | |
|---|---|
| **From:** | Nelson, Eric |
| **Sent:** | Wednesday, August 30, 2006 2:51 PM |
| **To:** | 'Richard Salzman' |
| **Cc:** | Douglas Huron; Tammany Kramer; daver@roselayers.com; Sheinfeld, Stephen; Klusas Gasper, Julie; David L. Rose (E-mail) |
| **Subject:** | RE: Scheduling depositions |

Rick, thanks for your response to my emails of 8/9 and 8/10 advising you of the availability of witnesses you wish to depose.

As to the scheduling changes you now propose, please note that I had advised you in my 8/18 email that Hindman's availability had changed from 9/18 to 9/19. Hopefully, Dave Rose will be available on the latter date, as Mr. Hindman is not available on any later dates within the remaining fact discovery period. We will not be able to ascertain alternative dates for Lavine until next week, but my recollection is 9/28 and 9/29 are not possible. We will also inquire as to alternative dates for Lewis, but will not likely have a response until after Labor Day.

We expect to be able to schedule Shea and Nally for the first week in October (probably 10/3 and 10/4), but cannot confirm the precise dates at this point. Any date we provide for Mr. Nally will be without prejudice to our right to seek a protective order since he has no personal knowledge of any facts concerning plaintiffs' claims, and does not possess superior or unique knowledge of any facts bearing on Clackamas issues. We will need to meet and confer on this.

We will need to meet and confer on Mr. Bench, as well. Bench's deposition was taken over two days in June 2003, and completed just days prior to his retirement from PwC on June 30, 2003. Plaintiffs' counsel did not request the production of any additional documents, concerning Albright or otherwise, before taking and concluding Bench's deposition at that time.

Please advise as to the procedures you propose for a telephone deposition of Jones. We do not believe that Ms Jones possesses any discoverable information in these cases, but may be enlightened when plaintiffs complete their document productions. We assume those productions will include any and all documents concerning each of the persons on your list of proposed deponents.

Until today, we had not received any response to my repeated inquiries as to when we could expect the production of Mr. Murphy's remaining documents in each of the two cases. Having received no response to those requests, we are today serving formal document requests, which call for the production of documents plaintiffs have otherwise been under an obligation to produce pursuant to the prior orders of 2/28/03 and 1/9/06. The formal requests are not intended to further extend plaintiffs' time to produce. At this point, we ask for a representation as to whether plaintiffs have produced all documents and, if not, when plaintiffs intend to complete their production.

We assume Dave Rose will produce plaintiff Schuler's documents pursuant to the prior orders, and will advise as to Mr. Schuler's availability for deposition. If we are to proceed with depositions as contemplated, we too will require plaintiffs' documents a reasonable period of time in advance.

We will have to discuss with our client your request to relax the "attorneys' eyes only" designations re Albright and Lavine documents, but will not be in a position to do so at this point until after Labor Day. In the meantime, please provide us with versions of the documents in question, redacted to show only the content you believe necessary to disclose to your client.

We are committed to working with you to fairly and expeditiously conclude fact discovery and, hopefully, resolve

any remaining differences.

-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Friday, August 25, 2006 11:49 AM
**To:** Nelson, Eric
**Cc:** Douglas Huron; Tammany Kramer; daver@roselayers.com
**Subject:** RE: Scheduling depositions

Eric, in light of the recent decision by Magistrate Judge Robinson on the motion for reconsideration, and her order that defendant will have until September 12, 2006 to produce the remaining discovery, we will need to modify the deposition schedule we have been trying to establish. We obviously have to have time (at least several days) to make our way through the additional documents before beginning the depositions. Thus, I propose the following:

We can leave Carter and Nebe as you have proposed; i.e., Carter on September 21, and Nebe on September 22. Dave Rose is not available on the 18th for Hindman, so I would propose coupling him with either Carter or Nebe (since it appears all of them will be in New York anyway). I don't believe that any one of those depositions will take a full day.

We also can leave Albright on for September 27 and I would propose doing Lavine on either the 28th or or 29th, as both will be taken in D.C. Wes has a good deal of flexibility in his schedule after September 18, so we could peg him in for either the 28th or 29th (whichever one is not taken by Lavine). I do not know about Hal, but I'm sure you are in contact with Dave about that.

If Jones is in Texas that will require a separate block of time, unless you are amenable to doing her via telephone (which I think would be fine) Either way, I would suggest either September 25 or 26. I think her deposition would be only a couple of hours.

That leaves Lewis (probably a full day), Shea (a half a day) Nally (i'm not yet sure how long, but probably less than a full day) and Bench (same) to fit in the rest of October 2-6. I know you have not yet agreed to Nally or Bench, but can you let me know your final position on them soon so we can take appropriate action if necessary.

Finally, I know we spoke about this once before; we will be seeking to revise the "for attorneys eyes only" restriction in light of Wes' retirement. If we can agree upon a narrower scope of documents that Wes cannot see, we are happy to do that. As you know, defendant designated every document produced regarding Messrs. Albright and Lavine as attorneys eyes only. I would propose modifying the order so as to preclude Wes from seeing any medical information, insurance information, information about a deponent's family, and social security numbers. If there are other documents you think are particularly sensitive, we can talk about those as well. Please let me know as soon as you can whether defendant will agree to that modification.

I know this has been complicated, but i think we are on the verge of putting together a workable schedule to get through discovery and move this case on to the next stage. Thanks.

>>> "Nelson, Eric" <ENelson@winston.com> 8/10/2006 2:18 PM >>>
Rick, some tentative changes to the tentative dates below: Lewis-9/15(DC) (change from 9/25); Albright-9/27(DC). We should be in a position to fix a schedule by the end of next week. Please bear with us.