# Exhibit I

**Nelson, Eric**

| | |
|---|---|
| **From:** | Richard Salzman [ras@hellerhuron.com] |
| **Sent:** | Thursday, August 31, 2006 6:29 PM |
| **To:** | Nelson, Eric |
| **Cc:** | Douglas Huron; Tammany Kramer; David L. Rose (E-mail); daver@roselayers.com; Klusas Gasper, Julie; Sheinfeld, Stephen |
| **Subject:** | RE: Scheduling depositions |

  Eric, thanks for your response. Your email did not mention the proposed dates for Carter and Nebe -- (9/21 and 9/22). What is the status with respect to those depositions?

  I will check with Dave about doing Hindman on the 19th, although it is difficult to understand (and you have not explained) why he is available on only one day of the roughly three week period between September 18 and October 6 that we have left to take depositions-a period that was compressed by PwC's refusal to produce documents needed for the depositions until ordered a second time to do so. As for Shea and Nally, October 3 and 4 are fine, but I think we could combine them on one day so that we have more time available to schedule some of the longer depositions.

  I am troubled by the suggestion that we will not hear back from you about other proposed dates for the remaining depositions until some unspecified time "after Labor Day." Please understand that-- while we have tried to be considerate of everyone's preferences during our extended discussions relating to depositions--we are not limited to scheduling these depositions only on days that are convenient for the witnesses. If there is a problem scheduling the remaining deponents within the time frame currently established for fact discovery, then we are amenable to an informal agreement among the parties to extend fact discovery for a short period of time (perhaps two weeks) to complete the depositions. I would imagine that the court would not object to such an arrangement among counsel, particularly since expert discovery would remain open during that period.

  In any event, it grows increasingly difficult to coordinate the schedules of busy lawyers and witnesses, and we cannot expect everyone to keep their calendars open (for example, I now have a Pretrial Conference scheduled for September 20, so that date is off the table). Accordingly, please provide me with firm dates by September 5, for all of the remaining depositions. If that is not possible, then we will simply notice the depositions within the current schedule.

  I am happy to discuss further the depositions of Jones, Bench and Nally if you would like, but I do not intend to provide you with specific information (in advance of the depositions) of the questions that I intend to ask them. Bench was Mr. Murphy's supervisor up through mid 2003, and clearly has discoverable information. I have already informed you that our inquiries to Nally will focus primarily on Clackamas related issues, and on the retirement policy. Jones possesses discoverable information about the candidates for partnership within FSI. We do not believe that there is any reasonable basis for you to move for a protective order to preclude those depositions, as each deponent clearly has discoverable information. Moreover, the fact that Mr. Bench's deposition was taken earlier is clearly not dispositive; indeed, you have notified us that you intend to retake Mr. Murphy's deposition, even though you already have deposed him for more than 20 hours over five separate days.

  Similarly, we cannot agree to provide you advance notice of the documents that we intend to use in Messrs. Albright's and Lavine's depositions, as that information is clearly work product. It is our belief that the primary justification for the "attorneys eyes only" restriction has gone away with Mr.

11/17/2006

Murphy's retirement, and that there is no longer a need for such a drastic restriction on our ability to use discovery information in this case. I understand that you disagree, and I am again happy to talk more about this. But if we cannot reach a fair resolution (for example, our proposal to keep the restriction with respect to sensitive private information like medical records, credit information etc.) then I think we should ask the Magistrate Judge to arrange for a conference call to resolve the issue. I would propose doing that on September 11.

Please get back to me as soon as you can with respect to these issues. Thanks.


>>> "Nelson, Eric" <ENelson@winston.com> 8/30/2006 2:51 PM >>>
Rick, thanks for your response to my emails of 8/9 and 8/10 advising you of the availability of witnesses you wish to depose.

As to the scheduling changes you now propose, please note that I had advised you in my 8/18 email that Hindman's availability had changed from 9/18 to 9/19. Hopefully, Dave Rose will be available on the latter date, as Mr. Hindman is not available on any later dates within the remaining fact discovery period. We will not be able to ascertain alternative dates for Lavine until next week, but my recollection is 9/28 and 9/29 are not possible. We will also inquire as to alternative dates for Lewis, but will not likely have a response until after Labor Day.

We expect to be able to schedule Shea and Nally for the first week in October (probably 10/3 and 10/4), but cannot confirm the precise dates at this point. Any date we provide for Mr. Nally will be without prejudice to our right to seek a protective order since he has no personal knowledge of any facts concerning plaintiffs' claims, and does not possess superior or unique knowledge of any facts bearing on Clackamas issues. We will need to meet and confer on this.

We will need to meet and confer on Mr. Bench, as well. Bench's deposition was taken over two days in June 2003, and completed just days prior to his retirement from PwC on June 30, 2003. Plaintiffs' counsel did not request the production of any additional documents, concerning Albright or otherwise, before taking and concluding Bench's deposition at that time.

Please advise as to the procedures you propose for a telephone deposition of Jones. We do not believe that Ms Jones possesses any discoverable information in these cases, but may be enlightened when plaintiffs complete their document productions. We assume those productions will include any and all documents concerning each of the persons on your list of proposed deponents.

Until today, we had not received any response to my repeated inquiries as to when we could expect the production of Mr. Murphy's remaining documents in each of the two cases. Having received no response to those requests, we are today serving formal document requests, which call for the production of documents plaintiffs have otherwise been under an obligation to produce pursuant to the prior orders of 2/28/03 and 1/9/06. The formal requests are not intended to further extend plaintiffs' time to produce. At this point, we ask for a representation as to whether plaintiffs have produced all documents and, if not, when plaintiffs intend to complete their production.

We assume Dave Rose will produce plaintiff Schuler's documents pursuant to the prior orders, and will advise as to Mr. Schuler's availability for deposition. If we are to proceed with depositions as contemplated, we too will require plaintiffs' documents a reasonable period of time in advance.

We will have to discuss with our client your request to relax the "attorneys' eyes only" designations re Albright and Lavine documents, but will not be in a position to do so at this point until after Labor Day. In the meantime, please provide us with versions of the documents in question, redacted to show only the content you believe necessary to disclose to your client.

11/17/2006