# Exhibit J

# Nelson, Eric

**From:** Nelson, Eric

**Sent:** Saturday, September 02, 2006 5:31 PM

**To:** Richard Salzman

**Subject:** RE: Scheduling depositions

Rick, it seems that the usual stresses of approaching a finish line are compounded by what may be an unreasonably short stretch run. It is regrettable that you appear to now be assigning blame. I find the tone and content of some of your statements to be inappropriate and unwarranted, and think it would be preferable for us to try to work through this together.

After all, you have set the pace here. In late July, after the 10/6 fact discovery deadline was set, you communicated your desire to take 10 depositions in September, skipping the entire month of August. On 8/9 and 8/10, in response to your inquiry of 8/7, I promptly provided the availability of most of the proposed deponents. It was not until the afternoon of 8/25 that you proposed some changes, citing Magistrate Judge Robinson's Order of 8/16 as the reason for some of them.

It is not the case, as you imply, that the 8/16 Order resulted from a failure to comply with a prior Order. Rather, it was a lengthy decision addressing the merits of a fully supported motion for reconsideration, and acknowledging that there were mistakes made in the prior Order (we think as a result of plaintiff's misleading and incomplete statement of procedural history in support of the initial motion to compel). In any event, I should not have to remind you that you consented to a deferral of document production pending decision on the reconsideration motion. The 9/12 date fixed for production of the remaining documents may well have reflected the Court's recognition that many parties and counsel plan vacations for the last two weeks before Labor Day.

Your unjustifiably delayed emails of 8/25 and 8/31 fail to take account of this consideration. FYI, I returned to the office from vacation on 8/30 to respond to your 8/25 email, but was unable, the week before Labor Day, to obtain any more information from my client than I then provided to you. I did not say, as you state, that it would take an 'indefinite" period of time after Labor Day to respond to all your scheduling requests. I said that I expected to have further information Labor Day week (i.e., next week).

I advised you on 8/9 that Mr. Hindman would be available for deposition on 9/18. Neither you nor Dave Rose advised me until 8/25 that Dave would not be available on that day, and you ignored my subsequent 8/18 email advising that Mr. Hindman's availability had changed to 9/19. Please stop playing games, and let me know if that date works (as I told you, Mr. Hindman is not available on any other open dates in the remaining discovery period).

Contrary to your statement, I did not ask you to reveal the specific questions you intend to ask Ms Jones. Nor did I say I intended to seek a protective order with respect to that deposition. Please reread my email, and answer my question as to the procedures you are proposing for that deposition so that I can inquire as to alternative dates.

Mr. Nally is different. As you know, he is the Senior Partner and Chairman of PwC. We understand the tactical reason for your attempt to disrupt his busy schedule with an unnecessary deposition on a straightforward nonpromotion claim. Indeed, Mr. Murphy already tried this tactic by initially naming all Board members as defendants purely for "psychological effect" -- a tactic he testified he also employed while in private practice. We are obligated to meet and confer by telephone or in person before seeking a protective order. We cannot force you to discuss the issues or to clearly articulate your position, but believe you should be precluded from asserting any further justification for the deposition in the event PwC is constrained to move for a protective order.

We do not intend to "retake" Mr. Murphy's deposition in Case 1. That Case 1 deposition was concluded when

Mr. Murphy eventually consented to an order requiring him to appear. He has not been deposed in Case 2. There is no basis for retaking any depositions in Case 1. Mr. Bench's deposition was concluded two days before his retirement from the firm effective June 30, 2003, when he ceased being Mr. Murphy's supervisor. If you believe there to be any basis for examination with respect to his final days with the firm, please make a proffer. Otherwise, Mr. Bench's deposition has been concluded, as detailed in my prior emails.

I did not, as you now assert, ask you to provide "advance notice" of the documents you intend to use at Albright and Lavine's depositions. Please reread my email, and provide the redacted documents I did request. We provided you with 1700 pages of documents at issue back in February. I assume you do not intend to use as exhibits at depositions all the documents you wish to review with your client. When you broached the issue months ago, you advised me only that you needed to review with your client certain documents that described matters Mr. Murphy may have worked on with Lavine and/or Albright. I responded that that did not seem unreasonable, and was prepared to discuss the issue. Now, after a hiatus of months you are proposing a substantially more relaxed "attorneys' eyes only" designation, but are unwilling to provide us with redacted documents necessary to enable us to consider and discuss the issues you now raise. We remain prepared to discuss the issues.

We are also prepared to discuss reinstatement of the early November fact discovery deadline Magistrate Judge Robinson declined to approve a month before extending the document discovery deadline to 9/12. As you know, Judge Leon deferred commencement of the stipulated expert discovery period pending completion of fact discovery and discussion at a status conference.

I think we should plan to discuss all of these matters by phone early in the week. Please let me know if and when you are available to do so. ThanksRick, it seems that the usual stresses of approaching a finish line are compounded by what may be an unreasonably short stretch run. It is regrettable that you appear to now be assigning blame. I find the tone and content of some of your statements to be inappropriate and unwarranted, and think it would be preferable for us to try to work through this together.

