IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
CIVIL DIVISION

WARMACK-MUSKOGEE LIMITED PARTNERSHIP,
Individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

PRICEWATERHOUSECOOPERS, LLP,
a/k/a PRICEWATERHOUSECOOPERS GLOBAL,
EARNST AND YOUNG, LLP,
EARNST AND YOUNG INTERNATIONAL, INC.,
CAPP GEMINI EARNST AND YOUNG U.S., LLC,
KPMG, LLP, KPMG CONSULTING, INC., and
Does 1 through 3,
    Defendants.

Case No. E-2001-504-3

## ORDER

On this, the 17th day of March, 2003 came on to be heard Defendant's Motion for Protective Order, Plaintiff's Motion to Compel Discovery and for Sanctions and Plaintiff's Motion for Sanctions Re: Dennis Nally Deposition. Plaintiff, Warmack-Muskogee Limited Partnership, appeared by and through its attorneys, and Defendant PRICEWATERHOUSECOOPERS, LLP ("PwC") appeared by and through its attorneys. After review of the pleadings and arguments of counsel, this Court doth find as follows:

Compliance by the parties with the rules of discovery is essential in all cases, and is especially important in cases involving complex issues and multiple parties as this case does. The Plaintiff has introduced sufficient evidence to show a pattern on the part of the Defendant, PwC, to obstruct and subvert the discovery process. In Judge Phillip Purifoy's Order dated February 12,


PLAINTIFF'S EXHIBIT
12
P Opp Prot. Order

2002, the Court ordered the Defendant to take necessary steps to preserve all relevant documents by delivering to each partner a copy of the Protective Order and a copy of the Complaint. The Order specifically authorized electronic delivery of the Complaint and Protective Order to the partners. Instead of providing a copy of the Order and Complaint to each partner as ordered, PwC e-mailed each partner and informed them that the Complaint and Protective Order was located on the database. PwC could have easily attached these documents to said e-mail, but instead, chose to only make it available to the partners through the database requiring the partners to take active steps to retrieve the documents. Such action was not approved by the court. The Plaintiff, Defendant nor the Court can determine how many of the 2,584 partners accessed this site, read and complied with the Court's Order. One PwC partner was deposed and denied any knowledge of the Court's Protective Order and testified that he had deleted information as a result of PwC's failure to furnish the Protective Order to the partners. Therefore, the Court is confident that a significant number of partners of PwC did not receive the Protective Order issued by Judge Purifoy as a result of this testimony. The Court previously ruled that this was a violation of Arkansas Rules of Civil Procedure and the Court withheld sanctions until this hearing was concluded.

Secondly, Judge Griffin ordered discovery on the issues of class action certification, arbitration, and the merits of the case in his July 3, 2002 order. Plaintiff sought discovery of PwC's engagement letters, although not designated by that name, in Plaintiff's Second Set of Interrogatories and Requests for Production. Specifically, in Plaintiff's Second Set of Request for Production number 7 propounded to PwC on August 6, 2002, Plaintiff asked for production of "any document which supports PwC's claim that Plaintiff or class members must submit this dispute to arbitration." This request clearly designated the documents later identified as client engagement letters. PwC used boiler plate objections to Plaintiff's Interrogatories and Requests for Production requiring a

hearing on January 24, 2003, on Plaintiff's Motion to Compel Discovery and for Sanctions. As of January 24, 2003, over five months after this request for production was propounded, the requested material had not been produced. PwC was again ordered by this Court to respond to the discovery requests that sought the production of the client engagement letters, as well as, discovery regarding the other issues of arbitration, class action certification and merits of this suit. Thereafter, PwC again used boiler plate objections and refused to respond to any discovery requests dealing with the issue of arbitration related client engagement letters. The Defendant represented that there were potentially 400,000 client engagement letters, but had produced only one such letter. The Court was required to hold another hearing on February 28, 2003, based upon Plaintiff's Motion for Sanctions and Order to Compel Discovery. The Court found that Defendant, PwC, had again failed to comply with discovery relating to Plaintiff's Second Set of Interrogatories and Requests for Production; and also, the Plaintiff's Fourth Set of Interrogatories and Requests for Production which specifically requested the client engagement letters. Again, PwC had made boiler plate objections that were in violation of the Order of Judge Griffin and this Court. The Defendant's refusal to engage in discovery as ordered by the Court is a clear intentional violation of the Arkansas Rules of Civil Procedure. This refusal to engage in discovery on the part of PwC has stalled discovery in this litigation six to seven months and has required the Court to conduct numerous hearings for Motions to Compel Discovery and Sanctions and to supervise one deposition. The Court finds that Defendant has systematically attempted to evade reasonable discovery and hereby imposes sanctions against the Defendant, PwC, pursuant to Rule 37 as stated below.

