UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. Westbrook Murphy, *et ano.*,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PricewaterhouseCoopers LLP, *et ano.*,<br>　　　　Defendants. | Civil Action No. 02-0982 (RJL/DAR) |
| C. Westbrook Murphy,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PricewaterhouseCoopers LLP<br>　　　　Defendant. | Civil Action No. 05-1054 (RJL/DAR) |

## DECLARATION OF ERIC M. NELSON, ESQ.

I, ERIC M. NELSON, declare as follows:

1.　　I am a member of Winston & Strawn LLP, counsel for defendant PricewaterhouseCoopers LLP ("PwC") in these related cases, and have been admitted pro hac vice in each of the cases. I am fully familiar with the procedural history and discovery record in these cases, and with the exhibits annexed hereto. This declaration is submitted in support of PwC's Motion for Reconsideration of Magistrate Judge Robinson's Orders Denying Defendant's Motion For A Protective Order Barring The Deposition Of Dennis M. Nally.

2.　　Specifically, PwC seeks reconsideration by this Court of two related Orders of Magistrate Judge Robinson: a Minute Entry, filed December 4, 2006, denying PwC's motion for a protective order with respect to the noticed deposition of its Senior Partner and Chairman, Dennis M. Nally ("Nally"), and directing that the deposition be completed by December 20,

2006; and, a Minute Entry, filed December 5, 2006, finding that the parties never reached an agreement to limit the duration of that deposition to a period of fewer than seven hours.

3. Counsel for the respective parties conferred by telephone and in person with respect to this motion for reconsideration. Counsel for plaintiff Murphy (Richard A. Salzman, Esq.) consented to a stay of the Nally deposition, pending resolution of the motion for reconsideration. Counsel further agreed that PwC file its motion by December 22, 2006; Murphy file his opposition by January 5, 2007; and, PwC file its reply by January 17, 2007. These agreements were embodied in a consent motion, which the Magistrate Judge granted by Minute Order entered December 13, 2006.

4. Annexed hereto as Exhibit A is a true copy of the transcript of a hearing before Magistrate Judge Robinson on December 4, 2006, which sets forth the findings of the Magistrate Judge in denying the motion for a protective order.

5. Annexed hereto as Exhibit B is a true copy of the transcript of a telephone hearing before Magistrate Judge Robinson on December 5, 2006, which sets forth the finding of the Magistrate Judge as to the duration of the Nally deposition.

6. Annexed hereto as Exhibit C is a true copy of excerpts from the transcript of the deposition of John F. Carter taken on October 20, 2006.

7. Annexed hereto as Exhibit D is a true copy of a portion of the transcript of a motion hearing before Magistrate Judge Robinson on May 22, 2006 in <u>Intex Recreation Corp. v. Team Worldwide Corp.</u>, Civil Action No. 04-1785.

8. Annexed hereto as Exhibit E is a true copy of a memorandum, dated May 15, 2006, filed by the defendant in opposition to the plaintiff's motion for a protective order in <u>Intex Recreation Corp. v. Team Worldwide Corp.</u>, Civil Action No. 04-1785.

The Duration of the Deposition

9.  For convenience, and because documents referenced in the telephone hearing conducted by Magistrate Judge Robinson on December 5, 2006 (see Exhibit B hereto) are not otherwise accessible by this Court, those documents are annexed hereto as Exhibits as described below.

10. The email correspondence between counsel reflects that PwC asked for, and plaintiff agreed, to limits on the duration of certain depositions. As to Mr. Nally, the agreement to limit his deposition to a half day is reflected in a chain of e-mail correspondence beginning with an e-mail from Mr. Salzman to me on July 26, 2006, requesting dates between September 5 and October 6 for the depositions of ten witnesses, including Mr. Nally, who had previously been identified by the plaintiff (Exhibit F hereto).

11. My e-mail response on July 27, 2006 (Exhibit F hereto), stated that: "I think you would agree that you are requesting an unusually large number of depositions for a straightforward nonpromotion case, especially since plaintiffs previously deposed at length four PwC partners. On the assumption you will conclude most of these examinations in substantially less than the one day of 7 hours limit, we have requested the availability in September of the persons you have listed, with two exceptions (Dennis Nally and Robert Bench)." As suggested by my July 27, 2006 e-mail, given that plaintiff was seeking a total of fourteen depositions, PwC would have moved for protective order in the absence of an agreement limiting the duration of some of the depositions.

12. In an e-mail to Mr. Salzman dated August 9, 2006, I specifically requested that he "identify the witnesses you believe you can depose in less than a full 7-hour day" (Exhibit G

hereto).  That was in response to a short email from Mr. Salzman the day before, August 8, 2006, asking whether I had heard back from my client as to available dates for some depositions (id.).

13.   Mr. Salzman initially responded to my August 9, 2006 e-mail on August 25, 2006, by indicating that the deposition of Darlene Shea will be limited to "a half a day," and stating as to Mr. Nally, "I'm not yet sure how long, but probably less than a full day" (Exhibit H hereto).

14.   On August 30, 2006, I e-mailed Mr. Salzman that "[w]e expect to be able to schedule Shea and Nally for the first week in October (probably 10/3 and 10/4)" (Exhibit I hereto).  Mr. Salzman's e-mail response on August 31, 2006, stated: "As for Shea and Nally, October 3 and 4 are fine, but I think we could combine them on one day so that we have more time available to schedule some of the longer depositions" (Exhibit J hereto).

15.   Mr. Salzman and I had extensive telephone conversations in September on scheduling matters.  During the course of those conversations, Mr. Salzman stated his expectation that he could complete the Nally deposition in two hours.

16.   In accordance with agreements reached on scheduling matters in e-mails and telephone conversations between counsel, plaintiff Murphy served various deposition notices in mid-September.  In a Notice of Deposition served by plaintiff on September 15, 2006, Mr. Nally's deposition was noticed for 10:00, a.m., on October 3, 2006 "or upon such other dates and times as mutually agreed upon" (Exhibit K hereto).  In a notice served on September 18, 2006, Murphy noticed Ms. Shea's deposition for 2:30 p.m. on the same day, October 3, 2006. (Exhibit K hereto).  These notices were in accordance with counsels' agreements and understandings, and

4

would have allowed up to three and a half hours, half a day, for a deposition of Mr. Nally that counsel expected to be able to conclude in two hours.

17.     The notice of deposition of Mr. Nally for a half day on October 3, 2006 was thereafter adjourned twice by mutual agreement. Those mutually agreed upon adjourned dates were each confirmed for a half day. By an exchange of emails dated October 3, 2006 counsel confirmed agreement to adjourn the deposition of Mr. Nally to, as stated in my email on that date, "the afternoon of November 6" (Exhibit L hereto). Accordingly, on October 5, 2006, plaintiff served a Notice of Deposition of Nally for 1:00 p.m. on November 6, 2006 (Exhibit M hereto).

18.     By an exchange of emails on October 25, 2006, counsel confirmed agreement to adjourn the deposition to December 5, 2006 "in the afternoon of that day" (Exhibit N hereto).

19.     For the reasons stated in the accompanying memorandum of points and authorities, it is respectfully submitted that PwC's motion for reconsideration should be granted as provided in the accompanying proposed Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   December 22, 2006

                                      /s/ Eric M. Nelson
                                         Eric M. Nelson