# **EXHIBIT D**

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
                              :
In the Matter of:             :
                              :
INTEX RECREATION CORPORATION, :
                              :
     Plaintiff,               :
                              :
          vs.                 :   Civil Action No. 04-1785
                              :
TEAM WORLDWIDE CORPORATION,   :
                              :
     Defendant.               :
                              :   Washington, D.C.
- - - - - - - - - - - - - - - x   May 22, 2006
```

TRANSCRIPT OF DISCOVERY HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          WILLIAM C. CASANO, ESQ.
                            THOMAS S. KIDDE, ESQ.

For the Defendant:          LINDA L. KORDZIEL, ESQ.

Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
**M1080V/bf**

P R O C E E D I N G S

THE CLERK: Civil Case Number 04-1785. This is in the matter of Intex Recreation Corporation versus Team Worldwide Corporation. For the Plaintiff, present in the courtroom, Attorney William Casano and Attorney Thomas Kidde; for the Defendant, who's present in the courtroom, Linda Kordziel. This is scheduled for a discovery hearing.

THE MAGISTRATE JUDGE: Now, good afternoon to all of you. The Court scheduled this matter for argument with respect to the two motions that are pending which concern the conduct of discovery.

The first of the motions, of course, is Defendant's motion to compel; the second is the Plaintiff's motion for protective order. I have reviewed the motions, the oppositions and the replies, as well as the authorities on which the parties rely, and I will hear your argument, beginning with counsel for Defendant with respect to the motion to compel.

I will suggest, before you begin, that while I recognize that this litigation involves many issues of a complex nature which the parties vigorously dispute, the two motions present fairly routine issues having to do largely with relevance and related issues of over-breadth that parties customarily endeavor to resolve without the need for the further intervention of the Court.

Case 1:05-cv-01054-RJL   Document 57-8   Filed 12/22/2006   Page 4 of 17

17

1  speculating this afternoon if we tried to base an order on
2  what may or may not be included in those documents.
3          MS. KORDZIEL: Thank you, Your Honor.
4          THE MAGISTRATE JUDGE: I realize that one week
5  from today is a holiday. I'm so sorry. It is the 29th,
6  Memorial Day. So I will move the date to the 30th of May.
7  One week from tomorrow.
8          Now, Mr. Kidde or Mr. Casano, I'll hear your
9  argument with respect to the motion for protective order.
10 Mr. Kidde.
11         MR. KIDDE: Thank you, Your Honor. The basis of
12 this motion as set forth in the moving papers and reply is
13 the request to prohibit the deposition of the president of
14 Plaintiff Intex Recreation Corp, T.N. Zee. It is not, as
15 suggested I believe, in the opposition, based on our
16 contention that Mr. Zee is unaware of any relevant
17 information but, rather, that the deposition would be
18 cumulative, duplicative, and/or burdensome, and that he has
19 no unique knowledge that is relevant to this case that
20 can't be acquired through other sources.
21         Team Worldwide has already propounded extensive
22 written discovery to Intex. It has already noticed the
23 deposition under Rule 30(b)(6), and at that deposition
24 deposed William Smith, the vice president; Laurie Bayshore,
25 the product integrity manager; Clarence Fowler, the

1  controller; and a representative of the Marketing
2  Department; and later this week Team Worldwide will depose
3  the director of corporate sales, the director of territory
4  sales, and the director of marketing of Intex.
5          THE MAGISTRATE JUDGE: Were there questions which
6  any of those deponents were unable to answer? Or did any
7  of those deponents defer to Mr. Zee?
8          MR. KIDDE: As to actually the first prong, Your
9  Honor, I don't have the transcripts memorized, but I am
10 sure that there were occasions when they were not able to
11 answer one question or another. I recall no -- any
12 instance where they deferred to Mr. Zee. They may not have
13 been just able to answer the question that was posed.
14         The one issue that was raised by Team Worldwide
15 in its opposition is the question as to the ability to halt
16 sales of products at any given time, and Ms. Bayshore
17 testified that that ultimately would reside with Mr. Zee.
18 As set forth in our reply and the declaration of Mr. Smith,
19 who pointed out that he also has that authority, as well as
20 the former deposition of Mr. Zee from another matter
21 wherein he testified that that was also in Mr. Smith's
22 bailiwick, if you will.
