# **EXHIBIT G**



## Nelson, Eric

| | |
|---|---|
| **From:** | Nelson, Eric |
| **Sent:** | Wednesday, August 09, 2006 2:47 PM |
| **To:** | 'Richard Salzman' |
| **Cc:** | Sheinfeld, Stephen |
| **Subject:** | RE: Scheduling depositions |

Rick, we have not yet heard back from all of them, but here is what I have so far in terms of tentative availability: Jones-9/7(Texas); Lavine-9/13(DC); Hindman-9/18(NY); Carter-9/21(NY); Nebe-9/22(NY); Lewis-9/25(DC). It would be helpful if you could identify the witnesses you believe you can depose in less than a full 7-hour day. I will continue to provide availability info as I receive it.--Eric

-----Original Message-----
**From:** Richard Salzman [mailto:ras@hellerhuron.com]
**Sent:** Tuesday, August 08, 2006 5:54 PM
**To:** Nelson, Eric
**Cc:** Tammany Kramer
**Subject:** RE: Scheduling depositions

Eric, any word back from your folks on deposition dates? I'd really like to lock these in before our respective calendars start to fill up for September. Please let me know, thanks.

>>> "Nelson, Eric" <ENelson@winston.com> 7/27/2006 4:57 PM >>>
Rick, I think you would agree that you are requesting an unusually large number of depositions for a straightforward nonpromotion case, especially since plaintiffs previously deposed at length four PwC partners. On the assumption you will conclude most of the examinations in substantially less than the one day of 7 hours limit, we have requested the availability in September of the persons you have listed, with two exceptions (Dennis Nally and Robert Bench).

Dennis Nally, the firm's Senior Partner and Chairman, has no discoverable information that is not readily and more appropriately obtainable from other deponents you have listed. As you know, in response to your specific requests, we have not located any communications by or to Mr. Nally relating to plaintiffs' age discrimination complaints; nor have we found any documents reflecting consideration by Mr. Nally or the Board of altering the age-60 retirement provision for partners.

Robert Bench was fully deposed over the course of two days in June 2003, immediately preceding his retirement from the firm and relocation from the DC area. No additional documents warranting a reopening of the examination have been located or produced.

Tammany mentioned to Julie and to me last month that plaintiff Murphy is prepared to produce two boxes of documents, presumably pursuant to a duty to supplement previous disclosures. We remain prepared to receive them, and to reimburse copying costs. Needless to say, we will want to depose Mr. Murphy in Case 2.

Let me know if we need to discuss any of these matters. Thanks.

