# **EXHIBIT I**

**Nelson, Eric**

| | |
|---|---|
| **From:** | Nelson, Eric |
| **Sent:** | Wednesday, August 30, 2006 2:51 PM |
| **To:** | 'Richard Salzman' |
| **Cc:** | Douglas Huron; Tammany Kramer; daver@roselayers.com; Sheinfeld, Stephen; Klusas Gasper, Julie; David L. Rose (E-mail) |
| **Subject:** | RE: Scheduling depositions |

Rick, thanks for your response to my emails of 8/9 and 8/10 advising you of the availability of witnesses you wish to depose.

As to the scheduling changes you now propose, please note that I had advised you in my 8/18 email that Hindman's availability had changed from 9/18 to 9/19. Hopefully, Dave Rose will be available on the latter date, as Mr. Hindman is not available on any later dates within the remaining fact discovery period. We will not be able to ascertain alternative dates for Lavine until next week, but my recollection is 9/28 and 9/29 are not possible. We will also inquire as to alternative dates for Lewis, but will not likely have a response until after Labor Day.

We expect to be able to schedule Shea and Nally for the first week in October (probably 10/3 and 10/4), but cannot confirm the precise dates at this point. Any date we provide for Mr. Nally will be without prejudice to our right to seek a protective order since he has no personal knowledge of any facts concerning plaintiffs' claims, and does not possess superior or unique knowledge of any facts bearing on Clackamas issues. We will need to meet and confer on this.

We will need to meet and confer on Mr. Bench, as well. Bench's deposition was taken over two days in June 2003, and completed just days prior to his retirement from PwC on June 30, 2003. Plaintiffs' counsel did not request the production of any additional documents, concerning Albright or otherwise, before taking and concluding Bench's deposition at that time.

Please advise as to the procedures you propose for a telephone deposition of Jones. We do not believe that Ms Jones possesses any discoverable information in these cases, but may be enlightened when plaintiffs complete their document productions. We assume those productions will include any and all documents concerning each of the persons on your list of proposed deponents.

Until today, we had not received any response to my repeated inquiries as to when we could expect the production of Mr. Murphy's remaining documents in each of the two cases. Having received no response to those requests, we are today serving formal document requests, which call for the production of documents plaintiffs have otherwise been under an obligation to produce pursuant to the prior orders of 2/28/03 and 1/9/06. The formal requests are not intended to further extend plaintiffs' time to produce. At this point, we ask for a representation as to whether plaintiffs have produced all documents and, if not, when plaintiffs intend to complete their production.

We assume Dave Rose will produce plaintiff Schuler's documents pursuant to the prior orders, and will advise as to Mr. Schuler's availability for deposition. If we are to proceed with depositions as contemplated, we too will require plaintiffs' documents a reasonable period of time in advance.

We will have to discuss with our client your request to relax the "attorneys' eyes only" designations re Albright and Lavine documents, but will not be in a position to do so at this point until after Labor Day. In the meantime, please provide us with versions of the documents in question, redacted to show only the content you believe necessary to disclose to your client.

We are committed to working with you to fairly and expeditiously conclude fact discovery and, hopefully, resolve

