# **EXHIBIT J**

**Nelson, Eric**

| | |
|---|---|
| **From:** | Richard Salzman [ras@hellerhuron.com] |
| **Sent:** | Thursday, August 31, 2006 6:29 PM |
| **To:** | Nelson, Eric |
| **Cc:** | Douglas Huron; Tammany Kramer; David L. Rose (E-mail); daver@roselayers.com; Klusas Gasper, Julie; Sheinfeld, Stephen |
| **Subject:** | RE: Scheduling depositions |

  Eric, thanks for your response. Your email did not mention the proposed dates for Carter and Nebe -- (9/21 and 9/22). What is the status with respect to those depositions?

  I will check with Dave about doing Hindman on the 19th, although it is difficult to understand (and you have not explained) why he is available on only one day of the roughly three week period between September 18 and October 6 that we have left to take depositions-a period that was compressed by PwC's refusal to produce documents needed for the depositions until ordered a second time to do so. As for Shea and Nally, October 3 and 4 are fine, but I think we could combine them on one day so that we have more time available to schedule some of the longer depositions.

  I am troubled by the suggestion that we will not hear back from you about other proposed dates for the remaining depositions until some unspecified time "after Labor Day." Please understand that-- while we have tried to be considerate of everyone's preferences during our extended discussions relating to depositions--we are not limited to scheduling these depositions only on days that are convenient for the witnesses. If there is a problem scheduling the remaining deponents within the time frame currently established for fact discovery, then we are amenable to an informal agreement among the parties to extend fact discovery for a short period of time (perhaps two weeks) to complete the depositions. I would imagine that the court would not object to such an arrangement among counsel, particularly since expert discovery would remain open during that period.

  In any event, it grows increasingly difficult to coordinate the schedules of busy lawyers and witnesses, and we cannot expect everyone to keep their calendars open (for example, I now have a Pretrial Conference scheduled for September 20, so that date is off the table). Accordingly, please provide me with firm dates by September 5, for all of the remaining depositions. If that is not possible, then we will simply notice the depositions within the current schedule.

  I am happy to discuss further the depositions of Jones, Bench and Nally if you would like, but I do not intend to provide you with specific information (in advance of the depositions) of the questions that I intend to ask them. Bench was Mr. Murphy's supervisor up through mid 2003, and clearly has discoverable information. I have already informed you that our inquiries to Nally will focus primarily on Clackamas related issues, and on the retirement policy. Jones possesses discoverable information about the candidates for partnership within FSI. We do not believe that there is any reasonable basis for you to move for a protective order to preclude those depositions, as each deponent clearly has discoverable information. Moreover, the fact that Mr. Bench's deposition was taken earlier is clearly not dispositive; indeed, you have notified us that you intend to retake Mr. Murphy's deposition, even though you already have deposed him for more than 20 hours over five separate days.

  Similarly, we cannot agree to provide you advance notice of the documents that we intend to use in Messrs. Albright's and Lavine's depositions, as that information is clearly work product. It is our belief that the primary justification for the "attorneys eyes only" restriction has gone away with Mr.

