1

```
 1              UNITED STATES DISTRICT COURT
 2                 DISTRICT OF COLUMBIA
 3   - - - - - - - - - - - - - - - - - - -x
 4   C. WESTBROOK MURPHY,                  :
 5        and                              :
 6   HAROLD SCHULER,                       :
 7             Plaintiffs,                 :
 8             vs.                         :  CASE NUMBER
 9   PRICEWATERHOUSECOOPERS, LLP, et al.,  :  1:02CV00982
10             Defendants.                 :
11   - - - - - - - - - - - - - - - - - - -x
12                                  Washington, D.C.
13                                  Wednesday, May 28, 2003
14        Deposition of HAROLD DOUGLAS SCHULER, a
15   witness herein, called for examination by counsel
16   for Defendants in the above-entitled matter,
17   pursuant to notice, the witness being duly sworn by
18   KAREN YOUNG, a Notary Public in and for the District
19   of Columbia, taken at the offices of Winston &
20   Strawn, 1400 L Street, N.W., Washington, D.C., at
21   10:30 a.m. on Wednesday, May 28, 2003, and the
22   proceedings being taken down by Stenotype by KAREN
23   YOUNG, and transcribed under her direction.
24
25
```

```
 1   APPEARANCES:
 2        On Behalf of the Plaintiffs:
 3             DAVID L. ROSE, ESQ.
 4             Rose & Rose, P.C.
 5             1320 19th Street, N.W., Suite 601
 6             Washington, D.C. 20036
 7             (202) 331-8555
 8
 9        On Behalf of the Defendants:
10             ERIC M. NELSON, ESQ.
11             STEPHEN L. SHEINFELD, ESQ.
12             Winston & Strawn
13             200 Park Avenue
14             New York, NY 10166-4193
15             (212) 294-2646
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                    C O N T E N T S
 3   THE WITNESS:
 4   HAROLD DOUGLAS SCHULER
 5        By Mr. Nelson ..................... 4
 6
 7
 8
 9
10
11
12        Confidential portion ............ 153
13
14
15
16
17                    E X H I B I T S
18   DEFENDANTS' EXHIBIT NO.                    PAGE NO.
19   40    Discrimination Complaint, D.C. Office ... 168
20         of Human Rights
21   41    Information for Mr. Schuler's  .......... 179
22         employment, 8/5/88
23   42    Macy letter to Schuler, 9/3/88 .......... 185
24
25                         - - -
```

```
 1                  P R O C E E D I N G S
 2    Whereupon,
 3              HAROLD DOUGLAS SCHULER,
 4              residing at 1521 Crowell Road, Vienna,
 5              Virginia, called for
 6              examination by counsel for
 7              Defendants and having been duly
 8              sworn by the Notary Public, was examined
 9              and testified as follows:
10                          -  -  -
11         EXAMINATION BY COUNSEL FOR DEFENDANTS
12              BY MR. NELSON:
13         Q.   Would you state your full name?
14         A.   Harold Douglas Schuler, S-C-H-U-L-E-R.
15         Q.   And what is your residence address?
16         A.   1521 Crowell Road, C-R-O-W-E-L-L.
17         Q.   And how long have you -- Crowell Road --
18    where is that?
19         A.   It's in Vienna, Virginia.
20         Q.   And how long have you resided at that
21    address?
22         A.   Nineteen years.
23         Q.   What is your date of birth?
24         A.   10/21/44.
25         Q.   Have you ever testified under oath?
```

1   the ABAS practice, which is audit or attest and bank
2   advisory services, so we work very closely with the
3   audit staff.
4       Q.   How long have you been in your present
5   position at PwC?
6       A.   You mean with my present title?
7       Q.   Your present position, whatever the title
8   is.
9       A.   I've been there since October 1 of '88.
10      Q.   What is your present title?
11      A.   Managing director.
12      Q.   And how long have you had that title?
13      A.   Since '94.
14      Q.   And at what point if you don't get
15  promoted do you understand that you're going to be
16  asked to leave the firm?
17      A.   I think where I am now, I don't think it's
18  so much that I wouldn't be promoted, because the
19  title that I am at and the title that I would next
20  have were I to be promoted to anything other than
21  partner have been abolished, so I guess it doesn't
22  apply to me anymore I'm hoping.  There's no place to
23  promote me to other than partner.
24      Q.   So in your position as managing director,
25  you're not affected by -- directly by an up-or-out

```
 1   least I've heard of that.  I don't have any physical
 2   evidence of it, but I was told that.
 3        Q.   In your case, would you have expected that
 4   anyone other than Mr. Bench would initiate the
 5   partnership consideration process on your behalf?
 6        A.   No, not particularly.  I mean, I think it
 7   was -- it would have been up to him to do it and
 8   that's what I expected to happen.  I suppose along
 9   the way, had somebody else been my assigned
10   evaluator or had Vicki Wilson been my assigned
11   evaluator longer, she may have done that.  I don't
12   know.  She voted for me.  I know that.
13        Q.   But what about Mr. Lewis?
14        A.   Presumably he would have as well.  He
15   voted yes for me, so I don't think the statement is
16   correct that your immediate supervisor has to be the
17   one.
18        Q.   Is the subject of promotion an issue that
19   is discussed as part of the formal performance
20   evaluation process at PwC?
21        A.   Yes.  It's not necessarily discussed.
22   There's a form, there's a line on the form that asks
23   for potential for promotion.
24             MR. ROSE:  By the form, did you say
25   evaluation form?
```