jw

JW

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
C. WESTBROOK MURPHY,          :
                              :
        Plaintiff,            :
                              :
    vs.                       :   CV 02-982
                              :
PRICE WATERHOUSE COOPERS,     :
                              :
        Defendant.            :
                              :
- - - - - - - - - - - - - - - x

Washington, D. C.
April 12, 2004
2:10 p.m.

Transcript of Motion Hearing
Before the Honorable Richard J. Leon
United States District Judge

APPEARANCES:

For the Plaintiff:      DAVID ROSE, ESQ.
                        DAVID WACHTEL, ESQ.

For the Defendant:      ERIC NELSON, ESQ.
                        STEPHEN SHEINFELD, ESQ.

Court Reporter:         JACQUELINE L. WOOD
                        Miller Reporting Company
                        735 8th Street, S.E.
                        Washington, D.C. 20003
                        (202) 546-6666

1              THE COURT: It would be really preferable
2    if you would let me finish the question.
3              MR. ROSE: I will try to do that, Your
4    Honor. I'm sorry.
5              THE COURT: What is the specific language
6    in the partnership agreement which, in your
7    judgment, is discriminatory against your client on
8    an age basis?
9              MR. ROSE: It's not discriminatory in its
10   terms against my client.
11             THE COURT: Thank you. So this is as Mr.
12   Nelson suggested, a disparate impact case.
13             MR. ROSE: On the contrary, Your Honor.
14             THE COURT: One step at a time. I am not
15   as conversant as either of you in this area, and it
16   would be very prudent to take a step back and
17   appreciate that. You do this kind of stuff every
18   day. This court has 300 cases. This is one of
19   them and I don't do this every day. So it would be
20   really helpful if you would listen to my questions,
21   because the object here is to help me understand
22   your position so that I can decide whether it has
23   merit.
24             Why isn't this a disparate impact case
25   then?

1          MR. ROSE:  The question of what's a
2  disparate impact case was considered in one of the
3  cases we cited called Johnson Controls.  It's a
4  1991 decision of the Supreme Court that involved a
5  situation in women.  The employer would not hire
6  women who were of child bearing age because of
7  possible injury to the fetus during pregnancy.  The
8  Supreme Court analyzed it and said that the conduct
9  of the employer could not be just disparate impact.
10         There was an explicitly sex based policy
11 there because it treated women of child bearing age
12 different than men of child bearing age.
13         Therefore, because there was a writing,
14 the court said that the intent of the employer to
15 treat people differently because of age is set
16 forth in the writing.  And for that reason it is
17 facially, they use the category facially
18 discriminatory.  And that's what we have here.  It
19 is a facially discriminatory policy which, as
20 applied, bars people from promotion based on their
21 age.
22         THE COURT:  You're arguing with that as
23 the effect of it.
24         MR. ROSE:  Yes.
25         THE COURT:  The language on the face of

1  it, as I understand it by your description, does
2  not in any way deal with who is eligible for
3  promotion.
4          MR. ROSE:  That's correct.
5          THE COURT:  It's a partnership agreement
6  that's binding on the partners.  It does not, as I
7  understand it based on your description and Mr.
8  Nelson's description, it does not in any way
9  address who is or isn't eligible to be promoted.
10         What you're contending in this Court is
11 that the effect of the impact of this partnership
12 agreement in some way spills over legally to the
13 promotional process.
14         MR. ROSE:  That's correct, Your Honor.
15         THE COURT:  We're on the same page.
16         MR. ROSE:  Let me quote from the Supreme
17 Court to tell you what the Supreme Court said about
18 this.  This is UAW vs. Johnson Controls.  It says,
19 an employer's implementation of such a facially
20 discriminatory policy is, quote, direct evidence of
21 purposeful discrimination.
22         THE COURT:  I think you said that in that
23 case the policy was facially discriminatory.
24         MR. ROSE:  It was in the sense that it was
25 explicitly based on gender, sex.

1          THE COURT: We don't have that here.
2          MR. ROSE: We have it based on age. The
3   Supreme Court in TWA vs. Thurston, a case that I've
4   cited before, 469 U.S. 111 at 121, and quoted
5   Hishon by the way, and said that the same is true
6   under the Age Act. The same policies and coverage.
7   The language is substantially the same except age
8   is the only category prohibited whereas race, sex,
9   and national origin are prohibited by Title 7.
10          So the plaintiffs have not asserted.
11   Disparate impact is on a neutral sounding policy
12   that does not mention age or sex.
13          THE COURT: Isn't it neutral to the extent
14   that anyone who is a partner who is age 60,
15   regardless of whether they are male or female,
16   minority or not minority, as long as they are 60
17   years old and a partner they are required to
18   retire. It's neutral in that respect.
19          MR. ROSE: Yes. It's not discriminatory
20   in its impact based on race, sex or national
21   origin. But it is discriminatory on the basis of
22   age.
23          THE COURT: Who but a partner, which you
24   don't represent, who but a partner would have
25   standing to challenge the impact on another partner

1  of a requirement in a partnership agreement that at
2  the age of 60 you've got to retire?
3       It would just seem to reason that you
4  can't challenge that directly. The most you could
5  challenge is the indirect effect it can have on the
6  hiring processes of non-partners.
7       MR. ROSE: The promotion policy policies
8  of non-partners, Your Honor. Yes.
9       THE COURT: Is there a specific promotion
10 policy in writing?
11      MR. ROSE: Not in writing.
12      THE COURT: Is there anywhere in writing
13 relating to promotions a ceiling with regard to the
14 age of a person being considered?
15      MR. ROSE: No writings.
16      THE COURT: So what we're left with, as I
17 understand it, is trying to figure out to what
18 extent a partnership provision that is exclusively
19 binding on partners, how that indirectly impacts
20 the promotional processes at this company.
21      MR. ROSE: Let me respond to that if I
22 may. It impacts on partners of the partnership
23 agreement by its terms. It obliges all partners to
24 follow its terms. And the promotion process is
25 started by a partner. It cannot be started by the