After all, you have set the pace here. In late July, after the 10/6 fact discovery deadline was set, you communicated your desire to take 10 depositions in September, skipping the entire month of August. On 8/9 and 8/10, in response to your inquiry of 8/7, I promptly provided the availablity of most of the proposed deponents. It was not until the afternoon of 8/25 that you proposed some changes, citing Magistrate Judge Robinson's Order of 8/16 as the reason for some of them.

It is not the case, as you imply, that the 8/16 Order resulted from a failure to comply with a prior Order. Rather, it was a lengthy decision addressing the merits of a fully supported motion for reconsideration, and acknowledging that there were mistakes made in the prior Order (we think as a result of plaintiff's misleading and incomplete statement of procedural history in support of the initial motion to compel). In any event, I should not have to remind you that you consented to a deferral of document production pending decision on the reconsideration motion. The 9/12 date fixed for production of the remaining documents may well have reflected the Court's recognition that many parties and counsel plan vacations for the last two weeks before Labor Day.

Your unjustifiably delayed emails of 8/25 and 8/31 fail to take account of this consideration. FYI, I returned to the office from vacation on 8/30 to respond to your 8/25 email, but was unable, the week before Labor Day, to obtain any more information from my client than I then provided to you. I did not say, as you state, that it would take an 'indefinite" period of time after Labor Day to respond to all your scheduling requests. I said that I expected to have further information Labor Day week (i.e., next week).

I advised you on 8/9 that Mr. Hindman would be available for deposition on 9/18. Neither you nor Dave Rose advised me until 8/25 that Dave would not be available on that day, and you ignored my subsequent 8/18 email advising that Mr. Hindman's availability had changed to 9/19. Please stop playing games, and let me know if that date works (as I told you, Mr. Hindman is not available on any other open dates in the remaining discovery period).

Contrary to your statement, I did not ask you to reveal the specific questions you intend to ask Ms Jones. Nor did I say I intended to seek a protective order with respect to that deposition. Please reread my email, and answer my question as to the procedures you are proposing for that deposition so that I can inquire as to alternative dates.

11/17/2006

Mr. Nally is different. As you know, he is the Senior Partner and Chairman of PwC. We understand the tactical reason for your attempt to disrupt his busy schedule with an unnecessary deposition on a straightforward nonpromotion claim. Indeed, Mr. Murphy already tried this tactic by initially naming all Board members as defendants purely for "psychological effect" -- a tactic he testifed he also employed while in private practice. We are obligated to meet and confer by telephone or in person before seeking a protective order. We cannot force you to discuss the issues or to clearly articulate your position, but believe you should be precluded from asserting any further justification for the depostion in the event PwC is constrained to move for a protective order.

We do not intend to "retake" Mr. Murphy's deposition in Case 1. That Case 1 deposition was concluded when Mr. Murphy eventually consented to an order requiring him to appear. He has not been deposed in Case 2. There is no basis for retaking any depositions in Case 1. Mr. Bench's deposition was concluded two days before his retirement from the firm effective June 30, 2003, when he ceased being Mr. Murphy's supervisor. If you believe there to be any basis for examination with repsect to his final days with the firm, please make a proffer. Otherwise, Mr. Bench's deposition has been concluded, as detailed in my prior emails.

I did not, as you now assert, ask you to provide "advance notice" of the docuemnts you intend to use at Albright and Lavine's depositions. Please reread my email, and provide the redacted documents I did request. We provided you with 1700 pages of documents at issue back in February. I assume you do not intend to use as exhibits at depositions all the documents you wish to review with your client. When you broached the issue months ago, you advised me only that you needed to review with your client certain documents that described matters Mr. Murphy may have worked on with Lavine and/or Albright. I responded that that did not seem unreasonable, and was prepared to discuss the issue. Now, after a hiatus of months you are proposing a substantially more relaxed "attorneys' eyes only" designation, but are unwilling to provide us with redacted documents necessary to enable us to consider and discuss the issues you now raise. We remain prepared to discuss the issues.

We are also prepared to discuss reinstatement of the early November fact discovery deadline Magistrate Judge Robinson declined to approve a month before extending the document discovery deadline to 9/12. As you know, Judge Leon deferred commencement of the stipulated expert discovery period pending completion of fact discovery and discussion at a status conference.

I think we should plan to discuss all of these matters by phone early in the week. Please let me know if and when you are available to do so. Thanks

---

**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Fri 9/1/2006 12:18 PM
**To:** Nelson, Eric
**Subject:** Re: Scheduling depositions

Thanks, you too

>>> "Nelson, Eric" <ENelson@winston.com> 9/1/2006 11:58 AM >>>

Rick, sorry, I did not see the succeeding paragraphs of your email on my Blackberry. Will try to respond later today, and we can hopefully talk early next week to try to sort through all this. Have a good weekend.
-------------------------------
Eric Nelson


-----Original Message-----
From: Nelson, Eric
To: 'ras@hellerhuron.com' <ras@hellerhuron.com>
CC: 'dbh@hellerhuron.com' <dbh@hellerhuron.com>; 'tmk@hellerhuron.com' <tmk@hellerhuron.com>;
'daver@roselawyers.com' <daver@roselawyers.com>; 'daver@roselayers.com' <daver@roselayers.com>;
Klusas Gasper, Julie; Sheinfeld, Stephen
Sent: Thu Aug 31 18:43:02 2006