Finally, Plaintiff filed a Motion for Order Compelling Depositions of PwC and Sanctions against Defendant. The Motion requested specifically that the Plaintiff be allowed to take the deposition of Dennis Nally, Chief Executive Officer of PwC. Defendant, PwC, objected to the

Nally deposition based upon the representation of counsel that Nally did not have any information or knowledge of the allegations contained in the Plaintiff's Complaint. At the January 24, 2003 hearing, the Court found that Plaintiff was entitled to take the deposition of Nally based upon documents and excerpts of depositions presented by the Plaintiff at the hearing indicating some knowledge on Nally's behalf of the issues in this case. The Court granted the motion of Plaintiff to take the deposition of Nally. Counsel for PwC orally petitioned the Court to limit the time of the deposition to a period of four (4) hours. Counsel again represented to the Court that Nally did not have knowledge of the issues in this case. The Court denied the oral motion to limit the deposition and required the deposition of Nally to be taken on or before February 14, 2003. The deposition of Nally partially taken in New York and completed in Arkansas with the Court present, clearly indicates that Nally did have significant knowledge of the issues in this lawsuit. The Court finds that PwC misrepresented to the Court that Nally did not have knowledge relating to the issues of this case. The exhibits presented in this hearing and the deposition of Nally clearly prove that there had been material misrepresentations to the Court concerning the knowledge of Nally. It is inconceivable that counsel could have been misled about Dennis Nally's knowledge of issues related to this lawsuit. Counsel knew or should have known that Nally was the U.S. Leadership team of Defendant, PwC, beginning in 1995 and continuing to the present and also in charge of infrastructure of the firm from 1995 to 1997 and received reports concerning rebate program. Regardless of whether the information was intentionally fabricated, it was a direct misrepresentation of a material fact upon which the Court might have relied in making its decision. The Court finds that the actions of Defendant, PwC, were intended to evade discovery and mislead the Court in violation of Arkansas Rules of Civil Procedure and for this violation the Court imposes sanctions for contempt pursuant to Rule 37, as stated below.

This Court finds that PwC has violated Court Orders regarding discovery. This Court finds that the imposition of Sanctions for failure to make discovery is justified due to PwC's systematic course of conduct intended to obstruct the discovery process. The Court hereby ORDERS Sanctions against Defendant, PwC, in the form of a fine in the amount of $50,000.00 to be paid within ten days from the date of this Order and the reimbursement of legal fees expended for a law clerk retained by the Court to assist in researching and reviewing the numerous pleadings in the sum of $4,780.00. This Court does not foresee any inability by PwC to pay such sanctions in light of PWC's annual profits of over $850,000,000.00. If Defendant, PwC, continues to evade or disrupt the discovery process, the Court will have no alternative but to impose more severe sanctions by the striking of the Answer of the Defendant, PwC, or other pleadings or motions.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the Defendant has engaged in a systematic effort to evade reasonable discovery and a fine is hereby imposed in the amount of $50,000.00 and reimbursement of legal expenses in the sum of $4,780.00, said sum shall be paid within ten (10) days; the Court admonishes the Defendant that further violations of discovery or misrepresentations to the Court will require the Court to impose more severe sanctions including the striking of the Defendant's Answer, other pleadings or motions.

Dated this 28th day of March, 2003.

_____
KIRK JOHNSON, CIRCUIT JUDGE

FILED 2003 MAR 31 PM 3:40
JUDY C. LANGLEY, CLERK
BY _____ DEPUTY