23         And the cases that we have cited in the motion
24 obviously show that the Court does have the authority and
25 the power to limit discovery in such instances of a

1  corporate officer.  There have been obviously and was
2  attached to the opposition, it's obvious Mr. Zee does --
3  he is the president of the company, he is involved in the
4  company itself.  There would be e-mails to him, there would
5  be certain things that he would be involved in.  But the
6  question really is, is whether or not he has any unique
7  knowledge which cannot be acquired through other
8  depositions, either already noticed and/or already taken.
9          And it's on that particular ground that we
10 believe that -- and this is a cumulative deposition,
11 they've already taken one, two, three, four individuals,
12 have an additional three and actually intend to reopen the
13 deposition of Mr. Smith as well, and that in such instances
14 that the information required can be acquired from someone
15 other than the president rather than have him be taken just
16 because he is the president of the company.
17         The cases, such as Blaine and Mulvey that we
18 cited in our brief, found in such a decision, even the
19 Patterson case, where the individual they sought to depose
20 had authored an e-mail.  That was considered to be
21 insufficient to compel his attendance.
22         The cases cited by Team Worldwide in its
23 opposition, such as the Kuwait case, one where the proposed
24 deponent was claiming a total lack of knowledge, which is
25 not what we're claiming here, nor are we claiming that it's

1  he's too busy. What we're claiming is that he is an
2  individual who is responsible, obvious, for the overall
3  company but that the information is just cumulative and can
4  be provided by others.
5           THE MAGISTRATE JUDGE: Thank you, Mr. Kidde.
6  Ms. Kordziel?
7           MS. KORDZIEL: Your Honor, Intex's motion to
8  prohibit Mr. Zee's deposition is extraordinary relief
9  that's generally disfavored, as cited in our -- the cases
10 cited in our brief. In fact, in the Kuwait case the fact
11 that they either lacked knowledge or that there might be
12 the possibility of repeated testimony is not sufficient
13 reasons to grant such a motion.
14          Here we've cited several instances where Mr. Zee
15 does have knowledge and we have not been able to get
16 knowledge or information from other witnesses. You know,
17 one example is related to damages, the pricing of accused
18 products.
19          THE MAGISTRATE JUDGE: What is the basis of your
20 contention that you have been unable to get answers from
21 other witnesses?
22          MS. KORDZIEL: So far, based on the deposition
23 testimony, we still are lacking information relating to,
24 for example, you know, pricing of accused products. I
25 think one example we cited in our brief was the free on

1  board, how is that pricing set, and that's, you know,
2  directly related to damages.
3           THE MAGISTRATE JUDGE:  What is the basis of your
4  contention that the deponent was unable to provide the
5  information but Mr. Zee has it or would be able to provide
6  it?  In other words, how are you making the leap from the
7  inability of the deponent to provide it, to the ability of
8  Mr. Zee to provide it?
9           MS. KORDZIEL:  Well, Intex is not a big company.
10 It has maybe approximately a hundred employees, according
11 to I think a Dun & Bradstreet report.  As the president,
12 Mr. Zee is involved in the management and administration of
13 the company.  He plays a role in design and development.
14 He's involved in setting prices for the company, company's
15 products, and -- so he's very much involved in this small
16 company.
17          THE MAGISTRATE JUDGE:  And to what extent have
18 you sought to obtain this information, the information to
19 which you've just referred, through a 30(b)(6) deposition?
20          MS. KORDZIEL:  We already have, for example, on,
21 you know, product design, development and manufacture.
22 We'd stated in our briefs we had taken the 30(b)(6)
23 deposition, and we were unable to get answers to some of
24 our questions there.
25          As for the setting --

1              THE MAGISTRATE JUDGE: What do you mean, "unable
2    to get answers"?
3              MS. KORDZIEL: I mean, some of the questions that
4    they weren't knowledgeable on. And we've cited it on
5    page 8, for example, on page 8 of our opposition.
6              THE MAGISTRATE JUDGE: To what extent have you
7    conferred regarding the need for a further -- or a need to
8    reopen the 30(b)(6) deposition so that someone with
9    knowledge would be available to answer the questions? Or,
10   put another way, why is the solution to this problem a
11   deposition of the head of the corporation?
12             MS. KORDZIEL: Because we believe he's involved
13   in all of those issues. In fact, in the Aero case, when he
14   was compelled to testify, there he did testify that, you
15   know, he was involved in setting the prices between Intex
16   and the trading company. He's also involved with the
17   decision to halt sales. They provided the affidavit of
18   Mr. Smith, but it just says that he also has the ability
19   but, you know, for example, in this case we actually don't
20   know who did it and, you know, and there is no affidavit
21   from Mr. Zee saying, you know, he has knowledge or no
22   knowledge regarding specific issues.
23             And here it's particularly important because
24   Intex is relying on advice of counsel, and even from
25   Mr. Smith's affidavit it suggests that he has had

1  conversations with Mr. Zee regarding his advice of counsel.
2  And so those decisions that the role that Mr. Zee has
3  played would be very important, especially in this case
4  where he's very closely involved in all of the various
5  issues of the company.
6          THE MAGISTRATE JUDGE: Very well, thank you,
7  Ms. Kordziel.
8          Mr. Kidde, should it be the case that a deponent
9  -- a 30(b)(6) designee, excuse me -- has been unable to
10 answer a relevant inquiry, may I assume that you are
11 prepared to confer with Ms. Kordziel regarding the
12 reopening or the continuation of the 30(b)(6) deposition so
13 that someone will be prepared to answer the relevant
14 inquiries?
15         MR. KIDDE: The issue might be, Your Honor,
16 whether or not some of the inquiries that were directed may
17 be something that is actually not something that Intex
18 Recreation would know or have information relating to.
19 They do not manufacture the products at issue here. They
20 purchase them and then sell them in the United States. So
21 questions related to design and how the things were
22 designed are not something which would be in the purview of
23 Intex Recreation Corp, because they purchase them from a
24 trading company in Hong Kong and then import them in the
25 United States and sell them.

```
 1              THE MAGISTRATE JUDGE:  Well, what is your
 2   response to Ms. Kordziel's contention that there were
 3   relevant inquiries asked at the 30(b)(6) deposition which
 4   the designee was unable to answer?
 5              MR. KIDDE:  There were such questions, Your
 6   Honor.
 7              THE MAGISTRATE JUDGE:  As to those questions, are
 8   you prepared to resume the 30(b)(6) deposition after that
 9   designee or another designee has prepared to answer the
10   questions?
11              MR. KIDDE:  I'm trying, as I stand here, Your
12   Honor, to recall the actual subject matter of those
13   questions, and again, there may be issues where none of
14   those designees would be able to answer them because they
15   don't know.  That it's not something within Intex
16   Recreation Corp's knowledge to testify to.
17              THE MAGISTRATE JUDGE:  If that proved to be the
18   case, would that not suggest that to the extent that there
19   is a relevant inquiry which only Mr. Zee could answer, then
20   the motion for protective order should be denied?
21              MR. KIDDE:  If that were the case, Your Honor,
22   but again, I'm not -- the question as to what are the
23   inquiries that Team Worldwide wishes to make at this
24   juncture it is based on, you know, the pricing, which we
25   already have testimony regarding, "This is the price we
```

1  have, this is what we sell them at," and there'll be
2  further testimony to that later this week, so I'm not sure
3  what else they could be looking for which would extend
4  beyond that.
5             THE MAGISTRATE JUDGE:  When you say "later this
6  week," do you mean at a 30(b)(6) deposition?
7             MR. KIDDE:  No, these are individual depositions
8  noticed by Team Worldwide.
9             THE MAGISTRATE JUDGE:  Have all of you
10 considered, then, whether the appropriate resolution of the
11 second motion, that is, the motion for protective order,
12 might be that it would be denied without prejudice at this
13 time and renewed only if it develops that the answers to
14 the relevant inquiries cannot be given by the witnesses who
15 will be deposed this week.
16            MR. KIDDE:  I certainly couldn't oppose that,
17 Your Honor.
18            THE MAGISTRATE JUDGE:  Ms. Kordziel?  Would the
19 two of you like to take a moment and confer regarding that
20 issue?
21            MR. KIDDE:  If I may interject, Your Honor.  It
22 may be that Mr. Glitzenstein, who is the one who'll be
23 taking those depositions, who is not here today, would be
24 probably the better one to answer that question.  I don't
25 mean to step in like that, but --

```
 1           THE MAGISTRATE JUDGE:  Well, let me suggest the
 2   following.  Since it appears that you, Mr. Kidde, concede
 3   that there were questions that some of the deponents were
 4   unable to answer, and since it is the case that other
 5   depositions are scheduled for later this week and we do not
 6   know yet whether those deponents will have knowledge
 7   sufficient to allow them to answer the questions which have
 8   not yet been answered, it may be that the appropriate
 9   resolution of the motion for protective order is that it
10   would be denied without prejudice.
11           MR. KIDDE:  The only thing, Your Honor, they have
12   noticed the deposition of Mr. Zee, and we have a question
13   as to whether, if we have to renew it, we'll be obviously
14   running into time issues.  I'm not sure how to resolve this
15   one.
16           THE MAGISTRATE JUDGE:  That's why I suggested the
17   parties might wish to take an opportunity to confer.  I
18   believe that both sides have acknowledged that a deposition
19   in this circumstance, or of an official, a representative
20   of this type, is not customary, but that it might be
21   allowed in certain circumstances.  The practical difficulty
22   is we don't know yet whether any of those circumstances
23   will in fact develop.
24           MR. KIDDE:  Well, Your Honor, we could -- rather
25   than denying without prejudice, if you'd perhaps take it
```

 1   under submission, then Mr. Glitzenstein and I could speak
 2   when I meet with him, probably Wednesday morning, and
 3   perhaps get back to the Court at that time.  I don't know
 4   if that really gets us far, but -- I'm tap dancing on sand
 5   right now.
 6              THE MAGISTRATE JUDGE:  Are you prepared,
 7   Mr. Kidde, to withdraw the motion at this time with the
 8   understanding that should you and other counsel not be able
 9   to resolve the matter, that you will renew the request
10   then?
11              MR. KIDDE:  And we would take -- yes, if we renew
12   the request, the Court has already heard argument, it can
13   make its decision based on that.
14              THE MAGISTRATE JUDGE:  Is that without objection,
15   Ms. Kordziel?  That is, that the motion will be withdrawn
16   at this time?
17              MS. KORDZIEL:  Certainly if counsel wants to
18   withdraw this motion, that would be fine with us.  And pick
19   it up --
20              THE MAGISTRATE JUDGE:  Very well.
21              MS. KORDZIEL:  -- I guess --
22              THE MAGISTRATE JUDGE:  As I said, my concern is
23   that perhaps we don't know yet whether any of the
24   circumstances which might warrant a deposition of Mr. Zee
25   are present, and we will not know until a few more days

```
 1  have passed.  And it would appear that since counsel are
 2  amenable to conferring during the course of the next two
 3  days or so, to see what it is that witnesses have not been
 4  able to answer and the extent to which other 30(b)(6)
 5  designees might be prepared, a ruling on this motion might
 6  well be premature.
 7          So the record will reflect that the motion
 8  bearing Docket Number 40, the emergency motion of
 9  Plaintiff for protective order, is withdrawn.  Subject, of
10  course, to the conditions that we've set forth on the
11  record.
12          MR. KIDDE:  Yes, Your Honor.  And then I will
13  confer with Mr. Glitzenstein and then --
14          THE MAGISTRATE JUDGE:  Very well.  Thank you very
15  much.
16          I believe that completes our discussion of the
17  two motions which were pending.  Is there anything further
18  in this matter this afternoon?  Mr. Kidde?
19          MR. KIDDE:  Not from me, thanks, Your Honor.
20          THE MAGISTRATE JUDGE:  Ms. Kordziel?
21          MS. KORDZIEL:  No, Your Honor.
22          THE MAGISTRATE JUDGE:  Very well.  Thank you both
23  very much.  You are aware that you have a status hearing
24  scheduled for Wednesday, I assume.
25          MR. KIDDE:  Yes, Your Honor.
```

```
 1            THE MAGISTRATE JUDGE:  Very well.  Thank you very
 2   much.  All of you have a good afternoon.
 3            MR. KIDDE:  Thank you, Your Honor.
 4            THE MAGISTRATE JUDGE:  Thank you.
 5            (Whereupon, proceedings were concluded.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
```

```
UNITED STATES OF AMERICA  )
                          ) Civil Action No. 04-1785
DISTRICT OF COLUMBIA      )
```

I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
PAUL R. CUTLER

I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
BONNIE FURLONG